IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | |
| ) | Case No. 25-184-ELG |
| Swain Landing LaPlata JC, LLC ) | United States Bankruptcy Court |
| ) | for the District of Columbia |
| Debtor. ) | |
| ) | |
| ) | Case No. 25-00159 |
| Claudia Engelhorn, *et al.* ) | United States Bankruptcy Court |
| ) | for the District of Maryland |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. C-24-CV-24-002631 |
| ) | Circuit Court for Baltimore City, |
| Erik D. Bolog, *et al.* ) | Maryland |
| ) | |
| Defendants ) | |

## NOTICE OF REMOVAL

Comes now Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor"), by and through undersigned proposed counsel, pursuant to Sections 1334 and 1452 of Title 28 of the United States Code and Federal Rule of Bankruptcy Procedure 9027, and hereby gives notice of the removal of the above-captioned matter from the Circuit Court for Baltimore City, Maryland to the United States District Court for the District of Maryland (which, pursuant to Local Rule 402 of that court, results in referral of the matter to the United States Bankruptcy Court for the District of Maryland), and in support thereof notes as follows:

1. This is a multiparty lawsuit in which, pertinently, Claudia Engelhorn ("Ms. Engelhorn"), acting in her capacity as trustee of the Whitewater Revocable Trust Dated September 30, 2021 (the "Trust") and White Pearl, LLC ("White Pearl") are suing, *inter alia*, the Debtor for (i) imposition of a constructive trust comprised of $585,000.00 or, in the alternative, disgorgement of a comparable sum of money; (ii) dissolution and liquidation of Swain Landing; (iii) appointment

1

of a receiver over the assets of Swain Landing; and (iv) other, unspecified relief, arising under common law.

2. The plaintiffs' claims against the Debtor stem from an investment, by White Pearl, in the Debtor, for which White Pearl was given a membership interest in the Debtor. The plaintiffs appear to contend the subject investment—for reasons that the Debtor vehemently disputes—to have been the byproduct of inequitable and/or wrongful behavior and, accordingly, to now invite litigious recourse.

3. On May 15, 2025, Swain Landing filed a petition for chapter 11 protection, pursuant to the allowances of Section 301 of Title 11 of the United States Code, thereby commencing case number 25-184-ELG in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Case").

4. The Bankruptcy Case is driven by facts and events unrelated to this litigation, being centered on an effort to avoid the recission of a land sale contract that, in turn, resulted in the Debtor losing its sole asset less than 90 days before the Bankruptcy Case was commenced.

5. The Bankruptcy Case does, however, require Swain Landing to fashion and confirm a plan of reorganization through which the claims of creditors will be liquidated and paid, with the claim of White Pearl being the second largest known claim against the Debtor's estate (albeit with the largest claim being both contingent and disputed for myriad reasons unrelated to this adversary proceeding).

6. Adjudication of the claims of White Pearl and Ms. Engelhorn will bear directly on the administration of the Debtor's estate, insofar as resolution of the claims will both (i) determine the amount, *vel non*, of White Pearl's allowed unsecured claim against the Debtor's estate; and (ii) impact whether White Pearl is permitted to emerge from bankruptcy as a reorganized entity or,

Case 25-10044-ELG    Doc 1    Filed 09/24/25    Entered 09/24/25 12:05:36    Desc Main
Document      Page 3 of 4

rather, must suffer the fate of dissolution. The claims are thusly core in nature. 28 U.S.C. § 157(b)(2)(A).

7. The claim of White Pearl against the Debtor must be adjudicated as a claim against the Debtor's estate. That claim is thusly also core in nature. 28 U.S.C. § 157(b)(2)(B).

8. The claims of White Pearl and Ms. Engelhorn also impact the adjustment of the debtor/creditor relationship, especially insofar as the putative claim of White Pearl is the second largest such claim against the Debtor's estate. The claims are thusly further core in nature. 28 U.S.C. § 157(b)(2)(O).

9. Insofar as these claims against the Debtor render this a core proceeding, jurisdiction over this case is properly vested in the District Court and, by virtue of standing referral, this Honorable Court. 28 U.S.C. § 1334(a).

10. Insofar as the claims against the Debtor's co-defendants are related to the claims against the Debtor, jurisdiction over this case is further properly vested in the District Court and, by virtue of standing referral, this Honorable Court. 28 U.S.C. § 1334(b).

11. The Debtor consents to the entry of final orders and judgments by this Honorable Court or, should this matter be transferred to the United States Bankruptcy Court for the District of Columbia, to the entry of such final orders and judgments by that Honorable Court.

*[Signature on Following Page]*

Respectfully submitted,

Dated: June 10, 2025

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: 301-444-4600
Facsimile: 301-444-4600
E-mail: mac@mbvesq.com
Client Protection Fund ID: 0912170262
*Proposed Chapter 11 Counsel for Swain Landing LaPlata JC, LLC, Debtor-in-Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June, 2025, a copy of the foregoing was served electronically upon filing via the MDEC system, thereby generating notices to all other parties in the state court litigation and satisfying the service and filing rigors of Federal Rule of Bankruptcy Procedure 9027(b).

/s/ Maurice B. VerStandig
Maurice B. VerStandig