# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | |
| ) | Case No. 25-184-ELG |
| Swain Landing LaPlata JC, LLC ) | United States Bankruptcy Court |
| ) | for the District of Columbia |
| Debtor. ) | |
| _____) | |
| ) | |
| Claudia Engelhorn, *et al.* ) | Case No. 25-00159 |
| ) | United States Bankruptcy Court |
| Plaintiffs, ) | for the District of Maryland |
| ) | |
| v. ) | Case No. C-24-CV-24-002631 |
| ) | Circuit Court for Baltimore City, |
| Erik D. Bolog, *et al.* ) | Maryland |
| ) | |
| Defendants ) | |
| _____) | |

## MOTION TO TRANSFER VENUE

Comes now Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor"), by and through undersigned proposed counsel, pursuant to Section 1412 of Title 28 of the United States Code and Federal Rule of Bankruptcy Procedure 7087, and moves to transfer this case to the United States District Court for the District of Columbia (which, by virtue of Local Rule DCt.LBR 5011-1 of that Honorable Court, will result in the referral of this case to the United States Bankruptcy Court for the District of Columbia), and in support thereof states as follows:

**I.    Introduction**

This is a relatively straightforward motion that simply seeks to unite the Debtor's main bankruptcy case with this adversary proceeding that asserts claims against the Debtor. The above-captioned case has been removed to this Honorable Court pursuant to the strictures of Section 1452(a) of Title 28 of the United States Code, since the underlying state court litigation was pending in Maryland. The Debtor's bankruptcy case, however, is pending in a neighboring judicial

1

district. Given the manifest synergy, scale and economy of permitting a claim against the Debtor to be adjudicated in the court charged with overseeing the Debtor's reorganization, it is wholly sensible to transfer this case to that court.

Indeed, a transfer of venue—especially where, as here, such is to a court within driving distance—is facially logical. Not only will such promote efficiency by allowing the same court to preside over the Debtor's chapter 11 case and this adversary proceeding (which is core to the bankruptcy proceeding in both the legal and lay sense of the term) but, equally, denying transfer would risk palpable inefficiencies and undue complications. To be sure, it is not that Swain Landing suffers any dislike for this Honorable Court or even vaguely doubts the assuredness of a proper adjudication of the dispute in this forum; it is, rather, merely that Swain Landing—already a debtor in bankruptcy—can conceive of no upside in constantly shuffling between two courts as part of its reorganizational efforts, especially with the enhanced legal fees that would be symptomatic of such constant shifting between venues. The removal of this litigation is intended to facilitate the consolidation of all matters related to the Debtor's reorganization in one court; transferring venue to the District of Columbia will ensure such is carried out in a maximally efficient manner.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged this matter be transferred to the District of Columbia.

**II.    Standard**

Title 28 of the United States Code permits, *inter alia*, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The Federal Rules of Bankruptcy Procedure, in turn, allow that "[o]n motion and after a hearing, the court may transfer an adversary proceeding,

2

or any part of it, to another district under 28 U.S.C. § 1412—except as provided in Rule 7019(b)." Fed. R. Bankr. P. 7087.

### III. Argument: Transfer is Proper

Self-evidently, it is sensible for a bankruptcy case, and an adversary proceeding adjudicating core matters within that bankruptcy case, to be heard in a single court. And where, as here, affording such unification of cases will invite only a short ride via car or train, there is a generalized absence of compelling rationale to deny a transfer of venue.

Axiomatically, "[t]he proper venue for a civil action related to a bankruptcy is presumptively the bankruptcy court where the main bankruptcy case is pending." *Milligan v. Hetra Comput. Commc'n Indus. (In re JWP, Inc.)*, 1994 Bankr. LEXIS 1144, *6 (Bankr. M.D. Fla. 1994) (citing *Nixon Machinery Co. v. Roy Energy, Inc. (In re Nixon Machinery Co.)*, 27 B.R. 871, 873 (Bankr. E. D. Tenn. 1983); *Kotlicky v. Belford*, 64 B.R. 679, 680-81 (N.D. Ill. 1986)).

As observed by a neighboring court within the Fourth Circuit, a disjunctive, seven prong test controls the transfer of adversary proceedings:

> "economics of estate administration, presumption in favor of the 'home court'; judicial efficiency; the ability to receive a fair trial; the state's interest in having local controversies decided within its borders, by those most familiar with its laws; the enforceability of any judgment rendered; and the plaintiffs original choice of forum."

*Naatz v. Alderman (In re Alderman)*, 2008 Bankr. LEXIS 916, at *9 (Bankr. E.D. Va. Mar. 24, 2008) (quoting *Nurses Onsite Corp. v. Murphy (In re Nurses Onsite Corp.)*, 2007 Bankr. LEXIS 1988 (Bankr. E.D.Va. June 7, 2007)).

Further, "many courts presume that the proper venue for a proceeding related to a bankruptcy case is in the district hearing the bankruptcy case." *Schmid Pipeline Constr., Inc. v. Columbia Gas Transmission, LLC*, 2019 U.S. Dist. LEXIS 229828, at *10 (N.D. W. Va. Oct. 21, 2019) (citing *Sudbury, Inc. v. Dlott (In re Sudbury)*, 149 B.R. 489, 493 (Bankr. N.D. Ohio 1993);

3

*Nixon Mach. Co.*, 27 B.R. at 873; *Blanton v. IMN Financial Corp.*, 260 B.R. 257, 267 (M.D. N.C. 2001)).

