# UNITED STATES BANKRUPTCY COURT FOR THE
# DISTRICT OF MARYLAND
# Baltimore Division

|  |  |  |
|---|---|---|
| *Claudia Engelhorn, et al.* | * | Case No.: 25-00159 |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| v. | * | Case No.: C-24-CV-002631 |
| | * | Circuit Court for Baltimore City, |
| *Erik D. Bolog, et al.* | * | Maryland |
| | * | |
| | * | Related to Docket Nos. 3 and |
| **Defendants** | * | |

*************************************************************************

## EXPEDITED MOTION BY PLAINTIFFS/COUNTER-DEFENDANTS FOR EXTENSION OF TIME TO OPPOSE MOTION TO RECONSIDER AND MOTION TO TRANSFER VENUE (DOCKET NO. 3) PURSUANT TO LOCAL RULE 9006-2

Plaintiffs and Counter-Defendants, Claudia Engelhorn, Individually and on behalf of the Whitewater Revocable Trust, and White Pearl, LLC (collectively "Movants"), file this expedited motion pursuant to local rule of bankruptcy procedure 9006-2 to extend the deadlines, to the extent applicable, to file an opposition to the Bolog Defendants' Motion to Reconsider Order Denying their Petition for an Order Compelling Arbitration and Staying Proceedings (the "Reconsideration Motion"), and the Debtor's Motion to Transfer Venue (Docket No. 3) ( "Venue Transfer Motion"), to a date that is at least fourteen (14) days after the Court determines whether to dismiss, abstain from hearing, or remand this Adversary Proceeding, which Movants understand may be addressed during the status conference scheduled by this Court for July 17, 2025 and in support thereof respectfully state as follows:

## BACKGROUND

1. On September 10, 2024, Movants filed a complaint in the Circuit Court for Baltimore County, Maryland (the "Circuit Court"), and designated as case number C-24-CV-002631 (the "Circuit Court Action").

2. The Circuit Court Action stems primarily from the conduct of Erik D. Bolog ("Mr. Bolog"), who was Claudia Engelhorn's former attorney, trustee, confidant, advisor, and friend. It is alleged that while Mr. Bolog was employed by Whiteford, Taylor & Preston, LLP ("WTP") and acting within the course and scope of his employment with WTP, and with the aid of his friends, engaged in multiple instances of intentional misconduct wherein he used the Plaintiffs' assets to enrich himself, his business ventures, enrich his friends, and billed the Plaintiffs for his and other WTP employees' time and expenses while doing so. Once Mr. Bolog's misconduct was highlighted for WTP's management, they conducted an investigation into Mr. Bolog's actions, uncovered misconduct, and terminated him.

3. It is alleged that Mr. Bolog's misconduct can be delineated into subcategories: (1) a Fraudulent $10 Million "Gift" to the JAREB Irrevocable Trust ; (2) embezzlement to save Mr. Bolog and Michael Postal ("Mr. Postal")'s investment in the Science Park Property; (3) fraud and embezzlement into Mr. Bolog's company, Darnestown Road, Inc.; and (4) embezzlement and fraud related to the Debtor, Swain Landing LaPlata JC, LLC. Hereinafter, Mr. Bolog, individually, and as Trustee of the JAREB Irrevocable Trust, Science Park Associates, LLC, and Darnestown Road, Inc., shall be referred to as "Bolog Defendants."

4. The Circuit Court Action has been active and has included, among other things, a demand by Defendants to compel arbitration, which was denied by the Circuit Court. A copy of

the Circuit Court docket, which evidences activity in the Circuit Court Action, is attached hereto as **Exhibit 1.**

5. Among the Defendants in the Circuit Court Action, although not a party to the Reconsideration Motion, is the Debtor, Swain Landing LLC, a Maryland LLC ("Swain Landing"). Based upon information and belief, Swain Landing asserts as its principal asset an ownership interest in certain real property. Based upon further information and belief, Swain Landing does not engage in commercial business activity.

6. In the Circuit Court Action, Plaintiffs successfully overcame motions to dismiss filed by certain Defendants. Plaintiffs also overcame multiple petitions to compel arbitration.

7. In the early spring of 2025, certain Defendants failed to respond to Plaintiffs' discovery requests, and the Court granted a Motion to Compel their discovery responses and document production.

8. On March 24, 2025, Mr. Bolog, Science Park, and Darnestown filed a Counterclaim against Claudia Engelhorn, individually, and as Trustee of the Whitewater Revocable Trust Dated September 30, 2021. On April 22, 2025, Counter-Defendants filed a Motion to Dismiss the Counterclaim. Finally, Plaintiffs filed a motion for sanctions against the Bolog Defendants for their failure to comply with the Court's order compelling production of discovery materials on May 23, 2025.

9. On May 15, 2025, Swain Landing filed a petition for bankruptcy protection in the United States Bankruptcy Court for the District of Columbia under subchapter V of title 11 of the United States Code (the "Bankruptcy Code"), which is pending in the United States Bankruptcy Court for the District of Columbia (the "DC Bankruptcy Court") under case number 25-184-ELG (the "DC Bankruptcy Case").

10. On June 9, 2024, the Bolog Defendants (which does not include Swain Landing) filed a motion for reconsideration of the Circuit Court's June 4, 2025, order denying their request to compel arbitration. Under the Maryland Rules, Plaintiffs' opposition normally would be due on June 24, 2025, and under the Federal Rules, such a response would be due June 23, 2025. *See* Md. Rule 2-311(b) and D. Md. Bankr R. 9006-1(a). Given this interceding adversary proceeding (the "Adversary Proceeding"), it is unclear whether those deadlines remain in place.

11. On June 10, 2025, only Swain Landing, LLC filed this Adversary Proceeding. Based upon the pleadings filed in connection therewith, the goal of the Adversary Proceeding was to first obtain removal of the Circuit Court Action to this Court and to transfer it to the DC Bankruptcy Court.

12. The Civil Action was scheduled to proceed to a motions hearing on Counter-Defendants' Motion to Dismiss the Counterclaim on June 11, 2025, but the Debtor filed its Notice of Removal on June 10, 2025, and the hearing was cancelled. Neither Swain nor the other Defendants have sought or otherwise scheduled a response or hearing date for the Venue Transfer Motion or the Reconsideration Motion. Moreover, neither Bankruptcy Rule 7087 nor the local Bankruptcy Rules for the District of Maryland sets a deadline for responses to a motion to transfer venue. However, the default rule for most motions in adversary proceedings is 14 days, which in this case would be June 24, 2025.

13. The undersigned attorneys have contacted counsel for Swain Landing and the Bolog Defendants to obtain an extension of time to respond to the Reconsideration Motion and Venue Motion. Thus far, no response to the request has been provided, thus necessitating this Motion.

4

**RELIEF REQUESTED**

14. This Honorable Court should enter an order extending Plaintiffs' deadline to file an opposition to the Motion to Reconsider to fourteen (14) days after the Court determines whether to dismiss or abstain from hearing the Adversary Proceeding or remanding the Circuit Court Action to the Circuit Court.

15. The Court should likewise extend the Plaintiffs' deadline to oppose the Debtor's Motion to Transfer Venue to the District of Columbia to fourteen (14) days after the Court rules on a forthcoming Motion for dismissal, remand, or abstention.

16. Plaintiffs' deadline to seek abstention is July 1, 2025.

17. Plaintiffs intend to seek abstention and/or remand of this matter back to the Circuit Court for Baltimore City, Maryland.

18. Moreover, one or more Movants are contemplating seeking dismissal of the DC Bankruptcy Case and are working with separate bankruptcy counsel on that matter. Among the reasons such dismissal appears warranted is Swain's lack of authority to file the bankruptcy petition, as it was filed without approval or authority of a member that holds a 50% voting interest. Another issue warranting dismissal is the lack of qualification under subchapter V, as the Debtor is not an operating business. Movants reserve the right to raise these and other issues for dismissal.

19. Although dismissal would be considered by the DC Bankruptcy Court, Movants believe it is important for this honorable Court to understand the existence of such issues and why it is prudent to delay at this time deadlines related to the Venue Transfer Motion and Reconsideration Motion.

20. Another reason why the extension of the deadlines for Movants to respond to the Reconsideration Motion and Venue Transfer Motion should be granted is the questionable

propriety of this Adversary Proceeding, as it is tied to no underlying Maryland Bankruptcy Court case or Maryland District Court case. That issue, which relates to *inter alia* issues of jurisdiction, will be separately briefed.

21. Moreover, Swain Landing's attempt to move the entirety of the Circuit Court Action, including the Circuit Court's denial of arbitration, to Washington, DC, because one Defendant (who is not even a party to the arbitration request) filed for bankruptcy in Washington, DC, is without merit. While it remains to be seen where the claim against Swain Landing should proceed, there is no good reason the claims against the other Defendants should proceed in the DC Bankruptcy Court, especially reconsideration of relief for arbitration that does not even concern Swain Landing.

22. Good cause exists to grant Plaintiffs' requested extensions, because there is a high likelihood that this matter will be subject to abstention and remand, and the Circuit Court for Baltimore City, which previously denied the Bolog Defendants' Petition for Arbitration, is the best forum to consider the Motion to Reconsider the same.

23. Moreover, if the Court grants abstention or remand, it will moot the Debtor's Motion to Transfer Venue to the District of Columbia.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Expedited Motion to Extend; extend the Plaintiffs' deadline to oppose (1) the Motion for Reconsideration and (2) the Debtor's Motion to Transfer Venue, to 14 days following a ruling on Plaintiffs' forthcoming motion seeking abstention and/or remand or at least after the July 17, 2025 status conference is conducted.

Respectfully submitted:

/s/ Patrick D. Gardiner
Wes P. Henderson, Esq. (Fed. Bar #15926)
Patrick D. Gardiner, Esq. (Fed. Bar #19729)
HENDERSON LAW, LLC
2127 Espey Court, Suite 204
Crofton, Maryland 21114
T: (410) 721-1979
F: (410) 721-2258
wph@hendersonlawllc.com
patrick@hendersonlawllc.com

*Attorneys for Plaintiffs and Counter-Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of June, 2025, a copy of the foregoing was sent via CM-ECF on the following:

William J. Murphy, Esq.
John J. Connolly, Esq.
Kirk E. MacKinnon Morrow
Zuckerman Spaeder, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202

*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, Maryland 20854

*Counsel for Swain Landing LaPlata JC, LLC, Debtor-in Possession*

AND via first-class mail, postage prepaid on the following:

Michael Postal
1801 16th Street N.W., Apt 608
Washington, DC 20009

*Defendant pro se*

POJO LaPlata, LLC
4302 Broken Arrow Court, Apt 606
Clinton, MD 20735

*Defendant pro se*

Tenacity Investment, LLC
7333 New Hampshire Ave., Unit 103,
Takoma Park, MD 20912

*Defendant pro se*

Douglas F. Gansler, Esq.
Matthew Karlan, Esq.
Zack Schrieber, Esq.
Cadwalader, Wickersham & Taft, LLP
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Counsel for Defendants Erik D. Bolog, Individually,
and as Trustee of The JAREB Irrevocable Trust
Agreement dated October 11, 2021,
Science Park Associates, LLC, and Darnestown Road, Inc.*

      /s/ PDG (AIS# 1506160113)
Patrick D. Gardiner, Esq.