IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 25-184-ELG |
| Swain Landing LaPlata JC, LLC | ) | United States Bankruptcy Court |
| | ) | for the District of Columbia |
| Debtor. | ) | |
| | ) | |
| | ) | |
| Claudia Engelhorn, *et al.* | ) | Case No. 25-00159 |
| | ) | United States Bankruptcy Court |
| Plaintiffs, | ) | for the District of Maryland |
| | ) | |
| v. | ) | |
| | ) | |
| Erik D. Bolog, *et al.* | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**LIMITED OPPOSITION TO EXPEDITED MOTION
BY PLAINTIFFS/COUNTER-DEFENDANTS FOR EXTENSION OF TIME
TO OPPOSE MOTION TO RECONSIDER AND MOTION TO
TRANSFER VENUE (DOCKET NO. 3) PURSUANT TO LOCAL RULE 9006-2**

Comes now Swain Landing LaPlata JC, LLC ("Swain Landing" or the "Debtor"), by and through undersigned proposed counsel, in response to the Expedited Motion by Plaintiffs/Counter-Defendants for Extension of Time to Oppose Motion to Reconsider and Motion to Transfer Venue (Docket No. 3) Pursuant to Local Rule 9006-2 (the "Motion," as found at DE #7), filed by Claudia Engelhorn individually and on behalf of Whitewater Revocable Trust ("Ms. Engelhorn") and White Pearl, LLC ("WPL") (Ms. Engelhorn and WPL being known as the "Plaintiffs," and each a "Plaintiff"), and in partial opposition thereto states as follows:

I.    **Introduction**

The Plaintiffs seek an extension of time to (i) oppose a pending motion for reconsideration, filed by a co-defendant of Swain Landing; and (ii) oppose a pending motion to transfer venue (the

1

"Motion to Transfer Venue," as found at DE #3), so that the Plaintiffs may first seek a remand of this litigation and a ruling thereupon. The Debtor takes no position as to an extension of time vis a vis another party's motion for reconsideration but necessarily opposes such an extension as to the Motion to Transfer Venue. Precedent is clear that where one motion seeks a transfer of venue and another motion seeks either remand or a dispositive conclusion to litigation, it is appropriate to first consider the transfer of venue (with such being all the more true where, as here, the motion seeking a remand has not yet even been docketed).

To be sure, if the Plaintiffs wish to seek a remand, such is every bit their prerogative. Similarly, if the Plaintiffs wish to seek a dismissal of Swain Landing's bankruptcy case—a dismissal that, if granted, would result in the Debtor losing the ability to pursue a preference claim of palpable value—such is, too, every bit their prerogative. But the appropriate forum for such motions is the bankruptcy court in which Swain Landing's case is pending.

For these reasons, and as extrapolated upon *infra*, it is respectfully urged the Motion be denied.

**II.      The United States Bankruptcy Court for the District of Columbia Should Hear any Motion to Remand**

Insofar as no motion to remand this litigation is presently pending, it is difficult to assess the merits, *vel non*, of such a request. Yet if and when such a motion is ultimately docketed, consideration thereof should be by the bankruptcy court in which Swain Landing is a debtor seeking to reorganize. This is for precisely the same reasons that a transfer of venue is sought in the first instance; it is not that the Debtor lacks comfort or confidence in this Honorable Court, nor even that the Debtor believes any divide in circuit-level case law to be pertinent to this case. It is, rather, that there exists a synergy in bankruptcy cases and related adversary proceedings pending

in the same court. And hearing a putatively forthcoming motion to remand, before considering the Motion to Transfer Venue, would be at odds with that synergy and efficiency.

Precedent well supports that a motion to transfer venue should be entertained before a motion to remand, in the context of an adversary proceeding:

> In contexts such as this one, where a party's claims either arise out of or relate to a bankruptcy proceeding that is pending or was administered in another court, courts have generally found that motions to transfer venue should be considered before a motion for remand or dismissal.

*Waleski v. Montgomery*, 2018 U.S. Dist. LEXIS 208727, at *9 (M.D. Pa. Dec. 10, 2018) (citing *George Junior Republic v. Williams*, 2008 U.S. Dist. LEXIS 22682, 2008 WL 763304, at *5 (E.D. Pa. Mar. 21, 2008); *Hohl v. Bastian*, 279 B.R. 165, 178 (W.D. Pa. 2002); *In re Allegheny Health, Educ. & Research Found.*, 1999 Bankr. LEXIS 1401, 1999 WL 1033566 (Bankr. E.D. Pa. Nov. 10, 1999); *In re III Enterprises, Inc. V*, 163 B.R. 453, 458 n.2 (Bankr. E.D. Pa. 1994); *In re Convent Guardian Corp.*, 75 B.R. 346, 347 (Bankr. E.D. Pa. 1987); *Colarusso v. Burger King Corp.*, 35 B.R. 365, 366-68 (Bankr. E.D. Pa. 1984)).

This notion is also well supported in the analogous construct of district courts entertaining motions to transfer venue, and motions to remand, in the prism of removed civil litigation, with case law supporting that a transfer of venue is to be assessed before a request for remand. *See, e.g.*, *Lalewicz v. Warnermedia Direct, LLC*, 742 F. Supp. 3d 781, 787 (E.D. Tenn. 2024) ("The Court is not required to decide the motion to remand before the motion to transfer, and courts regularly transfer cases instead of deciding motions to remand when related cases are pending in the transferee district.") (citing *Jabo's Pharmacy v. Cephalon, Inc.*, 2010 U.S. Dist. LEXIS 102003, 2010 WL 3851966, at *1 (E.D. Tenn. Sept. 27, 2010)); *Aston-Martin v. WarnerMedia Direct, LLC*, 2024 U.S. Dist. LEXIS 130193, at *10 (E.D. Tenn. July 24, 2024) (same); *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala. 1998) ("The court which would ultimately try the case

3

would most appropriately determine the motion to remand."); *Huntsman Corp. v. Int'l Risk Ins. Co.*, 2008 U.S. Dist. LEXIS 33242, at *9 (E.D. Tex. Apr. 22, 2008) ("While it is true that courts generally consider subject matter jurisdiction as a preliminary matter, as other federal district courts have recognized, federal courts need not decide a motion to remand a removed case before ruling on a motion to transfer to another district.") (citing *Stewart v. May Dep't Store Co.*, 2002 U.S. Dist. LEXIS 24249, 2002 WL 31844906, at *2 n.1 (E.D. La. Dec. 12, 2002) (citing *Gould*, 990 F. Supp. 1354); *Welsh ex rel. Taylor v. Murry*, 2006 U.S. Dist. LEXIS 60401, 2006 WL 2349604, at *1 n.1 (W.D. La. Aug. 10, 2006); *Watershed Software Group, LLC v. Camping Cos.*, 2002 U.S. Dist. LEXIS 21985, 2002 WL 31528464, at *1 n.2 (E.D. La. Nov. 8, 2002)).

Without rehashing the arguments set forth in the Motion to Transfer Venue, the relief sought therein—a transfer of an adversary proceeding to the bankruptcy court in which a debtor's main case is pending—is neither particularly controversial nor novel. That the court to which transfer is sought is a mere 39.7 miles away by car tends to make the relief even less burdensome in nature. And so it necessarily comes as something of a surprise to learn that the Plaintiffs are not simply consenting to a facially-sensible transfer of venue (something they could assuredly do whilst reserving their rights to seek remand and other dispositive relief).[1]

Regardless of the Plaintiffs' motivations, a transfer of venue is appropriate and delay of such is antithetical—especially if such delay is designed to occasion consideration of an intervening, yet-to-be-filed motion. If the Plaintiffs' attorneys simply needed some additional time

---

[1] The Motion notes that "The undersigned attorneys have contacted counsel for Swain Landing and the Bolog Defendants to obtain an extension of time to respond to the Reconsideration Motion and Venue Motion. Thus far, no response to the request has been provided, thus necessitating this Motion." Motion, DE #7, at ¶ 13. While not substantively material, it bears notation that an e-mail seeking a position on the relief requested was received at 1:30 pm EDT, with the motion then being docketed at 5:12 pm EDT. There was certainly no effort afoot to stonewall the communication; undersigned counsel was away from his desk most of the afternoon.

to respond to a motion, there would almost assuredly be no resistance to such. Yet where the extension of time sought is directly at odds with the synergy of a transfer of venue, the requested relief becomes inappropriate and counterproductive.

### III.  Conclusion

WHEREFORE, Swain Landing respectfully prays this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 23, 2025

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The VerStandig Law Firm, LLC
9812 Falls Road, #114-160
Potomac, Maryland 20854
Phone: 301-444-4600
Facsimile: 301-444-4600
E-mail: mac@mbvesq.com
*Proposed Chapter 11 Counsel for Swain Landing LaPlata JC, LLC, Debtor-in-Possession*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of June, 2025, a copy of the foregoing was served electronically upon filing via this Honorable Court's CM-ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig