# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>    Debtor. | Case No. 25-184-ELG<br>(United States Bankruptcy Court<br>for the District of Columbia) |
| Claudia Engelhorn, *et al*.<br><br>    Plaintiffs,<br><br>v.<br><br>Erik D. Bolog, *et al*.<br><br>    Defendants. | Case No. 1:25-ap-00159<br>(United States Bankruptcy Court for<br>the District of Maryland) |

**REPLY IN SUPPORT OF MOTION TO RECONSIDER ORDER DENYING BOLOG DEFENDANTS' PETITION FOR AN ORDER COMPELLING ARBITRATION AND <u>STAYING PROCEEDINGS (HEARING REQUESTED)</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. I

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT ......................................................................................................................... 2

    I.    The Court Is Permitted To Reconsider The Maryland Circuit Court's Prior Order ................................................................................................................ 2

    II.    The Arbitration Clause In The Trust Agreement Is Enforceable ............................ 2

        A.    The Arbitration Provision Is A Contract Between Trustees Of The Whitewater Trust ........................................................................................ 3

        B.    The Arbitration Provision Is Not Barred By Attorney Professional Conduct Rules, Which Do Not Apply And Are Preempted By The FAA ............................................................................................................. 4

        C.    Ms. Engelhorn Cannot Unilaterally Terminate Her Agreement To Arbitrate, Which Is Irrevocable Under The FAA ...................................... 5

    III.    The Bolog Defendants Timely Asserted—And Did Not Waive—Their Right To Compel Arbitration ..................................................................................... 6

    IV.    Plaintiffs Fail To Address, And Therefore Concede, That An Arbitrator Should Decide Questions Of Arbitrability ............................................................... 7

    V.    Plaintiffs Do Not Dispute That The Arbitration Provision Is Enforceable By Darnestown Road And Science Park Under Principles Of Equitable Estoppel ................................................................................................................... 9

CONCLUSION ...................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*9103 Basil Ct. Partners LLC v. Monarc Constr., Inc.*,
  2024 WL 3819522, at *4 (Md. Ct. Spec. App. Aug. 15, 2024) ............................................. 2-3

*Boyle v. Anderson*,
  301 Va. 52 (2022) ................................................................................................................. 3-4

*Cain v. Midland Funding*,
  452 Md. 141 (2017) .................................................................................................................. 7

*Castellanos v. Mariner Fin., LLC*,
  2018 WL 488725 (D. Md. Jan. 19, 2018) ................................................................................. 6

*Dipnarine v. Champion Opco, LLC*,
  2025 WL 896333 (D. Md. Mar. 24, 2025) ................................................................................ 7

*Gannett Fleming, Inc. v. Corman Constr., Inc.*,
  243 Md. App. 376 (2019) ......................................................................................................... 8

*Gertz v. Anne Arundel Cnty.*,
  339 Md. 261 (1995) .................................................................................................................. 2

*Hagerstown Block Co. v. Durbin*,
  2015 WL 5926086 (Md. Ct. Spec. App. July 15, 2015) ........................................................... 9

*Harris v. Bridgford*,
  153 Md. App. 193 (2003) ......................................................................................................... 6

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
  139 S. Ct. 524, 529 (2019) .................................................................................................... 7-8

*In re Ismailoff (Golan)*,
  14 Misc. 3d 1229(A) (N.Y. Sur. 2007) ..................................................................................... 3

*Mayo v. Dean Witter Reynolds, Inc.*,
  258 F. Supp. 2d 1097 (N.D. Cal.), *amended*, 260 F. Supp. 2d 979 (N.D. Cal.
  2003) ......................................................................................................................................... 4

*MicroStrategy, Inc. v. Lauricia*,
  268 F.3d 244 (4th Cir. 2001) .................................................................................................... 6

*Payne, Inc. v. Bore Express Inc.*,
  2021 WL 3022682 (D. Md. July 16, 2021) .............................................................................. 2

*Rao v. Era Alaska Airlines*
   22 F. Supp. 3d 529, 540 (D. Md. 2014) ................................................................................. 1

*The Redemptorists v. Coulthard Servs., Inc.*,
   145 Md. App. 116 (2002) ................................................................................................. 3, 8-9

*Saturn Distrib. Corp. v. Williams*,
   905 F.2d 719 (4th Cir. 1990) ................................................................................................... 4

*Shaw v. Litz Custom Homes, Inc.*,
   2021 WL 5853779 (Md. Ct. Spec. App. Dec. 9, 2021) ............................................................ 6

*Smith v. Lindemann*,
   710 F. App'x 101 (3d Cir. 2017) ............................................................................................. 4

**Statutes**

9 U.S.C. § 2 .............................................................................................................................. 2, 5

Md. Rules 2-331(d) ....................................................................................................................... 7

Md. Rules 2-602(a)(3) .................................................................................................................. 2

Md. Code Ann., Cts. & Jud. Proc. § 3-207(c) .............................................................................. 2

**Other Authorities**

Md. R. of Prof'l Conduct 19-301.8(h) ...................................................................................... 4-5

Restatement (Second) of Trusts § 197 (1959) .............................................................................. 3

Defendants Erik Bolog, in his individual capacity ("Mr. Bolog") and as Trustee for the JAREB Irrevocable Trust Agreement Dated October 11, 2021 ("Mr. Bolog as Trustee"), Science Park Associates, LLC ("Science Park"), and Darnestown Road, Inc., ("Darnestown Road") (collectively, the "Bolog Defendants") hereby submit this reply in support of their motion for reconsideration[1] of the Maryland Circuit Court's order denying their petition for an order compelling arbitration of all the Whitewater Investment Claims[2] and a concurrent stay of the Whitewater Investment Claims in this action until resolution of such arbitration (the "Motion for Reconsideration" or "Mot."), and state as follows:

## PRELIMINARY STATEMENT

Prior to removal, the Bolog Defendants moved to compel arbitration of the Whitewater Investment Claims (all of which are premised on Mr. Bolog's alleged actions as a trustee of the Whitewater Trust) based on the arbitration clause found in Section 9 of the Whitewater Trust Agreement (the "Arbitration Provision"). Mot. Ex. A. at 13. Before receiving the Bolog Defendants' reply brief, the Maryland Circuit Court denied the motion. The Bolog Defendants moved for reconsideration, noting that the state court's order overlooked several controlling legal and factual issues, several of which Plaintiffs "have not responded to," and "therefore have conceded." *See Rao v. Era Alaska Airlines*, 22 F. Supp. 3d 529, 541 (D. Md. 2014). In particular, Plaintiffs' opposition to the Motion for Reconsideration fails to dispute, and therefore concedes, that: (1) the Federal Arbitration Act applies here, and preempts any local rules of professional conduct that might arguably preclude arbitration; (2) it is the arbitrator who must determine

---

[1] For convenience, a copy of the Motion for Reconsideration is attached hereto as **Exhibit 1**. Capitalized terms not defined herein shall have the meaning ascribed to them in the Bolog Defendants' Petition for Arbitration or in Plaintiffs' Opposition thereto.

[2] Counts X, XI, XIII, XIV, XVII, XVIII, and XIX of Plaintiffs' Second Amended Complaint. *See* Mot. Ex. G at 34-36, 38-41, 43-47.

1

whether the scope of the Arbitration Provision encompasses the Whitewater Investment Claims; and (3) the Arbitration Provision is enforceable by Darnestown Road and Science Park under principles of equitable estoppel. Plaintiffs fail to refute the remainder of the Bolog Defendants' arguments in support of the Motion for Reconsideration.

For the foregoing reasons, the Bolog Defendants respectfully request that the Court grant the Motion for Reconsideration and compel the Whitewater Investment Claims to arbitration.

## ARGUMENT

**I.  THE COURT IS PERMITTED TO RECONSIDER THE MARYLAND CIRCUIT COURT'S PRIOR ORDER**

A non-final judgment "is subject to revision at any time before the entry of a judgment that adjudicates all of the claims by and against all of the parties." Md. Rules 2-602(a)(3); *see also Gertz v. Anne Arundel Cnty.*, 339 Md. 261, 272–273 (1995) (Maryland Rule 2–602(a)(3) "makes clear that an order that does not adjudicate all of the claims in an action . . . is not a final judgment and may be revised at any time before the entry of a final judgment.").[3]

**II.  THE ARBITRATION CLAUSE IN THE TRUST AGREEMENT IS ENFORCEABLE**

The FAA is clear that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2; *see also* Md. Code Ann., Cts. & Jud. Proc. § 3-207(c) (Under the Maryland Uniform Arbitration Act, the Court "shall order arbitration" upon a finding that a valid arbitration agreement exists.). The FAA's public policy in

---

[3] Plaintiffs do not argue that an alternative standard of review applies. Regardless, federal courts look to state law for procedural issues pending in state court when removal occurs. *See, e.g.*, *Payne, Inc. v. Bore Express Inc.*, 2021 WL 3022682, at *7 (D. Md. July 16, 2021). And federal courts likewise permit reconsideration of non-federal orders. *See, e.g.*, Local Rule 105.10 of the United States District Court for the District of Maryland.

2

favor of arbitration should—and under the Supremacy Clause, must—be enforced. *9103 Basil Ct. Partners LLC v. Monarc Constr., Inc.*, 2024 WL 3819522, at *4 (Md. Ct. Spec. App. Aug. 15, 2024) ("The FAA was enacted to apply to states in an effort to 'declare[ ] a national policy favoring arbitration.'"); *see also The Redemptorists v. Coulthard Servs., Inc.*, 145 Md. App. 116, 125 (2002) (Maryland law reflects "a strong public policy in favor of arbitration.").

A. **The Arbitration Provision Is A Contract Between Trustees Of The Whitewater Trust**

Plaintiffs' argument that the Arbitration Provision is unenforceable because it appears in a trust agreement must be rejected. Plaintiffs cite no rule prohibiting enforcement of an arbitration provision between *signatories* to a trust, like Mr. Bolog and Ms. Engelhorn. Indeed, Courts routinely enforce arbitration provisions as between trustees. *See, e.g.*, *In re Ismailoff (Golan)*, 14 Misc. 3d 1229(A) (N.Y. Sur. 2007). Courts have also found that a trust agreement establishes a contractual relationship with enforceable terms. *See* Mot. at 6-7. And the Whitewater Trust Agreement itself states in Section 12 that it is "binding upon and inures to the benefits of the parties," i.e. the signatories to the agreement, Ms. Engelhorn and Mr. Bolog. Mot. Ex. A at 15.

Plaintiffs' heavy reliance on *Boyle v. Anderson*, which addressed the ability to enforce an arbitration clause against a trust *beneficiary*, is inapposite, as the Virginia Supreme Court there specifically noted that its reasoning was "without deciding" whether "a *trustee's* obligations might constitute an 'agreement.'" 301 Va. 52 at 57 (2022) (emphasis added). Indeed, the court in *Boyle* based its decision on Section 197 of the Restatement of Trusts, entitled the "Nature of Remedies of *Beneficiary*," which addresses only "the remedies of the beneficiary against the trustee." *See* Restatement (Second) of Trusts § 197 (1959) (emphasis added); *Boyle*, 301 Va. 52, at 57. Accordingly, *Boyle* is inapplicable here where Mr. Bolog, who was a trustee of the Whitewater Trust, seeks to enforce an arbitration provision on claims asserted by Ms. Engelhorn, as trustee of

3

the Whitewater Trust.

### B. The Arbitration Provision Is Not Barred By Attorney Professional Conduct Rules, Which Do Not Apply And Are Preempted By The FAA

Plaintiffs do not dispute that a "rule prohibiting the inclusion of an arbitration provision in an attorney-client representation agreement" is "preempted by the FAA." *Smith v. Lindemann*, 710 F. App'x 101, 105 (3d Cir. 2017); *see Mayo v. Dean Witter Reynolds, Inc.*, 258 F. Supp. 2d 1097, 1099 (N.D. Cal.), *amended*, 260 F. Supp. 2d 979 (N.D. Cal. 2003) (preempting certain ethics standards for arbitrators); *see also Saturn Distrib. Corp. v. Williams,* 905 F.2d, 719, 726 (4th Cir. 1990) ("The Federal Arbitration Act does not allow such singular hostility to the formation of arbitration agreements.").

Even were it not preempted by the FAA, by its very terms, the attorney ethics rule cited by Plaintiffs does not apply here because it only prohibits "an agreement prospectively limiting the attorney's liability to a client for *malpractice*." MRPC Rule 19-301.8(h) (emphasis added). None of the Whitewater Investment Claims are grounded in *malpractice*.[4] Thus, on its face, Rule 19-301.8(h) is inapplicable here.

Indeed, the Whitewater Investment Claims concern Mr. Bolog's actions taken in his role as a trustee of the Whitewater Trust, not as Ms. Engelhorn's (or the Whitewater Trust's) attorney. Thus, the prior ruling in this case that the arbitration clause in the attorney-client engagement agreement between Ms. Engelhorn and WTP was unenforceable is irrelevant.

Even if the claims at issue were for malpractice (they are not), Plaintiffs have not even alleged in the SAC, let alone proven, that *Mr. Bolog* drafted the Whitewater Trust Agreement's arbitration provision. Mot. at 19. And Plaintiffs' argument that Mr. Bolog was associated in a firm

---

[4] The only claim for malpractice brought by Plaintiffs concerns the formation of the JAREB Trust. SAC ¶¶ 113-120.

4

with the attorneys who did draft the Arbitration Provision (Opp. at 20) provides them no help. The subject of MRPC Rule 19-301.8(h) is the "attorney" who is prohibited from prospectively limiting liability. Accordingly, any applicability of such rule to attorneys Mr. Bolog was associated with while at Whiteford Taylor & Preston would be to prohibit *them* from limiting *their* liability to Ms. Engelhorn.

### C. Ms. Engelhorn Cannot Unilaterally Terminate Her Agreement To Arbitrate, Which Is Irrevocable Under The FAA

Plaintiffs' bold position that Ms. Engelhorn has authority to amend or modify the Arbitration Provision at will also fails. The FAA is clear that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, *irrevocable*, and enforceable." 9 U.S.C. § 2 (emphasis added). Regardless, Plaintiffs have not provided an amended copy of the Whitewater Trust Agreement reflecting removal of the Arbitration Provision, or an attestation to such effect, and the unsworn allegations in the SAC only allege that Ms. Engelhorn amended the Whitewater Trust Agreement to remove Mr. Bolog as a trustee (SAC ¶¶ 5, 58) without alleging if, or what, other amendments were made. Additionally, Plaintiffs' citations to Virginia trust law are inapplicable here as they concern the rights of *beneficiaries* and the settlor's control over trust *property* in a revocable trust. Plaintiffs have pointed to no case or authority stating that Virginia (or any other state) trust law allows for a grantor to discard *contractual provisions* of a trust agreement in their entirety. *See* Mot. at 17-18.

5

### III. THE BOLOG DEFENDANTS TIMELY ASSERTED—AND DID NOT WAIVE—THEIR RIGHT TO COMPEL ARBITRATION

There is no rule prohibiting the Bolog Defendants from petitioning to arbitrate the Whitewater Investment Claims after defending against Plaintiffs' claims.[5] Indeed, even "resort[ing] to litigation prior to filing a petition with the court to order arbitration d[oes] not constitute, as a matter of law, a knowing and intentional waiver of [the] right to arbitrate." *Harris v. Bridgford*, 153 Md. App. 193, 201 (2003). Courts in Maryland have "rejected any *per se* rule that a party who initiates litigation waives arbitration as a matter of law." *Shaw v. Litz Custom Homes, Inc.*, 2021 WL 5853779, at *7 (Md. Ct. Spec. App. Dec. 9, 2021); *see also MicroStrategy, Inc. v. Lauricia*, 268 F.3d 244, 249 (4th Cir. 2001) ("Neither delay nor the filing of pleadings by the party seeking a stay will suffice, without more, to establish waiver of arbitration."). And if no such rule exists for a party *initiating* litigation, it certainly does not exist for a party *defending* litigation.

Plaintiffs' waiver arguments (Opp. 10-13) hold no water. The Bolog Defendants asserted in their General Answer a defense that Plaintiffs' claims "are barred by written instruments," i.e. the Whitewater Trust Agreement, and requested a "trial by jury of all claims and issues *so triable*." Ex. 2 at 3 (emphasis added). Regardless, "[f]ailing to assert arbitration as an affirmative defense, delay, or participation in litigation do not alone constitute default." *Castellanos v. Mariner Fin., LLC*, 2018 WL 488725, at *2 (D. Md. Jan. 19, 2018). It is also irrelevant that the Bolog Defendants filed counterclaims a couple days before serving the Arbitration Letter on Plaintiffs because, even if they had served the Arbitration Letter before filing counterclaims, the Bolog Defendants would have still needed to file counterclaims against Plaintiffs to comply with their procedural obligations

---

[5] As shown in the Motion for Reconsideration, Plaintiffs' cases are distinguishable, inapposite, and even support the Bolog Defendants' position. *See* Mot. at 12.

6

under the time restrictions for filing counterclaims imposed by Md. Rules 2-331(d). The Bolog Defendants were *obligated* under Md. Rules 2-331(d) to protect their procedural rights and bring their counterclaims in response to the action *initiated* by Plaintiffs.[6] Lastly, Plaintiffs' cherry picked references to the Bolog Defendants' position on *WTP*'s petition for arbitration are wholly irrelevant, as that matter concerned the engagement agreement between Ms. Engelhorn and WTP to which the Bolog Defendants were not a signatory and had no "dog in the fight" on that issue. Mot. Ex. F at 32:15-16.

IV. **PLAINTIFFS FAIL TO ADDRESS, AND THEREFORE CONCEDE, THAT AN ARBITRATOR SHOULD DECIDE QUESTIONS OF ARBITRABILITY**

Plaintiffs have not rebutted the Bolog Defendants' showing that the scope of the Arbitration Provision must be determined by an arbitrator.

Section 9 of the Whitewater Trust Agreement provides that "arbitration shall comply with the commercial Arbitration Rules of the American Arbitration Association." Mot. Ex. A at 14. And under those rules, the "arbitrator shall have the power to rule on his or her own jurisdiction" and the "validity of the arbitration agreement," and arbitrability of claims, "without any need to refer such matters first to a court." Mot. Ex. D at 14. The Whitewater Trust Agreement expressly incorporates the rules of the American Arbitration Association, which "constitutes clear and unmistakable evidence of the parties' intent to delegate questions of arbitrability to the arbitrator." *Dipnarine v. Champion Opco, LLC*, 2025 WL 896333, at *7 (D. Md. Mar. 24, 2025). Therefore, "the scope of the Arbitration [Provision] should not be determined by this Court, but by the arbitrator." *Id*. Indeed, where, as here, "the parties' contract delegates the arbitrability question to

---

[6] Plaintiffs' reliance on *Cain v. Midland Funding* is misplaced, as the court there addressed whether a party *initiating* an action waived its right to arbitrate. 452 Md. 141 (2017). That is not the situation here.

7

an arbitrator . . . a court possesses *no power* to decide the arbitrability issue" and must refer the matter to arbitration. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019) (emphasis added).

Even if the parties had not delegated this issue to the arbitrator, which they have, Arbitration should be denied "*only* if the dispute clearly lies beyond the scope of the arbitration clause at issue. Otherwise, the dispute—including the threshold-arbitrability determination—should be handed over to the arbitrator." *Gannett Fleming, Inc.* 243 Md. App. 376, 401 (2019) (emphasis added).

In any event, the plain language of the arbitration provision in Section 9 of the Whitewater Trust Agreement encompasses: "*Any controversy between the trustees, or between any other parties to this trust, . . . involving the construction or application of any of the terms*, provisions, or conditions of this trust agreement shall, on the written request of either or any disagreeing party served on the other or others, be submitted to arbitration." Mot. Ex. A at 13-14 (emphasis added). The Whitewater Investment Claims all require interpretation of terms of the Whitewater Trust Agreement—in particular, Sections 5.B, 5.F, 5.H, and 5.T—and the power of a trustee like Mr. Bolog to determine whether Mr. Bolog was authorized to make certain investments. Mot. Ex. A at 6, 10. And to the extent any ambiguity exists, a "court must resolve any doubts concerning the scope of arbitrable issues in favor of arbitration, reflecting a strong public policy in favor of arbitration." *The Redemptorist*, 145 Md. App. at 150.[7]

---

[7] Although Mr. Bolog had no involvement with Swain Landing, nor Ms. Engelhorn's decision to invest in Swain Landing, an attorney sent a letter on behalf of Ms. Engelhorn, as "Trustee of the Whitewater Revocable Trust," stating that she "does not have the appetite to continue the Swain's Landing project any longer." *See* Mot. Ex. E. Accordingly, the claims against Swain Landing would likewise fall within the mandatory arbitration provisions of Section 9 of the Whitewater Trust Agreement. In any event, this scope question presents a question of arbitrability for the arbitrator, not the Court, to determine.

8

V.  **PLAINTIFFS DO NOT DISPUTE THAT THE ARBITRATION PROVISION IS ENFORCEABLE BY DARNESTOWN ROAD AND SCIENCE PARK UNDER PRINCIPLES OF EQUITABLE ESTOPPEL**

Plaintiffs fail to address, and therefore concede, that "equitable estoppel allows a *non-signatory* to compel arbitration when a signatory to a written agreement containing an arbitration clause must 'rely on' the terms of the written agreement [containing the arbitration clause] in asserting [its] claims against the non-signatory." *Hagerstown Block Co. v. Durbin*, 2015 WL 5926086, at *8 (Md. Ct. Spec. App. July 15, 2015) (internal quotations omitted) (emphasis added). Plaintiffs are therefore incorrect that because Darnestown Road and Science Park are not parties to the Whitewater Trust Agreement they cannot enforce the Arbitration Provision. Opp. at 21-22. Here, Plaintiffs have brought the Whitewater Investment Claims against each of Mr. Bolog, Darnestown Road, Science Park, and Swain Landing based on Mr. Bolog's role as a trustee under the Whitewater Trust Agreement and his alleged (and untrue) undisclosed relationships with these entities while serving as a trustee of the Whitewater Trust (SAC ¶¶ 53, 65, 74). It would be inequitable to prevent Darnestown Road and Science Park from enforcing the arbitration provision.

Even if the Court were to find otherwise, these claims should nonetheless be stayed pending resolution of any aspects of the Whitewater Investment Claims sent to arbitration to narrow the relevant issues and streamline any future proceedings. *See The Redemptorists*, 145 Md. App. at 125 ("The issues as to the non-contracting parties should be stayed pending the outcome of the arbitration.").

## CONCLUSION

Accordingly, the Bolog Defendants respectfully request that the Court reconsider the order of the Maryland Circuit Court and (1) issue an order granting the Bolog Defendants' Petition for Arbitration and compel Plaintiffs to arbitrate the Whitewater Investment Claims and (2) stay the Whitewater Investment Claims pending adjudication of the Petition for Arbitration.

9

Dated:   July 1, 2025

          Respectfully submitted,

          CADWALADER, WICKERSHAM & TAFT LLP

*[signature]*

Douglas F. Gansler (Bar Number: 21010)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300


By: */s/ Matthew M. Karlan*
Matthew M. Karlan
(signed by Douglas F. Gansler with permission of Matthew M. Karlan)
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281
Matthew.Karlan@cwt.com
Telephone: (212) 504-6000

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2025, a copy of the foregoing was served electronically via CM/ECF upon counsel of record, and remaining parties served via first class mail.

**Counsel of Record Served via CM/ECF:**
Patrick Gardiner
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly
William J. Murphy
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice Belmont VerStandig
**The VerStandig Law Firm, LLC**
9812 Falls Road #114-160
Potomac, MD 20854
*Counsel for Defendant Swain Landing LaPlata JC, LLC*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

Respectfully,

*/s/ Douglas Gansler*

Douglas F. Gansler (Bar Number: 21010)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*

11