HEARING DATE: AUGUST 4, 2025
RESPONSE DATE: JULY 24, 2025

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>Debtor. | Case No. 25-184-ELG<br>(United States Bankruptcy Court<br>for the District of Columbia) |
| Claudia Engelhorn, *et al.*<br><br>                   Plaintiffs,<br><br>                   v.<br><br>Erik D. Bolog, *et al.*<br><br>                   Defendants. | Case No. 1:25-ap-00159<br>(United States Bankruptcy Court for<br>the District of Maryland) |

## BOLOG PARTIES' MOTION UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 8002(d)(1) AND 9024 AND 9 U.S.C. §§ 3 & 4

Erik D. Bolog ("Mr. Bolog"), Erik D. Bolog as Trustee of the JAREB Irrevocable Trust, dated October 11, 2021, Science Park Associates, LLC, and Darnestown Road, Inc. (collectively, the "Bolog Parties") respectfully submit this motion under Rules 8002(d)(1) and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 9 U.S.C. §§ 3 & 4 to compel arbitration or, alternatively, to extend the time to file a notice of appeal concerning the Bolog Parties Petition for Arbitration (Exhibit 1), which had initially been filed in the Circuit Court for Baltimore City, Maryland (the "Maryland Circuit Court") and which was denied by the Maryland Circuit Court, on June 4, 2025, and state as follows:

1.      The Bolog Parties submit this motion in an abundance of caution given the particular procedural history of this case.

2.      As the Court is aware, the Bolog Parties filed a Petition to Compel Arbitration of the Whitewater Investment Claims on April 18, 2025 (the "Bolog Arbitration Petition"), while this action was pending in the Maryland Circuit Court.

3.      On May 5, 2025, Plaintiffs opposed the Bolog Arbitration Petition.

4.      On June 4, 2025, the Maryland Circuit Court denied the Bolog Arbitration Petition ("Maryland Court Order") while the Bolog Parties were in the process of finalizing their reply in support of the Bolog Arbitration Petition in advance of a then-scheduled June 11, 2025, hearing before the Maryland Circuit Court.[1]

5.      Days later, On June 9, 2025, the Bolog Parties filed their Motion for Reconsideration of the Maryland Court's Order (the "Motion for Reconsideration").

6.      On June 10, 2025, defendant Swain Landing LaPlata JC, LLC ("Swain Landing") removed this case from the Maryland Circuit Court to this Court (ECF No. 1) and simultaneously moved to transfer this case to the United States Bankruptcy Court for the District of Columbia to be adjudicated in connection with its ongoing bankruptcy proceeding entitled *In re Swain Landing LaPlata JC, LLC* (Case No. 25-184-ELG) (ECF No. 3).

7.      On June 23, 2025, Plaintiffs moved for additional time to oppose the Bolog Parties' Motion for Reconsideration (ECF No. 7).

---

[1] The Maryland procedural rules do not set a specific deadline for submitting a reply brief in these circumstances.

8. On June 24, 2025, the Court denied Plaintiffs' request for additional time. (ECF No. 11). Plaintiffs filed their opposition to the Motion for Reconsideration later that day. (ECF No. 12.)

9. On July 1, 2025, the Bolog Parties filed their reply in support of the Motion for Reconsideration (ECF No. 39).

10. Under the Federal Arbitration Act and 9 U.S.C. § 16, the Bolog Parties are entitled to an interlocutory appeal following a final decision with respect to the Bolog Arbitration Petition. *See, e.g.*, *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023); *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690 (2025); *Noohi v. Toll Bros.*, 708 F.3d 599, 604 (4th Cir. 2013) (Section 16 of the Federal Arbitration Act "preserves immediate appeal of any 'final decision with respect to an arbitration,' regardless of whether the decision is favorable or hostile to arbitration.") (internal citations omitted).

11. The rules also provide, however, that the time to take such an appeal is tolled pending a motion for reconsideration. Specifically, Federal Rule of Appellate Procedure 4 provides that a timely motion under Federal Rule of Civil Procedure 59 or 60 will toll the time to appeal. In the bankruptcy context, Federal Rules of Civil Procedure 59 and 60 are made applicable by virtue of Bankruptcy Rules 9023 and 9024. Further, Bankruptcy Rule 8002, similar to Federal Rule of Appellate Procedure 4, tolls the time to appeal when a timely motion is made under these rules.

12. Here, the Bolog Parties believe that their time to appeal has not yet begun to run. *First*, the Court has not adopted any of the orders of the Maryland Circuit Court, including the Maryland Court's Order denying the Bolog Arbitration Petition. See *Brooks v. GAF Materials Corp.*, 284 F.R.D. 352, 356 (D.S.C. 2012) ("the time for filing a motion" to reconsider an order "runs from the date at which the district court adopts the state court judgment as its own"); *Resol.*

*Tr. Corp. v. Allen*, 16 F.3d 568, 575 (4th Cir. 1994) ("After this adoption [of the state court order], the judgment would be treated the same as other judgments entered by the district court and the parties would follow the ordinary rules regarding post-judgment remedies. They may file motions pursuant to the applicable Rules of Civil Procedure, or file a timely notice of appeal to the federal appeals court."); *Q3 Invs. Recovery Vehicle, LLC v. Fed. Deposit Ins. Corp. as Receiver for Signature Bank*, 2025 WL 40764, at *3 (S.D.N.Y. Jan. 7, 2025) ("as of the date of this Order the Court adopts as its own judgment the portions of the January 10, 2023, opinion of the Supreme Court of the State of New York that relate to Signature Bank's motion to dismiss . . . The entry of this Order shall trigger the running of time for any available post-judgment remedy under the Federal Rules of Civil Procedure, including the timely filing of a notice of appeal to the Second Circuit.").

13.     *Second*, the Bolog Parties' filing of the Motion for Reconsideration in state court constituted the state-law analogue of, and complies with, Rule 59 and/or Rule 60 of the Federal Rules of Procedure, which are incorporated into Rule 9023 and Rule 9024 of the Bankruptcy Rules. *See Cir. City Stores, Inc. v. Mantor*, 417 F.3d 1060 (9th Cir. 2005) ("The only way Circuit City could have" moved to reconsider its arbitration petition in "the district court would have been to file a motion for reconsideration under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.").

14.     Because the Bolog Parties filed their Motion for Reconsideration within fourteen (14) days after the Maryland Court's Order, they have tolled their time to appeal the Maryland Circuit Court's Order on the Bolog Arbitration Petition under Rule 8002(b) of the Bankruptcy Rules, to the extent it would otherwise have run.

15. Nonetheless, under Bankruptcy Rule 8002(d)(1)(A), the Bolog Parties may move prior to the appeal deadline to extend the time to appeal "within the time allowed." In an abundance of caution, the Bolog Parties so move here.

16. Further, to the extent that the Court does not construe the Motion for Reconsideration as one tolling their time to appeal, then pursuant to Rule 8002(d)(1)(B) of the Bankruptcy Rules, the Bolog Parties hereby move, in an abundance of caution, to extend the deadline to appeal the Bolog Arbitration Petition by fourteen (14) days from the date on a decision of this Motion and the Motion for Reconsideration (which the Bolog Parties request be decided together) to the extent necessary based on excusable neglect.

17. The Bolog Parties submit that the procedural posture of this case constitutes "excusable neglect" under Rule 8002(d)(1)(B) of the Bankruptcy Rules. Specifically, under Md. Rule 8-202(a), the Bolog Parties would have been permitted thirty (30) days to appeal the Maryland Circuit Court's Order to the extent it was considered an appealable order. Following removal, however, the Bankruptcy Rules took effect, which generally require appeals within fourteen (14) days. But the Court has yet to (and may never) issue an order adopting prior orders of the Maryland Circuit Court, leaving the Bolog Parties without an order of this Court to appeal.

18. Additionally, to the extent the Court does not find that the Motion for Reconsideration constitutes a timely motion under Rule 59 or 60 of the Federal Rules of Civil Procedure as incorporated into the Bankruptcy Rules by Rules 9023 and 9024, then the Bolog Parties hereby move under Rule 9024 of the Bankruptcy Rules and Rule 60(b) of the Federal Rules of Civil Procedure for relief from the Maryland Court Order. In support thereof, and to avoid unnecessary and inefficient duplication, the Bolog Parties respectfully incorporate their arguments

previously submitted in support of the Motion for Reconsideration, including their reply in support thereof. (Exhibits 2 and 3.)

19. Finally, and likewise in an abundance of caution, to the extent the Court does not construe the Bolog Arbitration Petition and Motion for Reconsideration as being made under the Federal Arbitration Act, 9 U.S.C. §§ 3 & 4, the Bolog Parties hereby move under 9 U.S.C. §§ 3 & 4 to compel arbitration of the Whitewater Investment Claims and to stay those claims in this action, and incorporate their arguments in the Petition for Arbitration, the Motion for Reconsideration, and the Reply.[2]

20. The Bolog Parties request that this Motion be decided in connection with and together with the Court's decision on the Motion for Reconsideration. The Court has scheduled a hearing on the Motion for Reconsideration on August 4, 2025.

---

[2] 9 U.S.C. § 4 permits a petition for arbitration to "any United States district court" but such court must have an independent basis for jurisdiction. *See, e.g.*, *Badgerow v. Walters*, 596 U.S. 1 (2022). Swain Landing's removal of this case to federal court has now created an independent basis for federal jurisdiction.

Dated: July 9, 2025

          Respectfully submitted,

          CADWALADER, WICKERSHAM & TAFT LLP

          Respectfully,

*[signature]*

Douglas F. Gansler (Bar Number: 21010)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*

-7-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of July, 2025, a copy of the foregoing was served electronically via CM/ECF, and remaining parties served via first class mail.

**Counsel of Record Served via CM/ECF:**
Patrick Gardiner (patrick@hendersonlawllc.com)
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly (jconnolly@zuckerman.com)
William J. Murphy (wmurphy@zuckerman.com)
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Swain Landing LaPlata JC, LLC
Maurice Belmont VerStandig (mac@mbvesq.com)
**The VerStandig Law Firm, LLC**
9812 Falls Road #114-160
Potomac, MD 20854
*Counsel for Defendant Swain Landing LaPlata JC, LLC*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

Respectfully,

Douglas F. Gansler (Bar Number: 21010)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*