## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>Debtor. | Case No. 25-184-ELG<br>(United States Bankruptcy Court<br>for the District of Columbia) |
| Claudia Engelhorn, *et al.*<br><br>                Plaintiffs,<br><br>                v.<br><br>Erik D. Bolog, *et al.*<br><br>                Defendants. | Case No. 1:25-ap-00159<br>(United States Bankruptcy Court for the District of Maryland) |

### REPLY OF BOLOG PARTIES IN SUPPORT OF MOTION UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE 8002(d)(1) AND 9024 AND 9 U.S.C. §§ 3 & 4

Erik D. Bolog ("Mr. Bolog"), Erik D. Bolog as Trustee of the JAREB Irrevocable Trust, dated October 11, 2021, Science Park Associates, LLC, and Darnestown Road, Inc. (collectively, the "Bolog Parties") respectfully submit this reply in support of their Motion[1] (ECF No. 42) under Rules 8002(d)(1) and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and 9 U.S.C. §§ 3 & 4 to compel arbitration or, alternatively, to extend the time to file a notice of appeal concerning the Bolog Parties' Arbitration Petition (Motion Ex. 1, ECF No. 42-2), and state as follows:

---

[1] Capitalized terms not defined herein shall have the meaning given to them in the Motion or Plaintiffs' Opposition (the "Opposition," ECF No. 46) thereto.

1. For all of the reasons stated in the Bolog Parties' Motion for Reconsideration, which are respectfully incorporated by reference,[2] the Court should order arbitration of the Whitewater Investment Claims. As to the Bolog Parties' time to appeal the Maryland state court's contrary June 4 Order, Plaintiffs' opposition effectively concedes that the Motion must be granted.

2. *First*, Plaintiffs do not dispute—and therefore concede[3]—that the time for the Bolog Parties to appeal the June 4 Order has not begun to run because the Court has yet to adopt any of the orders of the Maryland Circuit Court, including the June 4 Order denying the Bolog Arbitration Petition. *See* Motion ¶ 12; *see, e.g.*, *Resol. Tr. Corp. v. Allen*, 16 F.3d 568, 573 (4th Cir. 1994) ("*After* this adoption [of the state court order], . . . the parties would follow the ordinary rules regarding post-judgment remedies" and "may . . . file a timely notice of appeal to the federal appeals court." (emphasis added)); *Q3 Invs. Recovery Vehicle, LLC v. Fed. Deposit Ins. Corp. as Receiver for Signature Bank*, 2025 WL 40764, at *3 (S.D.N.Y. Jan. 7, 2025) ("The entry of this Order [adopting the state court order] shall trigger the running of time for . . . filing of a notice of appeal."). For this reason alone, the Court should grant the Motion.

3. *Second*, even if the Court had adopted the June 4 Order on the date of removal (which is not the case), the filing of the Motion for Reconsideration tolled the time to file a notice of appeal. *See* Motion ¶¶ 11-14; Fed. R. Civ. P. 59 & 60; Fed. R. App. P. 4; Fed. R. Bankr. P. 9023 & 9024; Fed. R. Bankr. P. 8002. Plaintiffs concede that "a Motion made under Rule 59 or 60 may be used to stay an appeal." (Opp.¶ 17.) And Plaintiffs' argument that tolling is unavailable here

---

[2] To the extent Plaintiffs' Opposition addresses whether the Bolog Parties waived their right to arbitration, that state law bars enforcement of an arbitration provision in a trust agreement, or other substantive matters concerning the Bolog Parties' right to arbitration, the Bolog Parties incorporate their arguments as set forth in the Motion for Reconsideration, which was attached to the Motion. *See* ECF No. 42-3.

[3] The Engelhorn Parties "have not responded to" this argument "and therefore have conceded the point. *See Rao v. Era Alaska Airlines*, 22 F. Supp. 3d 529, 541 (D. Md. 2014).

because "the Motion for Reconsideration was brought in connection with a ruling that was made solely under the MUAA [Maryland Uniform Arbitration Act], not the FAA" is a non-sequitur. (Opposition ¶ 17.) Plaintiffs conflate the procedural rules applicable to this federal case—including Federal Rules of Civil Procedure 59 and 60—with the substantive right to arbitration under both the FAA and state law. Procedure in this federal case, including the time to appeal, is governed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 81(c)(1); Fed. R. Bankr. P. 9027(g)(1); *Cook v. Nationwide Ins. Co.*, 962 F. Supp. 2d 807, 816 (D. Md. 2013), *as amended* (Oct. 3, 2013) ("Federal Rules 'apply to a civil action after it is removed from a state court.'").

4. Moreover, the fact that the state court failed to cite the FAA in its June 4 Order is irrelevant to the FAA's applicability here. "If the essence of the requested relief is that the issues presented be decided exclusively by an arbitrator and not by any court, the denial of that motion is appealable under" the FAA. *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 698–99 (4th Cir. 2012) (internal quotations omitted).

5. Nor is there any lack of subject matter jurisdiction here. As the Bolog Parties will show in their forthcoming Opposition to Plaintiffs' Motion for Abstention and Remand, federal jurisdiction is appropriate based on the Debtor's bankruptcy case.[4]

6. *Finally*, because the time to appeal the June 4 Order has not yet begun to run, which Plaintiffs have conceded, there is no need for the Bolog Parties to show excusable neglect under Bankruptcy Rule 8002(d)(1)(B). Nevertheless, the Bolog Parties have also shown excusable

---

[4] Plaintiffs' reliance on *Vaden v. Discover Bank* for the proposition that a court must "look through" to the "underlying substantive controversy" (Opposition ¶ 21) is inapplicable here. 556 U.S. 49 (2009). The Court in *Vaden* held that the FAA, on its own, does not provide a federal court with jurisdiction to enforce an arbitration agreement. *Id.* at 63-65. Instead, the court should "determine its jurisdiction by 'looking through'" the arbitration petition and "assume the absence of the agreement" to determine if it would have jurisdiction over the underlying dispute. *Id.* at 62-63. Jurisdiction here, however, is appropriately before this Court as the underlying case was properly removed to this Court.

-3-

neglect sufficient to warrant an extension of time to file a notice of appeal of the June 4 Order. As shown in the Motion, the procedural posture of this case warrants a finding of excusable neglect because the Court has yet to adopt the orders of the Maryland Circuit Court, leaving the Bolog Parties without an order of this Court to appeal. *See* Motion ¶ 17.

7. Plaintiffs' cited cases are inapposite. The court did not find "excusable neglect" in *In re Swann* because the plaintiff had "assum[ed]" that the 30-day window to file a notice of appeal under the Federal Rules of Civil Procedure applies in a bankruptcy proceeding. 2007 WL 1728706, at *4 (Bankr. D. Md. June 12, 2007). The Bolog Parties made no such assumption, instead seeking prompt relief from the Court. And neither *Ekweani v. Wells Fargo Home Mortg., Inc.*, 2013 WL 5937977 (D. Md. Nov. 5, 2013), nor *Wood v. Wolff*, 2021 WL 4290599 (D. Md. Sept. 21, 2021), even addresses a motion to extend a notice of appeal deadline for excusable neglect.

8. Furthermore, Plaintiffs' assertion that the Bolog Parties did not submit an affidavit in support of their Motion has no bearing. Plaintiffs have cited to no case stating that an affidavit is required under Bankruptcy Rule 8002(d)(1)(B), nor would one be necessary here where the unique procedural posture of this case speaks for itself and is well known to the Court.

[*Remainder of Page Intentionally Omitted*]

Dated:  July 30, 2025

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

Respectfully,

*[signature]*

Douglas F. Gansler (Bar Number: 21010)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300


By: */s/ Matthew M. Karlan*
Matthew M. Karlan*
(signed by Douglas F. Gansler with permission of Matthew M. Karlan)
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281
Matthew.Karlan@cwt.com
Telephone: (212) 504-6000

*Admitted *pro hac vice*


*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of July, 2025, a copy of the foregoing was served electronically via CM/ECF, and remaining parties served via first class mail.

**Counsel of Record Served via CM/ECF:**
Patrick Gardiner (patrick@hendersonlawllc.com)
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly (jconnolly@zuckerman.com)
William J. Murphy (wmurphy@zuckerman.com)
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice Belmont VerStandig (mac@mbvesq.com)
**The VerStandig Law Firm, LLC**
9812 Falls Road #114-160
Potomac, MD 20854
*Counsel for Defendant Swain Landing LaPlata JC, LLC*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

Respectfully,

[signature]

Douglas F. Gansler (Bar Number: 21010)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*