**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>　　　　　　　Debtor. | Chapter 11 Case No. 24-184-ELG<br>Adv. Proc. No. 25-10044-ELG<br>United States Bankruptcy Court<br>for the District of Columbia |
| Claudia Engelhorn, *et al*.<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>Erik D. Bolog, *et al*.<br><br>　　　　　　　Defendants. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

　　　　Plaintiffs and Counter-Defendants, Claudia Engelhorn, individually and as Trustee for the Whitewater Revocable Trust, as amended, and White Pearl, LLC (collectively "Plaintiffs"), hereby file this Motion for Leave to Amend Complaint and in support thereof respectfully state as follows:

　　　　1.　　Plaintiffs filed their Second Amended Complaint ("SAC"), which is the operative complaint, in the Circuit Court for Baltimore City, Maryland, on or about February 5, 2025.[1]

　　　　2.　　The SAC alleged twenty causes of action and named the following individuals as Defendants: Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, Whiteford, Taylor & Preston, LLP ("WTP"), Michael Postal, POJO

---

[1] The Second Amended Complaint is substantially identical to the First Amended Complaint, except that the Second Amended Complaint identifies Claudia Engelhorn's address while the FAC did not.

LaPlata LLC, Darnestown Road, Inc., Science Park Associates, LLC ("Science Park"), Swain Landing LaPlata JC, LLC ("Swain Landing"), and Tenacity Investments, LLC.

3.	In the SAC, the Plaintiffs asserted claims stemming from five core transactions: the transfer of $10,000,000 from Ms. Engelhorn's personal bank account to an irrevocable trust for the benefit of Defendant Bolog, the use of $3,352,650 of Whitewater Trust's funds to bail out Mr. Bolog's failing investment in the Science Park Property, the use of $250,000 to support Bolog's Darnestown Road venture, the transfer of $585,000 from White Pearl, LLC's accounts to Michael Postal's venture Swain Landing (i.e., the Debtor), and WTP's negligent retention and supervision of Mr. Bolog.

4.	The Debtor, Swain Landing, initiated a Chapter 11, Subchapter V proceeding before this Honorable Court on or about April 15, 2025 (*see* Case No.: No.:24-184-ELG) (hereinafter "the Chapter 11 Case"). Approximately two months later, the Debtor removed the entirety of the Civil Action from the Circuit Court for Baltimore City to the U.S. Bankruptcy Court for the District of Maryland on June 10, 2025. Plaintiffs filed a Motion for Abstention and Remand on July 10, 2025. On August 7, 2025, Plaintiffs filed claims against the Debtor in the Chapter 11 Case. As a result, there was no longer any reason to continue to assert civil claims in the Civil Action, and on August 8, 2025, Plaintiffs voluntarily dismissed all claims against the Debtor, Swain Landing. Thereafter, on September 23, 2025, the Maryland Bankruptcy Court transferred the Civil Action to this Honorable Court. On October 10, 2025, this Honorable Court denied Plaintiffs' Motion for Abstention and/or Remand.

5.	Plaintiffs now seek leave to amend their complaint to remove lingering claims and causes of action that relate to the transfer of $585,000 to the non-party Debtor and to streamline this action by focusing on the wrongful transfer of $10 million and WTP's negligent hiring,

2

retention, and supervision of Defendant Bolog. A copy of the proposed Third Amended Complaint is attached hereto as Exhibit A, and a Redlined Comparison Copy is attached hereto as Exhibit B.

6. Rule 15 (a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and that "the court should freely give leave when justice so requires." This liberal standard applies in adversary proceedings under Fed. R. Bankr. P. 7015. "While the decision whether to allow amendment is "committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive[,] repeated failure to cure deficiencies by previous amendments[,] or futility of amendment.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (formatting modified) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In addition, if a court denies leave to amend, "it must state its reasons[.]" *Barkley v. Marshals Serv.*, 766 F.3d 25, 38 (D.C. Cir. 2014).

7. The amendment is not for the purposes of undue delay. Undue delay may support the denial of leave to amend when the delay is "substantial" and where "a significant amount of time has passed during which the parties have conducted discovery and prepared for trial." *Atchison v. District of Columbia*, 73 F.3d 418, 427 (D.C. Cir. 1996)." Where an amendment would do no more than clarify legal theories or make technical corrections, [the D.C. Circuit has] consistently held that delay, without a showing of prejudice, is not sufficient ground for denying the Motion." *Harrison v. Rubin*, 174 F.3d 249, 253, 335 U.S. App. D.C. 413 (D.C. Cir. 1999).

8. As set forth above, discovery in this matter is not complete, and the parties are not on the brink of trial. Presently, there is no scheduling order. *See Silver v. IRS*, Civil Action No. 20-1544 (CKK), 2025 U.S. Dist. LEXIS 32599, at *10 (D.D.C. Feb. 5, 2025) (holding that the lack of completion of discovery and lack of a trial date favored leave to amend). With the exception of

3

motions regarding venue, abstention, and the taking of a singular third-party witness deposition, there has been no substantial progress in this case. Finally, Plaintiffs filed this Motion shortly after the denial of their Motion for Abstention and Remand.

9. The amendment will not cause undue prejudice. "Undue prejudice" and "undue delay" frequently overlap. Nonetheless, courts are reluctant to deny leave to amend on grounds of prejudice to the opposing party when the opposing party would have a fair opportunity to respond to a proposed amendment. *See, e.g., Petworth Holdings*, 333 F.R.D. at 301 (finding "little prejudice" to defendants from a plaintiff's proposed amendment where "discovery ha[d] yet to close" and the plaintiffs had not yet been deposed).

10. In the present case, Plaintiffs seek to eliminate certain causes of action and streamline this action. In no way are the Defendants prejudiced by the proposed amendment- the amendment is to their benefit as it dismisses multiple defendants entirely, and curtails the potential liability of the remaining defendants. With respect to the amended factual allegations, Defendants have ample opportunity to revise their answers and conduct discovery regarding the same.

11. The proposed amendment is not in bad faith. The bad faith factor is also significantly intertwined with undue delay and prejudice. *See Williams v. Savage*, 569 F. Supp. 2d 99, 107 (D.D.C. 2008) (analyzing "bad faith" alongside these factors and "dilatory motive," another factor that may justify denying leave to amend). Bad faith may be found if a motion for leave to amend is "intended to avoid summary judgment or otherwise 'muddy the waters' of a court's resolution of the case." *Sherrod v. McHugh*, 249 F. Supp. 3d 85, 97 (D.D.C. 2017) (RC) (*quoting Hoffmann v. United States*, 266 F. Supp. 2d 27, 34 (D.D.C. 2003) (HHK), *aff'd*, 96 F. App'x 717 (Fed. Cir. 2004)). In other words, motions to amend may be considered to have been brought in bad faith where "the proposed amendments are similar to already-rejected claims or

4

otherwise unlikely to succeed on their face." *Id*. This standard, however, does not preclude a plaintiff from amending to "clarify or amplify" the allegations in their complaint "in light of facts learned during discovery and arguments made by the opposition." *Id*.

12. The proposed amendment is not in bad faith. The Plaintiffs are not reasserting previously rejected causes of action, nor are they adding new causes of action previously withheld. This matter is not on the precipice of trial or summary judgment, and as set forth herein above, there is no undue delay or prejudice. This amendment seeks to focus this matter on the largest claims and damages; the $10 million transaction.

13. The proposed amendment is not futile. A district court may deny a motion for leave to amend a complaint as futile "if the amended pleading would not survive a motion to dismiss." *In re Interbank Funding Corp. Securities Litigation*, 629 F.3d 213, 218 (D.C. Cir 2010).

14. The FAC, which was effectively identical to the SAC, survived motions to dismiss filed by WTP and the Bolog Parties. The FAC survived the Motion as to all counts. The proposed amendment seeks to add additional factual information but removes certain claims and parties; as such, it is not futile.

15. The Defendants refuse to consent to this Motion because they would like the amendment to treat the excised causes of action as being dismissed with prejudice. Plaintiffs explained that they were unable to do so because of concerns that such a dismissal with prejudice may be treated as preclusive of their defenses to the counterclaims and may act as res judicata with respect to the pending proofs of claims in the Chapter 11 Case.

16. While Plaintiffs do not intend to bring affirmative claims for the excised claims in another form (other than the proofs of claims in the Chapter 11 Case), the fact that the granting of

5

the Motion for Leave to Amend effectively dismisses the excised claims without prejudice is not a basis to oppose the Motion, nor to deny the Motion.

17. For the foregoing reasons, Plaintiffs respectfully request that the Court grant leave to file the Third Amended Complaint attached hereto as Exhibit A.

Dated: October 30, 2025

Respectfully submitted:

/s/       PDG
Wes P. Henderson, Esq. (Fed. Bar #502935)
Patrick D. Gardiner, Esq. (Fed. Bar#1630864)
HENDERSON LAW, LLC
2127 Espey Court, Suite 204
Crofton, Maryland 21114
T: (410) 721-1979
F: (410) 721-2258
wph@hendersonlawllc.com
patrick@hendersonlawllc.com

*Attorneys for Plaintiffs and Counter-Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of October, 2025, a copy of the foregoing was sent via CM-ECF on the following:

William J. Murphy, Esq.
John J. Connolly, Esq.
Kirk E. MacKinnon Morrow
Zuckerman Spaeder, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
wmurphy@zuckerman.com
jconnolly@zuckerman.com
kmackinnonmorrow@zuckerman.com

*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, Maryland 20854

*Counsel for Swain Landing LaPlata JC, LLC, Debtor-in-Possession*

Douglas F. Gansler, Esq.
Matthew Karlan, Esq.
Zack Schrieber, Esq.
Cadwalader, Wickersham & Taft, LLP
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Counsel for Defendants Erik D. Bolog, Individually,
and as Trustee of The JAREB Irrevocable Trust
Agreement dated October 11, 2021,
Science Park Associates, LLC, and Darnestown Road, Inc*

AND via first-class mail, postage prepaid on the following:

Michael Postal
1801 16th Street N.W., Apt 608
Washington, DC 20009

*Defendant pro se*

POJO LaPlata, LLC
4302 Broken Arrow Court, Apt 606
Clinton, MD 20735

*Defendant pro se*

Tenacity Investment, LLC
7333 New Hampshire Ave., Unit 103
Takoma Park, MD 20912

*Defendant pro se*

/s/      PDG
Patrick D. Gardiner, Esq. (Fed. Bar 1630864)

8