Wes P. Henderson, Esq. (DC Bar #502935)
Patrick D. Gardiner, Esq. (DC Bar #1630864)
HENDERSON LAW, LLC
2127 Espey Court, Suite 204
Crofton, Maryland 21114
T: (410) 721-1979
F: (410) 721-2258
Email: wph@hendersonlawllc.com
Email:  patrick@hendersonlawllc.com

Sam J. Alberts (DC Bar # 443260)
David F. Cook (DC Bar #1708239)
DENTONS US LLP
1900 K Street, NW
Washington, DC 20006
Tel: (202) 408-7004
Email: sam.alberts@dentons.com

*Co-Counsel for Claudia Engelhorn,
Individually and on behalf of the Whitewater Revocable Trust,
and White Pearl, LLC*

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>Debtor.<br><br>---<br><br>Claudia Engelhorn, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>Erik D. Bolog, *et al*.<br><br>Defendants. | Chapter 11 Case No. 24-184-ELG<br>Adv. Proc. No. 25-10044-ELG<br>United States Bankruptcy Court<br>for the District of Columbia |

**PLAINTIFFS' MOTION TO STAY DISCOVERY OR IN THE ALTERNATIVE MOTION FOR PROTECTIVE ORDER**

Plaintiffs and Counter-Defendants, Claudia Engelhorn, individually and as Trustee for the Whitewater Revocable Trust, as amended, and White Pearl, LLC (collectively "Plaintiffs"), hereby file this Motion to Stay Discovery or in the Alternative Motion for Protective Order, and in support thereof respectfully state as follows:

1. The Court should stay discovery in this matter pending the resolution of Plaintiff's Motion for Leave to File an Amended Complaint and the resolution of the subsequent motion to remand.

2. Alternatively, the Court must grant a protective order delaying the deposition of Claudia Engelhorn until the resolution of the pending Motion to Dismiss the Counterclaim, pending resolution of the Motion for Leave to Amend, and until the Bolog Defendants produce documents.

3. Federal Rule of Civil Procedure 26(c) gives the Court great discretion in managing discovery. Fed. R. Civ. P. 26(c). The decision whether to stay discovery is committed to the sound discretion of the district court judge. *White v. Fraternal Order of Police*, 909 F.2d 512, 517 (D.C. Cir. 1990). Courts in this District often stay discovery while a dispositive motion is pending. *See e.g., Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015). Courts in determining whether to stay discovery pending motions consider whether the party seeking discovery requires said discovery to oppose said motions. *See, e.g., Loumiet v. United States*, 225 F. Supp. 3d 79, 83 (D.D.C. 2016) ("[the party seeking discovery] has nowhere claimed that discovery is necessary for him to effectively oppose the pending Motions to Dismiss.") "It would not be a prudent use of the Court's—or the parties'—resources to litigate a discovery dispute while the dispositive motions, which may significantly change the nature of the case, are pending." *Id*. at 84.

4. On October 30, 2025, Plaintiffs filed a Motion for Leave to File an Amended Complaint. The Proposed Third Amended Complaint eliminates specific causes of action against the Defendants and seeks to streamline this matter by focusing on the wrongful transfer of $10 million from the Plaintiff's account to a revocable trust for the benefit of her attorney and co-trustee, Erik Bolog.

5. If leave to amend is granted, Plaintiffs contend that this Honorable Court will no longer have subject matter jurisdiction over the remaining causes of action, and this case must then be remanded to the Circuit Court for Baltimore City, Maryland, where it originated.

6. The Court has scheduled a hearing in this matter for December 3, 2025, at 10:00 AM, to address the Motion for Leave to Amend.

7. The Bolog Defendants are seeking to take the Deposition of Claudia Engelhorn on November 17, 2025.

8. Plaintiffs objected to the deposition of Ms. Engelhorn on the basis of the pending Motion to Dismiss the Counterclaim and Motion for Leave, and because Plaintiffs served written discovery requests on the Bolog Defendants by October 10, 2024,[1] and to date, the Bolog Defendants have failed to produce a singular document in response to Plaintiffs' requests for production of documents.

9. Indeed, Plaintiffs sought and obtained an Order in the Circuit Court compelling the Bolog Defendants to produce full and complete responses to Plaintiff's Requests for Production of Documents on or before April 24, 2025. Despite the Order, the Bolog Defendants have not produced responsive documents. There is a pending Motion for Discovery Sanctions, which was

---

[1] On September 23, 2024 Plaintiffs served requests for production of documents on Defendant Bolog, Individually, and as Trustee of the JAREB Irrevocable Trust Dated October 11, 2021. On October 10, 2024, Plaintiffs served requests for production on Darnestown Road Inc., and Science Park Associates, LLC.

3

filed in the Circuit Court for Baltimore City on May 23, 2025, against the Bolog Defendants, which seeks discovery sanctions in part because of the Bolog Defendants' failure to produce any documents. This action was thereafter removed to the Maryland Bankruptcy Court on June 10, 2025.

10. The proposed Third Amended Complaint excises the Counts on which the Bolog Defendants seek to compel arbitration, and thus, if leave to amend is granted, it will moot the arbitration-related motions and the Bolog Defendants' objections to discovery based thereon.[2]

11. The deposition of Claudia Engelhorn has no relevance to the Motion for Leave to Amend, the anticipated motion to remand, nor the Motion to Dismiss the Counterclaim, as those motions will turn on questions of law and the pleadings.

12. There is a pending Motion to Dismiss the Counterclaims for failure to state a claim. On March 24, 2025, the Counter-Plaintiffs, Mr. Bolog individually, Science Park, and Darnestown, filed a Counterclaim alleging four counts. Plaintiffs filed a Motion to Dismiss for failure to state a claim, which has been pending since April 22, 2025.

13. If granted (they should be), the Motion to Dismiss and Motion for Leave significantly alter and narrow the scope of the claims and defenses pending in this action, let alone the forum.

---

[2] The Bolog Defendants objected to Plaintiff's Interrogatories and Requests for Production of Documents, on the grounds that they had filed a motion to compel arbitration with respect to certain counts of the SAC. On April 18, 2025, the Bolog Parties filed a Motion seeking to compel arbitration on Counts X(Constructive Trust-Darnestown) Count XI (Constructive Trust-Swain Landing), Count XIII (Statutory Dissolution of Swain Landing), Count XIV (Common Law Dissolution of Swain Landing), Count XVII (Fraudulent Conveyance related to Science Park), Count XVIII (Fraud related to Science Park), and XIX (Unjust Enrichment related to Science Park). The Circuit Court denied Bolog Defendants' Motion to Compel Arbitration on June 4, 2025. Thereafter, the Bolog Defendants sought reconsideration of their Motion to Compel Arbitration in the Circuit Court on June 9, 2025, and the on June 9, 2025 the Bolog Defendants filed a Motion seeking to compel arbitration or extend their deadline to note an appeal of the Circuit Court's denial of their Motion to Compel Arbitration in the Maryland Adversary Proceeding. See Doc. 42.

14. During the October 29, 2025, hearing in this matter, the Court deferred the entry of a scheduling order pending the resolution of the Motion for Leave to Amend and other matters, and scheduled a hearing for December 3, 2025, at 10:00 AM.

15. As such, Plaintiff asserts that judicial and economic efficiency, as well as precedent affirming the stay of discovery during the pendency of threshold motions that are unaffected by discovery and which would reshape this matter entirely, requires that discovery in this action be stayed until the resolution of the Motion to Dismiss the Counterclaim, Motion for Leave to Amend, and thereafter the motion seeking remand after amendment. Discovery concerning claims that the Plaintiff is trying to dismiss (including the Plaintiffs' dismissal of their own claims), or counterclaims that will be dismissed, would be wasteful, expensive, and unduly burdensome.

16. Alternatively, the Plaintiff should be spared the oppression and undue burden of sitting for a deposition wherein she will be asked questions concerning topics and information that would be contained in the Bolog Defendants' document production, which have been due for a year, and which has been the subject of an order compelling production. Moreover, the fact that the pending and anticipated motions will significantly narrow the scope of the claims and defenses in this action likewise counsels against forcing the Plaintiff to answer questions on topics that are being excised from the case.

17. These facts and circumstances constitute good cause to delay Plaintiff's deposition under Fed. R. Civ. P. 26(c) until the Bolog Defendants comply with requests that have been pending for over a year.

18. There is no scheduling order, there are no pending deadlines or other events that necessitate the deposition of the Plaintiff in the next 30 to 60 days. There is no prejudice to any party in staying discovery or entering a protective order regarding Claudia Engelhorn's deposition

until Plaintiffs have had a reasonable time to review the Bolog Defendants' full and complete document production.

      WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant their Motion and enter an Order staying discovery in this matter or, alternatively, enter a protective order that the Plaintiff not be deposed until a mutually agreeable date after the Bolog Defendants have produced responsive documents and Plaintiff has had a reasonable opportunity to review the same.

Dated: October 30, 2025                  Respectfully submitted:

/s/     *PDG*
Wes P. Henderson, Esq. (Fed. Bar #502935)
Patrick D. Gardiner, Esq. (Fed. Bar #1630864)
HENDERSON LAW, LLC
2127 Espey Court, Suite 204
Crofton, Maryland 21114
T: (410) 721-1979
F: (410) 721-2258
wph@hendersonlawllc.com
patrick@hendersonlawllc.com

*Attorneys for Plaintiffs and Counter-Defendants*

7

## RULE 26(C)(1) CERTIFICATION

I HEREBY CERTIFY that I have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve this dispute without court action, as set forth more fully herein. On October 24, 2025 Plaintiffs' counsel, Wes Henderson, sent a letter via email and informed the Defendants that Plaintiff would not appear for the November 17, 2025 or any deposition until the Bolog Defendants' rectify their failure to produce documents, and also asserted that with the pending Motion to Dismiss pending, the Counterclaims it was not reasonable for the parties to begin depositions. Mr. Henderson's letter also asked the Bolog Defendants to withdraw the Notice of Deposition. Counsel for the Bolog Defendants, Matthew Karlan, responded via email the same day that he would not agree to withdraw the Notice of Deposition, but would agree to reschedule the deposition. Counsel for the Bolog Defendants had previously suggested alternative dates ranging from early November to early December 2025. Wes Henderson, via email, responded by asking whether the Bolog Defendants would be producing documents, but counsel for the Bolog Defendants did not state whether they would or would not do so.

On October 30, 2025, I wrote an email to defense counsel inquiring whether the filing of the Motion for Leave to Amend had changed the Bolog Defendants' position regarding the November 17, 2025, deposition. I proposed staying the discovery until the resolution of the Motion to Dismiss, Motion for Leave, and any subsequent motion seeking remand. As an alternative, I also proposed rescheduling Ms. Engelhorn's deposition for a reasonable time after the Bolog Defendants produced complete document production. I informed the Defendants that, unless I heard anything to the contrary, I would presume their position had not changed and that I would file this motion. Mr. Karlan responded that he wanted to meet and confer in light of the motion for leave. I responded that, given the current deposition date of November 17, 2025, I had to file a

motion today or else the Defendants would not have sufficient time to respond, nor would the Court have an opportunity to rule on said Motion before November 17, 2025. Counsel for WTP, John Connolly, agreed to table the depositions until after December 3, 2025, but WTP was not agreeable to staying all discovery pending the rulings on the Motions. I suggested, at a minimum, agreeing that the deposition of Claudia Engelhorn would not take place on November 17, 2025, so that Plaintiff would not be forced to file this Motion today, allowing the Parties time to meet and confer as requested. While the Parties agreed to meet and confer on October 31, 2025, at 11:00 AM, the Bolog Parties would not state whether they agree to consider the November 17, 2025, cancelled and thus forcing the filing of this motion. A true and accurate copy of this October 30, 2025 email thread is attached hereto as Exhibit A. If the parties reach an agreement during the October 31, 2025 meet and confer, this motion will be withdrawn.

/s/     PDG
Patrick D. Gardiner, Esq. (Fed. Bar #1630864)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of October, 2025, a copy of the foregoing was sent via CM-ECF on the following:

William J. Murphy, Esq.
John J. Connolly, Esq.
Kirk E. MacKinnon Morrow
Zuckerman Spaeder, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
wmurphy@zuckerman.com
jconnolly@zuckerman.com
kmackinnonmorrow@zuckerman.com

*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, Maryland 20854

*Counsel for Swain Landing LaPlata JC, LLC, Debtor-in-Possession*

Douglas F. Gansler, Esq.
Matthew Karlan, Esq.
Zack Schrieber, Esq.
Cadwalader, Wickersham & Taft, LLP
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Counsel for Defendants Erik D. Bolog, Individually,
and as Trustee of The JAREB Irrevocable Trust
Agreement dated October 11, 2021,
Science Park Associates, LLC, and Darnestown Road, Inc*

AND via first-class mail, postage prepaid on the following:

Michael Postal
1801 16th Street N.W., Apt 608
Washington, DC 20009

*Defendant pro se*

POJO LaPlata, LLC
4302 Broken Arrow Court, Apt 606
Clinton, MD 20735

*Defendant pro se*

Tenacity Investment, LLC
7333 New Hampshire Ave., Unit 103
Takoma Park, MD 20912

*Defendant pro se*

                                              /s/      PDG
                                            Patrick D. Gardiner, Esq. (Fed. Bar #1630864)