# Exhibit A

# Patrick Gardiner

| | |
|---|---|
| **From:** | Karlan, Matthew <Matthew.Karlan@cwt.com> |
| **Sent:** | Thursday, October 30, 2025 6:15 PM |
| **To:** | Connolly, John; Patrick Gardiner |
| **Cc:** | Shannen Osborne; Schrieber, Zack; Sam J. Alberts; Wes Henderson; Patricia L. Lincoln; David F.-Associate Cook; Elysa Chew; George L. Medina; Murphy, Bill; Gansler, Douglas; Mac VerStandig |
| **Subject:** | RE: Engelhorn v. Bolog et al., Discovery and Depositions |

Let's talk in the morning.  I can do 11 am if that works for others.  Zack, please send a Zoom invite.

O: (212) 504-6169 | M: +1 (917) 613-9164

**From:** Connolly, John <jconnolly@zuckerman.com>
**Sent:** Thursday, October 30, 2025 4:57 PM
**To:** Patrick Gardiner <patrick@hendersonlawllc.com>; Karlan, Matthew <Matthew.Karlan@cwt.com>
**Cc:** Shannen Osborne <Shannen@hendersonlawllc.com>; Schrieber, Zack <Zack.Schrieber@cwt.com>; Sam J. Alberts <sam.alberts@dentons.com>; Wes Henderson <wph@hendersonlawllc.com>; Patricia L. Lincoln <p.lincoln@ellis-law.com>; David F.-Associate Cook <david.f.cook@dentons.com>; Elysa Chew <elysa.chew@dentons.com>; George L. Medina <george.medina@dentons.com>; Murphy, Bill <wmurphy@zuckerman.com>; Gansler, Douglas <Douglas.Gansler@cwt.com>; Mac VerStandig <mac@dcbankruptcy.com>
**Subject:** RE: Engelhorn v. Bolog et al., Discovery and Depositions

Ok with me that the depo not occur on 11/17 but it's not our notice.

**From:** Patrick Gardiner <patrick@hendersonlawllc.com>
**Sent:** Thursday, October 30, 2025 4:56 PM
**To:** Connolly, John <jconnolly@zuckerman.com>; Karlan, Matthew <Matthew.Karlan@cwt.com>
**Cc:** Shannen Osborne <Shannen@hendersonlawllc.com>; Schrieber, Zack <Zack.Schrieber@cwt.com>; Sam J. Alberts <sam.alberts@dentons.com>; Wes Henderson <wph@hendersonlawllc.com>; Patricia L. Lincoln <p.lincoln@ellis-law.com>; David F.-Associate Cook <david.f.cook@dentons.com>; Elysa Chew <elysa.chew@dentons.com>; George L. Medina <george.medina@dentons.com>; Murphy, Bill <wmurphy@zuckerman.com>; Gansler, Douglas <Douglas.Gansler@cwt.com>; Mac VerStandig <mac@dcbankruptcy.com>
**Subject:** RE: Engelhorn v. Bolog et al., Discovery and Depositions

**EXTERNAL**

Matt and John,

I can be available until 6 today and we have general flexibility tomorrow for a call.

In terms of the immediate issue, if we can agree, at a minimum, that the deposition is not going forward on November 17, 2025, then at a minimum I do not need to file a motion today.

Let me know.

Best regards,
-Patrick

1



### Patrick D. Gardiner, Esquire
Henderson Law, LLC

2127 Espey Court, Suite 204
Crofton, MD 21114
Phone: (410) 721-1979
Fax: (410) 721-2258
Email: patrick@hendersonlawllc.com
Web: www.HendersonLawLLC.com



**CONFIDENTIALITY NOTICE AND DISCLAIMER**
This communication and any accompanying documents are confidential information that is legally privileged and intended only for the use of the person to whom it is addressed. If the reader of this message is not the named recipient or an employee or agent responsible for delivering this message to the named recipient, please notify me immediately that you have received this message in error. Then delete this message and any accompanying documents without copying or reading them. You are hereby notified that any review, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.

**TAX INFORMATION**
Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

---

**From:** Connolly, John <jconnolly@zuckerman.com>
**Sent:** Thursday, October 30, 2025 4:49 PM
**To:** Patrick Gardiner <patrick@hendersonlawllc.com>; Karlan, Matthew <Matthew.Karlan@cwt.com>
**Cc:** Shannen Osborne <Shannen@hendersonlawllc.com>; Schrieber, Zack <Zack.Schrieber@cwt.com>; Sam J. Alberts <sam.alberts@dentons.com>; Wes Henderson <wph@hendersonlawllc.com>; Patricia L. Lincoln <p.lincoln@ellis-law.com>; David F.-Associate Cook <david.f.cook@dentons.com>; Elysa Chew <elysa.chew@dentons.com>; George L. Medina <george.medina@dentons.com>; Murphy, Bill <wmurphy@zuckerman.com>; Gansler, Douglas <Douglas.Gansler@cwt.com>; Mac VerStandig <mac@dcbankruptcy.com>
**Subject:** RE: Engelhorn v. Bolog et al., Discovery and Depositions

We can make ourselves available for a meet and confer until 6 today and all day tomorrow.

As to the substance, we don't oppose tabling the Engelhorn deposition and other depositions until December 3, 2025, or until any motion to remand is resolved, whichever is sooner. But we don't think we should stay the production of documents relevant to the proposed Third Amended Complaint, including from Ms. Engelhorn. We continue to believe that Ms. Engelhorn's production to Whiteford is seriously deficient, as indicated in my letter to Patrick/Wes dated July 3. The production yesterday appears to be more documents largely from Bank of America files—and we are not sure why these documents were not produced before the Shaw deposition. As far as we can tell the production has few documents from Ms. Engelhorn's own files, including her three email addresses, or from the files of her counsel at Dentons, or from her own paper or other files. Also as far as we can tell Ms. Engelhorn has not produced any of her own copies of her email correspondence with Mr. Bolog (some of which Whiteford has produced), nor her communications with her trust advisors or family members regarding the $10 million gift. As indicated in the July 3 letter, if Plaintiffs' production is substantially complete, please so indicate so we can evaluate what if any motions we will need to file.

Thanks,

JJC

**From:** Patrick Gardiner <patrick@hendersonlawllc.com>
**Sent:** Thursday, October 30, 2025 4:34 PM
**To:** Karlan, Matthew <Matthew.Karlan@cwt.com>
**Cc:** Shannen Osborne <Shannen@hendersonlawllc.com>; Schrieber, Zack <Zack.Schrieber@cwt.com>; Sam J. Alberts <sam.alberts@dentons.com>; Wes Henderson <wph@hendersonlawllc.com>; Patricia L. Lincoln <p.lincoln@ellis-law.com>; David F.-Associate Cook <david.f.cook@dentons.com>; Elysa Chew <elysa.chew@dentons.com>; George L. Medina <george.medina@dentons.com>; Murphy, Bill <wmurphy@zuckerman.com>; Gansler, Douglas <Douglas.Gansler@cwt.com>; Connolly, John <jconnolly@zuckerman.com>; Mac VerStandig <mac@dcbankruptcy.com>
**Subject:** RE: Engelhorn v. Bolog et al., Discovery and Depositions

**EXTERNAL**

Matt,

Without addressing all points in your email, I am of course, agreeable to having a full meet and confer on this with WTP's counsel. However, timing is the issue. With the deposition scheduled for November 17, 2025, I must file the motion sufficiently in advance thereof to allow you to respond and permit the court the opportunity to rule, and I think that requires me to file no later than today. I am open to suggestions that would give us more time to discuss, as I do not want to file such a motion. I am around this afternoon for a call on this narrow issue of timing the motion.

Let me know your thoughts,
-Patrick



# Patrick D. Gardiner, Esquire
Henderson Law, LLC

2127 Espey Court, Suite 204
Crofton, MD 21114
Phone: (410) 721-1979
Fax: (410) 721-2258
Email: patrick@hendersonlawllc.com
Web: www.HendersonLawLLC.com



**CONFIDENTIALITY NOTICE AND DISCLAIMER**
This communication and any accompanying documents are confidential information that is legally privileged and intended only for the use of the person to whom it is addressed. If the reader of this message is not the named recipient or an employee or agent responsible for delivering this message to the named recipient, please notify me immediately that you have received this message in error. Then delete this message and any accompanying documents without copying or reading them. You are hereby notified that any review, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.

**TAX INFORMATION**
Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

**From:** Karlan, Matthew <Matthew.Karlan@cwt.com>
**Sent:** Thursday, October 30, 2025 4:10 PM
**To:** Patrick Gardiner <patrick@hendersonlawllc.com>
**Cc:** Shannen Osborne <Shannen@hendersonlawllc.com>; Schrieber, Zack <Zack.Schrieber@cwt.com>; Sam J. Alberts <sam.alberts@dentons.com>; Wes Henderson <wph@hendersonlawllc.com>; Patricia L. Lincoln <p.lincoln@ellis-law.com>; David F.-Associate Cook <david.f.cook@dentons.com>; Elysa Chew <elysa.chew@dentons.com>; George L. Medina <george.medina@dentons.com>; William J. Murphy Esq. <wmurphy@zuckerman.com>; Gansler, Douglas <Douglas.Gansler@cwt.com>; John Connolly <jconnolly@zuckerman.com>; Mac VerStandig <mac@dcbankruptcy.com>
**Subject:** Re: Engelhorn v. Bolog et al., Discovery and Depositions

Hi Patrick,

I have been in meetings, so I am just now seeing your email imposing a roughly 2-hour deadline before you file a motion for a protective order. As I'm sure you know, the rules require that we meet and confer before you file such a motion. I'm not available today, but perhaps we can find a time tomorrow or the next day for a Zoom to discuss these issues and potentials ways forward. That will also provide needed time for me to discuss your position with my client. I note that some of the issues you raise below are new, including your assertion that your just-filed motion to amend is a reason to delay Plaintiff's deposition.

I think counsel for WTP should attend the meet and confer if they are going to take any position on your contemplated motion for a protective order.

In any event, please send us windows of availability and we can set something up.

Thanks,
Matt


Sent from my iPad

> On Oct 30, 2025, at 2:45 PM, Patrick Gardiner <patrick@hendersonlawllc.com> wrote:
>
> Counsel,
>
> I am writing in follow-up to previous exchanges regarding discovery and our objection to scheduling depositions in this matter. I am preparing to file a motion for a protective order or, in the alternative, a motion to stay discovery today. I wanted to confer to see if the Bolog Defendants' position regarding discovery and depositions has changed in light of the pending Motion for Leave to Amend. Assuming I do not hear from counsel from the Bolog parties by 5:30 PM eastern, I will presume that their position remains unchanged and I will file the motion. I welcome input from counsel for WTP as well. I am generally available for a call this afternoon, should anyone wish to discuss.
>
> Ms. Engelhorn will not appear for a deposition on November 17, 2025. The Bolog Defendants noted the deposition of Claudia Engelhorn for November 17, 2025. We objected to the deposition proceeding on that date because of the pending Motion to Dismiss and the Bolog Defendants' discovery deficiencies. Correct me if I am mistaken, but I have not seen any document production

4

from the Bolog Defendants. It is reasonable for Plaintiff to insist on an opportunity to review such materials before sitting for a deposition where she will be questioned regarding information in said documents, and to do otherwise would be vexatious and prejudicial to the Plaintiff.

That said, with the pending Motion for Leave, the anticipated motion to remand, and the pending Motion to Dismiss, I would propose that we formally stay discovery entirely, pending the resolution of the motions. The rulings on said motions will narrow and simplify the claims and defenses at issue, and will address which court (and which rules) will govern discovery. There is no pressing need to conduct depositions in the next month or so, and doing so would impose unnecessary expense and burden as the parties conduct discovery over claims and issues that will be dismissed.

But we remain committed to resolving this dispute. I did not see a response to Wes's inquiry about whether the Bolog Defendants planned to produce any documents. Ms. Engelhorn will make herself available for a deposition at a reasonable time following the production of full production of documents from the Bolog Defendants. But assuming the Bolog parties produce complete documents in the near future, we could theoretically be in a position to schedule a deposition for early December, which they had previously proposed. However, this is a compromise as we believe the parties' and the court's resources would be better spent by foregoing discovery entirely until the resolution of the aforementioned pending and forecasted motions, as we already have a hearing scheduled for December 3, 2025.

Again, unless I hear otherwise, I will presume that the Bolog Defendants are not willing to stay discovery or reschedule the deposition after document production.

Best regards,
-Patrick



**Patrick D. Gardine Esquire**
Henderson Law, LLC

2127 Espey Court, Suite
Crofton, MD 21114
Phone: (410) 721-1979
Fax: (410) 721-2258
Email: patrick@hendersonlawllc
Web: www.HendersonLawLLC.



**CONFIDENTIALITY NOTICE AND DISCLAIMER**
This communication and any accompanying documents are confidential information that is legally privileged and intended only for the use of the person to whom it is addressed. If the reader of this message is not the named recipient or an employee or agent responsible for delivering this message to the named recipient, please notify me immediately that you have received this message in error. Then delete this message and any accompanying documents without copying or reading them. You are hereby notified that any review, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.

**TAX INFORMATION**
Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

NOTE: The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cadwalader, Wickersham & Taft LLP for any loss or damage arising in any way from its use.

NOTE: The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cadwalader, Wickersham & Taft LLP for any loss or damage arising in any way from its use.