**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>Debtor. | Case No. 25-184-ELG<br>(Chapter 11) |
| Claudia Engelhorn, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>Erik D. Bolog, *et al.*<br><br>Defendants. | Adv. Proc. No. 25-10044-ELG |

**THE BOLOG PARTIES' RESPONSE TO PLAINTIFFS' MOTION TO STAY DISCOVERY OR IN THE ALTERNATIVE**
**MOTION FOR PROTECTIVE ORDER (ECF NO. 81)**

The Bolog Parties[1] respectfully submit this response (the "Response") to the Engelhorn Parties'[2] Motion to Stay Discovery or in the Alternative Motion for Protective Order (ECF No. 81, the "Motion").

**INTRODUCTION**

1. It is a rare case indeed in which the plaintiff seeks to stay discovery. Yet, through their Motion, the Engelhorn Parties seek to put a stop to discovery just as the Parties are on the

---

[1] "Bolog Parties" collectively refers to defendants Erik D. Bolog ("Mr. Bolog"), Erik D. Bolog as Trustee of the JAREB Irrevocable Trust, dated October 11, 2021, Science Park Associates, LLC ("Science Park"), and Darnestown Road, Inc. ("Darnestown Road"). Capitalized terms not defined herein are ascribed the same meaning as in the Engelhorn Parties' motion.

[2] "Engelhorn Parties" collectively refers to plaintiffs Claudia Engelhorn, individually ("Ms. Engelhorn") and as trustee of the Whitewater Revocable Trust dated September 30, 2021 ("Whitewater Trust"), and White Pearl, LLC ("White Pearl").

cusp of concluding document productions, conducting depositions of the Parties, and moving forward with motions for summary judgment. The Motion is unfounded and should be denied. As explained below, to the extent the Motion sought to postpone Ms. Engelhorn's impending deposition, it is partially moot, though not for any of the reasons advanced by Plaintiffs. Rather, just today, Plaintiffs confessed that they have not even completed their search of Ms. Engelhorn's email account, nor can they commit to a date by which they will do so. Thus, there is no reasonable path to proceeding with her deposition as noticed on Monday. But while it is now too late to move forward efficiently with Monday's deposition in light of the witness's admitted failure to produce her own documents in a timely manner, the Bolog Parties submit that there are steps the Court can take to break the logjam. Specifically, the Court should set a discovery schedule, including a deadline for completion of document production, so that future depositions will not be similarly thwarted.

2.  The Engelhorn Parties' main argument—that discovery should be stayed until the Court decides certain pending or anticipated motions—is pretextual and without foundation. To date, the parties have proceeded with discovery over the past nine months through all of the following: (a) the Bolog Parties' petition for arbitration, and later motion to reconsider; (b) the Engelhorn Parties' motion to dismiss the Bolog Parties' counterclaims; (c) former defendant Swain Landing LaPlata JC LLC's removal of this case to Maryland District Court, and that court's referral to the Maryland Bankruptcy Court; (d) Swain Landing's motion to transfer to this Court; (e) the Engelhorn Parties' voluntary dismissal of Swain Landing; (f) the Bolog Parties' successful motion to transfer to this Court; and (g) the Engelhorn Parties' unsuccessful motion for remand or abstention.

3.  Not once during any of this did the Engelhorn Parties seek to stay discovery—until

Ms. Claudia Engelhorn was noticed for her deposition. To the contrary, the Engelhorn Parties have consistently beat the drum of their sanctions motion against the Bolog Parties—claiming not only that discovery was open, but that the Bolog Parties were in default for moving too slowly. Yet, only this morning, Plaintiffs admitted that they had not even completed a search of Ms. Engelhorn's email inbox and were still in talks with a vendor to do so, more than a year after filing this case. (*See* Exhibit G.)

4. No rule absolves a party of the obligation to appear for a noticed deposition simply because other discovery allegedly remains outstanding. *See, e.g.*, Fed. R. Civ. P 26(d)(3) (Generally, "(A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."). Rather, the only legitimate basis to delay Ms. Engelhorn's deposition is the one that is actually holding things up: Ms. Engelhorn, *the witness*, still has not produced her own documents on which she will be examined.

5. Even if Mr. Bolog's documents and communications were relevant to the timing of Plaintiff's deposition—and they are not—the fact is that they have almost entirely been produced. As explained in the Bolog Parties' opposition to the Engelhorn Parties' sanctions motion (Exhibit F), Mr. Bolog used his email address with defendant Whiteford Taylor and Preston LLP ("WTP") to communicate with Ms. Engelhorn and other relevant parties during the relevant time period. WTP has *already* produced such communications, totaling thousands of documents. Regardless, the status of Mr. Bolog's document productions has no bearing on whether Ms. Engelhorn could sit for a deposition concerning *her* knowledge of the allegations *she* has lodged in this case.

6. These delays should end. In addition to denying the Motion, the Bolog Parties request that the Court enter an order setting forth a document production deadline and, if necessary, set a discovery conference for December 3, 2025. This will ensure that the Parties move forward

in discovery, with the goal of completing both document productions and depositions in the coming months so that summary judgment motions may be filed in the first quarter of 2026. Plaintiffs can have no legitimate objection, as the operative schedule prior to removal (which was extended at Plaintiffs' request) required that all discovery be completed by January 7, 2026.

7. Lastly, particularly in light of the Engelhorn Parties' failure to properly engage in the discovery process, their pending motion for sanctions against the Bolog Parties should be denied. As explained in the Bolog Parties' opposition, that motion, like this one, is unfounded. The Engelhorn Parties have played games with discovery by using it as a sword against the Bolog Parties when convenient, and as a shield to avoid their discovery obligations when it no longer suits them. Such behavior should not be countenanced by the Court.

8. For the following reasons, the Bolog Parties request that the Court deny the Motion, establish a deadline for all Parties to complete document productions, and deny the Engelhorn Parties' motion for sanctions.

**FACTUAL BACKGROUND**

9. On July 23, 2025, the Bolog Parties served document requests on Ms. Engelhorn. Under Rule 34(b)(2) of the Federal Rules of Civil Procedure, Ms. Engelhorn's responses and objections were due thirty days thereafter on August 22, 2025. Ms. Engelhorn failed to respond by that deadline and did not seek any extension of time by which to respond.

10. On September 19, 2025, the Bolog Parties served notice on Ms. Engelhorn that she was in default by failing to respond to the Bolog Parties' document requests and had therefore waived any objection thereto. (Exhibit A at 1.)

11. On September 23, 2025, Plaintiffs wrote to the Bolog Parties, belatedly taking the position that they were under no obligation to respond to any discovery served following removal

to federal court until the parties had conferred under Rule 26(f). (*See* Exhibit B.) (As the Court recently confirmed, this was not the case, as discovery continued upon removal from state court.)

12. On September 25, 2025, without conceding that a Rule 26(f) conference was necessary, the Bolog Parties proposed that the parties "have one next week so that doesn't hold things up." (Exhibit C at 2.) The Engelhorn Parties responded that they could "make 11 AM on Wednesday for a call on our end." (Exhibit I at 2.)

13. In that same correspondence, the Bolog Parties requested dates when Ms. Engelhorn would be available for a deposition. (Exhibit C at 2.)

14. But in the morning of October 1, 2025, just hours before the scheduled Rule 26(f) conference, the Engelhorn Parties backtracked, stating that they "do not view this call as a Rule 26(f) conference, nor do [they] believe such a conference is appropriate at this time" until resolution of their then-pending remand and abstention motion (ECF No. 42) was resolved. (Exhibit C at 1.)

15. On October 10, 2025, this Court denied the Engelhorn Parties' motion for remand and abstention (ECF No. 75) and directed the parties to meet and confer on a joint proposed case schedule. The Court then scheduled a status conference for October 29, 2025.

16. Later that afternoon, counsel for the Engelhorn Parties stated they would "circulate a proposed Scheduling Order" and requested that the Parties meet-and-confer on a proposed schedule in this case on October 14 or 15. (Exhibit D at 2.) Counsel for the Bolog Parties stated that they could likely be available on one of those two dates. (*Id.*)

17. On the morning of October 13, 2025, counsel for the Engelhorn Parties informed the Bolog Parties that they had been unable to draft the scheduling order due to illness but would "try to get a document circulated either later today or early tomorrow morning." (*Id* at 1.)

18.     On October 14, 2025, counsel for the Engelhorn Parties communicated to the Bolog Parties and WTP that it "may take a few more days to circulate a draft of the scheduling order and set up a call to discuss any issuers [sic]." (Exhibit E at 1.)

19.     On October 20, 2025, the Bolog Parties served a deposition notice on Ms. Claudia Engelhorn, noticing her deposition for November 17, 2025.

20.     On October 24, 2025, the Engelhorn Parties responded that Ms. Engelhorn was not agreeable to appearing for a noticed deposition, citing allegedly outstanding discovery requests.[3]

21.     On October 29, 2025, following the status conference before this Court, the Engelhorn Parties served out-of-time responses and objections to the Bolog Parties' document requests, and produced certain documents.

22.     The Bolog Parties, Engelhorn Parties, and WTP have, in recent weeks, met-and-conferred by both email and videoconference to resolve outstanding discovery disputes. In particular, WTP has requested that the Engelhorn Parties run certain search terms on Ms. Engelhorn's email inboxes to satisfy Plaintiffs' discovery obligations.

23.     While the Bolog Parties initially believed that that the deposition of Ms. Engelhorn could proceed on November 17, 2025, it has become clear (after receiving no further production from Plaintiffs) that it must be adjourned due to the Engelhorn Parties' failure to comply with their discovery obligations. In an effort to globally resolve the discovery disputes between the Parties, counsel for the Bolog Parties therefore proposed: (a) an adjournment of Ms. Engelhorn's deposition; (b) that the Parties agree on a mutual date to complete all document productions; and (c) that the Engelhorn Parties withdraw their pending motion for sanctions against the Bolog

---

[3] The Engelhorn Parties' position was inaccurate as the Bolog Parties had already served verified responses and objections to the Engelhorn Parties' interrogatories and explained that Mr. Bolog's relevant documents had already been produced by WTP.

Parties, given that Plaintiffs have admittedly not completed their own document review and production. (*See* Exhibit G. at 2.)

24. Earlier this morning, the Engelhorn Parties responded to the Bolog Parties' proposal and confirmed they have still failed to conduct a full search and review of Ms. Engelhorn's email inbox in response to both the Bolog Parties' and WTP's document requests, and were unable to provide a timeline for completion of their document production. Plaintiffs stated:

> ***Plaintiffs are currently finalizing logistics with an IT vendor to conduct a search of the Plaintiffs' emails*** using the list of terms provided. At this time, it is difficult to predict how long our process will take, as ***Plaintiffs do not yet know how voluminous the results will be.*** Presently, it is premature to set a specific date for the completion of all document production.

(Exhibit. G at 1 (emphasis added).)

## ARGUMENT

### I. The Court Should Not Stay Discovery

25. A discovery stay is not warranted and would be counterproductive. The Bolog Parties, Engelhorn Parties, and WTP are nearing completion of their document productions. Depositions of key witnesses[4] have already taken place, including after removal on June 10, 2025, more than five months ago. The case is headed towards motions for summary judgment and final resolution. To pull the breaks on discovery now would only cause unnecessary delay and prejudice the Bolog Parties.

26. The Engelhorn Parties' contention that Ms. Engelhorn's deposition should not take place until after the Bolog Parties complete their document productions (Motion ¶ 2) is unfounded

---

[4] The deposition of Sarah Mayo, the notary and witness who observed Ms. Engelhorn sign the Notice of Gift, JAREB Irrevocable Trust Agreement, and Transfer Instructions was taken on June 2, 2025. Ms. Jennifer Shaw, Ms. Engelhorn's banker at Bank of America, who witnesses Ms. Engelhorn approve the gift telephonically, was deposed on July 29, 2025.

for two reasons. First, the Engelhorn Parties already have most, if not all, of Mr. Bolog's documents relevant to this proceeding. Mr. Bolog used his email address at WTP during the relevant time period and WTP has produced over 6,400 documents, of which approximately 3,400 contain Mr. Bolog's WTP email address. *See* Bolog Parties Opp. to Motion for Sanctions, Exhibit F ¶ 2. To the extent any of Mr. Bolog's documents have yet to be produced, they would represent only small fraction of the universe of relevant documents. Second, the Bolog Parties' documents are irrelevant as to whether Ms. Engelhorn could sit for a deposition and testify on the claims and merits of her own case. And even if it were otherwise, WTP's extensive production of Mr. Bolog's documents should more than alleviate any of the Engelhorn Parties' concerns they purportedly have in preparing for Ms. Engelhorn's deposition.

27. Similarly, the Engelhorn Parties' argument that discovery should be stayed "during the pendency of threshold motions" (Motion ¶ 15) is belied by their own argument that the Bolog Parties were obligated to produce documents during the pendency of their arbitration petition, a "threshold" motion that would have "streamlined"[5] this case many months ago. Reconsideration of the Bolog Parties' arbitration petition is still pending before this Court, as is their related motion under the FAA (ECF No. 41). And while these arbitration issues may be mooted if the Court grants Plaintiffs' recently filed motion to drop the arbitrable claims from their complaint via amendment, the point remains that none of these motions has previously stopped discovery.

28. The same goes for the Engelhorn Parties' pending Motion to Dismiss the Counterclaims. The Bolog Parties have asserted four counterclaims against the Engelhorn Parties: (i) defamation of Mr. Bolog; (ii) indemnification by the Whitewater Revocable Trust; (iii) abuse

---

[5] The claims the Bolog Parties seek to compel into arbitration are now the same ones that the Engelhorn Parties seek to dismiss through their Motion for Leave to Amend.

of process; and (iv) breach of contract for failing to compensate Mr. Bolog for his services as co-trustee of the Whitewater Revocable Trust. None of these claims is likely to require significant discovery, and whether they survive the motion to dismiss should not stand in the way of proceeding with the merits of this case. Indeed, it is well-established that there is no automatic stay of discovery pending a motion to dismiss especially where, as here, movant "has failed to demonstrate beyond mere allegations that resources will be conserved by granting the stay" and "that its motion to dismiss will be granted." *People With Aids Health Grp. v. Burroughs Wellcome Co.*, 1991 WL 221179, at *1 (D.D.C. Oct. 11, 1991). "Generally, a pending motion to dismiss is not a good reason to stay discovery." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 2007 WL 9706653, at *2 (D.D.C. Aug. 31, 2007).

29. Plaintiffs' cases are distinguishable because they involved motions that potentially could resolve the entire action. *See Loumiet v. United States*, 225 F. Supp. 3d 79, 81 (D.D.C. 2016) ("courts in this district have often stayed discovery while a motion that would be thoroughly dispositive of the claims in the Complaint is pending") (internal quotations omitted); *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 54 (D.D.C. 2015) ("The pending motions . . . may resolve the *entire* matter.") (emphasis added); *White v. Fraternal Ord. of Police*, 909 F.2d 512, 516 (D.C. Cir. 1990) (affirming stay of discovery during pendency of motion to dismiss complaint that would resolve the case (which the court construed as a motion for summary judgment)).

30. Here, no dispositive motion that would resolve this entire proceeding is pending before the Court. Plaintiffs' Motion for Leave to Amend seeks to abandon certain claims and parties, while leaving the claims concerning Ms. Engelhorn's $10 million gift.[6] The Motion to

---

[6] The Engelhorn Parties contend that the remaining claims would focus on the alleged "wrongful transfer of $10 million from the Plaintiff's account to a *revocable* trust for the *benefit of her attorney and co-trustee*,

Dismiss the Counterclaims would only address the Bolog Parties' counterclaims. And any forthcoming motion for remand would simply attempt to send this case back to the Maryland Circuit Court, where the same discovery would proceed.

## II. The Court Should Issue a Discovery Schedule

31. Under the Maryland Circuit Court's operative scheduling order at the time of removal, discovery was to conclude on January 7, 2026. (Exhibit H at 1.) While it would now be optimistic to expect both document productions and depositions to conclude before that date, the Bolog Parties request that this Court enter a scheduling order setting January 7, 2026, as the final date for all parties to complete document production. This will allow the Parties time to complete their review of document productions, schedule depositions thereafter, and move for summary judgment within the first quarter of 2026.

32. For the foregoing reasons and those articulated in the Bolog Parties Opposition to Plaintiff's Motion for Sanctions (Exhibit F), the Court should also deny the Engelhorn Parties' Motion for Sanctions, which was without basis at the time it was filed, and is clearly unjustified in light of the current status of discovery and Plaintiffs' admitted failure to complete their production, even long after their sanctions motion.

## CONCLUSION

Accordingly, the Bolog Parties respectfully request that the Court (a) deny the Motion, (b) order that all Parties complete their document productions by January 7, 2026, and (c) deny the Engelhorn Parties' motion for sanctions.

---

Erik Bolog." (Motion ¶ 4 (emphasis added).) This argument is inconsistent with Ms. Engelhorn's own words. In the Notice of Gift Ms. Engelhorn signed concurrently with effectuating the Gift, Ms. Engelhorn stated that her intentions were to make "*a gift* to an *irrevocable* trust for the *benefit of you [Mr. Bolog] and your family*" "as a result of *our friendship* . . . and my desire to share my good fortune with my *very dear friend and his family*." (Exhibit J. at 1, 3 (emphasis added).)

-10-

Dated:   November 13, 2025

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

*[signature]*

Douglas F. Gansler (Bar Number: 425465)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

By: /s/ Matthew M. Karlan
Matthew M. Karlan*
(signed by Douglas F. Gansler with permission of Matthew M. Karlan)
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, NY 10281
Matthew.Karlan@cwt.com
Telephone: (212) 504-6000

*Pro hac vice pending

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2025, a copy of the foregoing was served on counsel of record electronically via CM/ECF, and remaining parties by first class mail.

**Counsel of Record Served via CM/ECF:**
Sam J. Alberts (sam.alberts@dentons.com)
**Dentons US LLP**
1900 K St NW
Washington, DC 20006

Wes P. Henderson (wph@hendersonlawllc.com)
Patrick Gardiner (patrick.hendersonlawllc.com)
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly (jconnolly@zuckerman.com)
William J. Murphy (wmurphy@zuckerman.com)
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice Belmont VerStandig (mac@mbvesq.com)
**The VerStandig Law Firm, LLC**
9812 Falls Road #114-160
Potomac, MD 20854
*Counsel for Swain Landing LaPlata JC, LLC*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

Respectfully,

*/s/ Douglas Gansler*

Douglas F. Gansler (Bar Number: 425465)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*