**EXHIBIT F**

E-FILED; Baltimore City Circuit Court
Docket: 6/9/2025 3:21 PM; Submission: 6/9/2025 3:21 PM
Envelope: 21556563

IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **CLAUDIA ENGELHORN,** *et al.*, ) <br> ) <br> ) <br> *Plaintiffs* ) <br> ) <br> v. ) <br> ) <br> ) <br> **WHITEFORD, TAYLOR & PRESTON,** ) <br> **LLP et al.,** ) <br> ) <br> ) <br> *Defendants*. ) <br> ) | Case No.: C-24-CV-24-002631 |

### BOLOG DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS (HEARING REQUESTED)

Erik D. Bolog ("Mr. Bolog"), Erik D. Bolog as trustee of the JAREB Irrevocable Trust dated October 11, 2021 ("Trustee"), Science Park Associates, LLC, and Darnestown Road, Inc. (collectively, the "Bolog Defendants") hereby oppose Plaintiff Claudia Engelhorn's Motion for Sanctions (The "Motion for Sanctions")[1] and argue as follows:

1. Plaintiff—who has herself produced only a relative handful of documents in this case to date, and a fraction of the thousands produced by Defendants—seeks potentially case-terminating sanctions against the Bolog Defendants despite their good faith compliance with the Court's orders and the applicable rules. The Motion for Sanctions should be denied.

2. Here is the state of play: At the time Plaintiff filed the Motion for Sanctions, *Plaintiff* had not yet produced *any* documents in this case. For their part, the Bolog Defendants expect to have very few, if any, relevant documents in their possession because, as Plaintiff well

---

[1] The Motion for Sanctions was filed at 4:57 pm on the Friday before Memorial Day weekend without attempting to meet and confer on the Bolog Defendants' discovery responses served on April 24, 2025, or compliance with the Court's Order prior to filing.

knows, Mr. Bolog used his email address at Whiteford, Taylor and Preston, LLP ("WTP") during the relevant time period, but he no longer has access to that account following his separation from the firm. As a result, and as is common for former employees, his documents and communication must be produced by WTP, which maintains those files. To date, WTP has produced over 6,400 documents of which *at least 3,400 contain Mr. Bolog's WTP email address*. Meanwhile, Plaintiff has produced only about 116 documents—less than 2% of the volume produced by Defendants collectively—all of which were belatedly produced *after* Plaintiff filed her Motion for Sanctions.

3. Indeed, Plaintiff's Motion for Sanctions is particularly improper given that Plaintiff previously approached Defendants to ask for—and receive—more time for discovery (90 additional days), largely due to what Plaintiff's counsel described as the "the *extreme volume* of WTP's discovery materials," much of which consist of Mr. Bolog's documents and communications from the relevant time period. Ex. A (emphasis added).

4. And Plaintiff has not shown, or even tried to show, any prejudice purportedly suffered from the Bolog Defendants' discovery responses.

5. The Bolog Defendants have acted in good faith in seeking to comply with this Honorable Court's April 8, 2025, Order Compelling Discovery (the "Order").[2]

6. In its Order, the Court ordered that:

> Defendants Darnestown Road, Inc. and Science Park Associates, Inc. produce full and complete responses to Plaintiff's Interrogatories in compliance with Maryland Rule 2-421(b) within fifteen (15) days of the docketing of this order, [and]
>
> Defendants Erik D. Bolog, Individually and as Trustee for the JAREB Irrevocable Trust, Darnestown Road Inc., and Science Park Associates Inc. produce full and complete responses to Plaintiff's Requests for Production of

---

[2] The Order was docketed on April 9, 2025.

2

>   >   Documents within fifteen (15) days of the docketing of this order.

(Order at 1.)

7. Following the Court's Order, the Bolog Defendants filed their Petition for an Order Compelling Arbitration and Staying Proceedings (the "Petition for Arbitration") on April 18, 2025,[3] which sought to compel arbitration of the following claims—including *all* claims against Darnestown Road and Science Park—concerning transactions made by the Whitewater Revocable Trust, dated September 30, 2021 (the "Whitewater Trust"):

- Counts X and XI (constructive trust over Darnestown Road, and Swain Landing, respectively);

- Counts XIII and XIV (dissolution and liquidation of Swain Landing); and

- Counts XVII, XVIII, and XIX (fraudulent conveyance, fraud, and unjust enrichment related to Science Park).[4]

8. Following submission of the Petition for Arbitration, this action was automatically stayed as to the Whitewater Investment Claims. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-209(a) ("A court shall stay any action or proceeding involving an issue subject to arbitration if: (1) *A petition for order to arbitrate has been filed*; or (2) An order for arbitration has been made.") (emphasis added); *see also Questar Homes of Avalon, LLC v. Pillar Constr., Inc.*, 388 Md. 675, 685 (2005) (The courts must then "stay any action or proceeding involving an issue subject to arbitration," *where a petition to arbitrate has been filed* or an order to arbitrate has been made.") (emphasis added).

9. On April 24, 2025, in accordance with the Court's Order, the Bolog Defendants submitted full and complete responses and objections to all document requests and

---

[3] The Bolog Defendants did not file a Petition for Arbitration earlier because they only received a copy of the Whitewater Trust Agreement on or around February 20, 2025.

[4] Collectively, these are the "Whitewater Investment Claims."

3

interrogatories served by Plaintiff (the "Responses and Objections"), except for those document requests and interrogatories concerning the stayed Whitewater Investment Claims.

10. To any of Plaintiff's interrogatories concerning the Whitewater Investment Claims, the Bolog Defendants responded with the following objection:

> In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration. (*See e.g.*, Ex. B at 7.)

11. To any of Plaintiff's document requests concerning the Whitewater Investment Claims, the Bolog Defendants responded with the following objection:

> In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration. (*See, e.g.*, Ex. C at 8.)

12. The Bolog Defendants also informed Plaintiff that they would supplement their Responses and Objections "following the resolution of Defendant's Petition and any subsequent arbitration of the claims asserted by Plaintiff." (*See, e.g.*, Ex. B and C, General Objection No. 1.)

13. On April 30, 2025, following submission of the Petition for Arbitration, counsel for Plaintiff emailed counsel for the Bolog Defendants inquiring about an extension of the operative schedule in this action, due, in part, to "the ongoing dispute between your camp and our camp regarding the arbitrability of Whitewater's claims," "and the extreme volume of WTP's discovery materials." Ex. A. The Bolog Defendants agreed to an extension of the discovery and

4

trial schedule by approximately 90 days. Thus, the revised trial and discovery schedule extended the earliest discovery deadline, for Plaintiffs to disclose expert witnesses, by approximately three months to August 11, 2025.

14. On May 14, 2025, the Court issued an order amending the discovery and trial schedule.

15. Under the revised schedule, discovery is not scheduled to close until January 7, 2026 and trial is not scheduled to begin until June 15, 2026.

16. On June 4, 2025, this Honorable Court issued an order denying the Petition for Arbitration.

17. On June 9, 2025, the Bolog Defendants filed a motion seeking the Court's reconsideration of its denial of the Petition for Arbitration (the "Motion for Reconsideration"). By virtue of the court's reconsideration of the Petition for Arbitration, the Bolog Defendants submit that the stay as to the Whitewater Investment Claims should remain in effect.

18. Nonetheless, the Bolog Defendants recognize that the Petition for Arbitration served as one of the bases for the Bolog Defendants' objections to Plaintiff's document requests and interrogatories concerning the Whitewater Investment Claims. Accordingly, the Bolog Defendants sought to amicably resolve the Motion for Sanctions with Plaintiff by agreeing to produce amended responses and objections to Plaintiff by Friday June 13, 2025, notwithstanding the still-pending Motion for Reconsideration. Unfortunately, Plaintiff declined this proposal.

19. In any event, Plaintiff's requested relief is inappropriate here. Plaintiff has articulated no argument in support of its Motion for Sanctions nor has it provided any case law demonstrating that its requested relief is appropriate to the circumstances, which are as follows: The Bolog Defendants have complied with the Court's Order by submitting full and complete responses and objections to all of Plaintiff's document requests and interrogatories, except for

5

those concerning the stayed Whitewater Investment Claims. And, as soon as the Court denied the petition for arbitration, the Bolog Defendants indicated to Plaintiff that they would serve amended responses in approximately one week. Meanwhile, Plaintiff has produced a tiny fraction of the relevant discovery in this case, and Plaintiff's motion does not so much as address the admittedly substantial volume of Mr. Bolog's documents and communications that she has received from WTP, his prior firm.

20. Instead, Plaintiff summarily requests that the Court enter an extreme order striking Science Park and Darnestown Road's Counterclaims, deeming Plaintiff's allegations regarding Science Park and Darnestown Road in the Second Amended Complaint as established, prohibiting Mr. Bolog and the Trustee from supporting any defense to Plaintiff's claims, prohibiting Mr. Bolog from supporting any of his Counterclaims, and prohibiting Mr. Bolog and Trustee from relying on documents or submitting documents into evidence documents that would be responsive to Plaintiff's document requests. (Motion for Sanctions at 4-5.)

21. This requested relief is "among the gravest of sanctions, and as such, is warranted only in cases of egregious misconduct." *Butler v. S & S P'ship*, 435 Md. 635, 653 (2013). Nothing of the sort has occurred here.

22. Plaintiff's argument that Science Park and Darnestown Road have not submitted executed and sworn responses to interrogatories is misplaced. The Maryland Rules only require that a "*response . . .* be signed by the party making it." Md. Rules 2-421(b) (emphasis added). Because Science Park and Darnestown Road *objected* to the document requests and interrogatories served on them on grounds they were stayed pending resolution of the Petition for Arbitration, they have not served any "responses." (*See e.g.*, Ex. B.) When Science Park and

6

Darnestown Road submit responses to Plaintiff's interrogatories, they will, of course, produce executed and sworn copies in accordance with Md. Rules 2-421.[5]

23. Regardless, before a court will issue sanctions for not submitting executed and sworn interrogatories (or produce documents), it will issue a further warning to the party before it will order that the party is "precluded from introducing evidence regarding matters which were specifically requested in [the] discovery request and not provided." *See Tucker v. Lee*, 2020 WL 556214, at *1 (Md. Ct. Spec. App. Feb. 4, 2020).

24. Plaintiff also contends that the Bolog Defendants have not yet produced documents in this action. But Mr. Bolog and the Trustee served objections to Plaintiff's document requests, including on the grounds that they were not clear and readily understandable. And in the 29 days from service of the Responses and Objections on April 24, 2025, to filing of the Motion for Sanctions on May 23, 2025, Plaintiff did not seek to meet and confer on any of the objections submitted by the Bolog Defendants to Plaintiff's document requests, did not seek to clarify any of the documents requests, and did not propose any search terms to the Bolog Defendants.

25. Plaintiff's requested relief would not only unfairly hamstring the Bolog Defendants from defending this action or prosecute their Counterclaims, it would potentially seal the case in favor of Plaintiff. The "draconian sanctions, of dismissing a claim or precluding the evidence necessary to support a claim, are normally reserved for persistent and deliberate violations that actually cause some prejudice, either to a party or to the court." *Watson v. Timberlake*, 253 A.3d 1094, 1104 (Md. Ct. Spec. App. 2021) (internal quotations omitted). Where, as here, "there is no 'egregious violation' or 'opprobrious behavior'" and "no real prejudice to the

---

[5] Mr. Bolog and the Trustee have already produced executed and sworn responses to Plaintiff's interrogatories.

7

[Plaintiff] or the court," a court will not issue "the 'draconian sanction' of 'precluding the evidence necessary to support [Petitioner's] claim.'" *Butler*, 435 Md. at 653 (internal citations omitted).

26. Such enormous relief cannot be appropriate in these circumstances, where the Bolog Defendants have already complied with the Court's Order by submitting responses and objections to Plaintiff's document requests and interrogatories except for those concerning the stayed Whitewater Investment Claims. That is particularly so given that Plaintiff has already received *thousands* of Mr. Bolog's documents from WTP, the custodian of most, if not all, of Mr. Bolog's relevant records related to this matter. Plaintiff has suffered no prejudice, nor will she. Indeed, the elongated discovery schedule that Plaintiff herself requested ensures there will be adequate time to work out any discovery issues once the Bolog Defendants submit updated responses and objections to outstanding discovery requests concerning the Whitewater Investment Claims and the parties complete the required meet-and-confer process.

27. Accordingly, the Court should deny the Motion for Sanctions in full and instead grant the Bolog Defendants until Friday, June 13, 2025, to submit responses and objections to any outstanding discovery requests concerning the Whitewater Investment Claims. The Court should thereafter direct the parties to engage in meet-and-confers to address any remaining discovery disputes.

8

Dated:       June 9, 2025

>Respectfully submitted,
>
>CADWALADER, WICKERSHAM & TAFT LLP
>
>Respectfully,
>
>*[signature]*
>
>Douglas F. Gansler (Bar Number: 8912180208)
>Cadwalader, Wickersham & Taft LLP
>1919 Pennsylvania Ave N.W.
>Washington D.C. 20006
>Douglas.Gansler@cwt.com
>Telephone: (202) 862-2300
>
>*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this June 9th, 2025, a copy of the foregoing was served electronically via MDEC upon counsel of record, and remaining parties served via first class mail.

**Counsel of Record Served via MDEC:**
Wes P. Henderson
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly
William J. Murphy
Kirk E. MacKinnon Morrow
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue, Unit 103
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**Swain Landing LaPlata JC, LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court, Apt. 606
Clinton, MD 2073

Respectfully,

Douglas F. Gansler (8912180208)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*

10