Here, the economics of estate administration and judicial efficiency both assuredly favor a transfer of venue. Permitting the adversary proceeding and related main case to be conducted in the same court will afford occasion for overlapping status conferences, will allow matters to be set on the same docket even if heard separately, and will maximize judicial familiarity with all aspects of the related matters. This is, to a significant degree, why bankruptcy courts hear adversary proceedings in the first instance; the innate efficiencies of such can scantly be overstated.

Similarly, a presumption in favor of the "home court" necessarily also favors a transfer of venue. Swain Landing is seeking to reorganize in the District of Columbia and, for so long as the chapter 11 case may be pending (and, potentially, through the life of a Subchapter V plan, if not consensually confirmed), that court will very much be the Debtor's "home." It is to that court that Swain Landing must report monthly, it is in that court that Swain Landing will provide periodic status reports, it is in that court that contested matters will be heard, and it is in that court that all matters related to Swain Landing's chapter 11 plan will be heard and adjudicated.

Vis a vis the ability to receive a fair trial, the Debtor cannot fathom such would be in any way jeopardized in the District of Columbia. Suffice it to posit, that neighboring court is well esteemed in nature and every bit as capable as this Honorable Court to afford all the trappings of due process and a fair trial.

To whatever extent the State of Maryland has some interest in this case being heard within the Old Line State's borders, such would favor a denial of this motion. Yet, quite genuinely, it is difficult to see any such interest being extant in nature. *Naatz* speaks to local courts having familiarity with local laws, yet the United States Bankruptcy Court for the District of Columbia—

4

by geographic necessity—is assuredly rather familiar with the laws of not only its eponymous territory but, too, both Maryland and Virginia. Indeed, the District of Columbia is, by spatial measure, far and away the smallest judicial circuit in the United Stated; that disputes subsumed within border state laws regularly find their way into that venue is neither surprising nor troubling. Moreover, for rather intentional and unique historical reasons, the laws of the District of Columbia and Maryland are, not coincidentally, very often identical in nature. *See, e.g.*, *Douglas v. Lyles*, 841 A.2d 1, 5 n.5 (D.C. 2004) ("The common law of the District of Columbia includes all common law in force in Maryland in 1801. Thus, a Maryland Court of Appeals decision expounding the common law of that state is 'an especially persuasive authority when the District's common law is silent.'") (citing D.C. Code § 45-401; quoting *Forrest v. Verizon Communications, Inc.*, 805 A.2d 1007, 1012 n.12 (D.C. 2002) (quoting *Napoleon v. Heard*, 455 A.2d 901, 903 (D.C. 1983))).

In terms of the enforceability of a judgment, such does not appear to meaningfully weigh on this motion—there is no dispute but that a judgment from either court would be enforceable in either jurisdiction. It does merit mention, however, that enforcement will be somewhat logistically simpler if a judgment is entered by the bankruptcy court hearing the Debtor's chapter 11 case, even if only because the formalities of domestication may be then avoided.

The final prong is the plaintiff's original choice of forum. No doubt, the plaintiffs here elected to bring suit in Baltimore City and there is no utility in urging such somehow favors a transfer of venue. However, given that this case has now been removed, it does merit notation that this prong is something of a false inquiry unto itself: the "original forum" was a state court, and such forum is no longer an available option.

Taken together, these criteria strongly favor a transfer of venue—especially given the strong presumption in favor of adversary proceedings being heard in the same court that is

5

administrating an underlying bankruptcy case. Efficiency is well promoted by such a transfer and no apparent detriments will emanate from a transfer. If parties were being asked to board planes or travel great distances, additional complications may cloud the analysis *sub judice*. Yet in a geographic context where the route from one courthouse to the other is literally a parkway named for both cities, it is difficult to feign any hardship correlative to following the meaningful presumption in favor of a related adversary proceeding being heard alongside an underlying bankruptcy proceeding.

**IV.     Conclusion**

WHEREFORE, Swain Landing respectfully prays this Honorable Court (i) transfer the instant adversary proceeding to the United States District Court for the District of Columbia, to be referred to the United States Bankruptcy Court for the District of Columbia by operation of applicable local rule; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 10, 2025              By: /s/ Maurice B. VerStandig
　　　　　　　　　　　　　　　　　Maurice B. VerStandig, Esq.
　　　　　　　　　　　　　　　　　Bar No. 18071
　　　　　　　　　　　　　　　　　The VerStandig Law Firm, LLC
　　　　　　　　　　　　　　　　　9812 Falls Road, #114-160
　　　　　　　　　　　　　　　　　Potomac, Maryland 20854
　　　　　　　　　　　　　　　　　Phone: 301-444-4600
　　　　　　　　　　　　　　　　　Facsimile: 301-444-4600
　　　　　　　　　　　　　　　　　E-mail: mac@mbvesq.com
　　　　　　　　　　　　　　　　　*Proposed Chapter 11 Counsel for Swain Landing LaPlata JC, LLC, Debtor-in-Possession*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of June, 2025, a copy of the foregoing was served electronically upon filing via this Honorable Court's CM-ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig
