## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>　　　　　　　　　　Debtor.<br><br><br>Claudia Engelhorn, *et al*.<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>Erik D. Bolog, *et al*.<br><br>　　　　　　　　　　Defendants. | Case No. 25-184-ELG<br>(Chapter 11)<br><br><br><br><br><br>Adv. Proc. No. 25-10044-ELG |

### STIPULATION

The Engelhorn Parties,[1] the Bolog Parties,[2] and Whiteford, Taylor & Preston LLP ("WTP" and collectively with the Engelhorn Parties and the Bolog Parties, the "Parties") respectfully submit this Stipulation concerning the Engelhorn Parties' motion to amend (ECF No. 79) (the "Motion to Amend") in the above-captioned adversary proceeding currently pending in the United States Bankruptcy Court for the District of Columbia (the "Court").

**WHEREAS** on September 10, 2024, the Engelhorn Parties initiated the proceeding entitled *Claudia Engelhorn, et al v. Erik D. Bolog, et al* (C-24-CV-24-002631) (the "Civil Action") in the Circuit Court for Baltimore City, Maryland (the "Maryland Circuit Court") and named as

---

[1] The "Engelhorn Parties" collectively refers to plaintiffs Claudia Engelhorn, individually ("Ms. Engelhorn") and as trustee of the Whitewater Revocable Trust dated September 30, 2021 ("Whitewater Trust"), and White Pearl, LLC ("White Pearl").

[2] The "Bolog Parties" collectively refers to defendants Erik D. Bolog ("Mr. Bolog"), Erik D. Bolog as Trustee of the JAREB Irrevocable Trust, dated October 11, 2021, Science Park Associates, LLC ("Science Park"), and Darnestown Road, Inc. ("Darnestown Road").

defendants the Bolog Parties, WTP, Michael Postal ("Mr. Postal"), POJO LaPlata LLC ("POJO"), Swain Landing LaPlata JC, LLC ("Swain Landing"), and Tenacity Investments, LLC ("Tenacity Investments") (the Bolog Parties, WTP, Mr. Postal, POJO, Swain Landing, and Tenacity Investments are collectively referred to herein as the "Defendants").

**WHEREAS** the Engelhorn Parties filed an Amended Complaint in the Civil Action on October 31, 2024, and a Second Amended Complaint in the Civil Action on February 5, 2025.

**WHEREAS** WTP and the Bolog Parties answered the Second Amended Complaint on February 11 and 20, 2025, respectively.

**WHEREAS** on March 24, 2025, the Bolog Parties asserted counterclaims against the Engelhorn Parties (the "Counterclaims").

**WHEREAS** on May 15, 2025, Swain Landing filed a voluntary petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., in this Court (the "Swain Landing Bankruptcy Case").

**WHEREAS** on June 10, 2025, Swain Landing removed the Civil Action to the United States Bankruptcy Court for the District of Maryland (the "Maryland Bankruptcy Court").

**WHEREAS** on August 7, 2025, the Engelhorn Parties filed proofs of claim against Swain Landing in the Swain Landing Bankruptcy Case (each a "Proof of Claim," collectively, the "Engelhorn Proofs of Claim"). *See* Proofs of Claim Nos. 2-5. On November 18, 2025, Ms. Engelhorn and Whitewater Trust withdrew their Proofs of Claim and White Pearl amended its Proof of Claim.

**WHEREAS** on August 8, 2025, the Engelhorn Parties voluntarily dismissed their claims in the Civil Action against Swain Landing without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure.

2

**WHEREAS** following a hearing on September 15, 2025, the Maryland Bankruptcy Court issued an order on September 23, 2025, transferring the Civil Action to this Court.

**WHEREAS** following a hearing on October 10, 2025, this Court denied the Engelhorn Parties' motion for abstention and/or remand of the Civil Action in an order entered on October 14, 2025 (ECF No. 75).

**WHEREAS** on October 30, 2025, the Engelhorn Parties filed the Motion to Amend in order to obtain leave to file a third amended complaint in the Civil Action.

**WHEREAS**, on November 18, 2025, the Engelhorn Parties filed a renewed motion for abstention and/or remand of the Civil Action (ECF No. 87).

**WHEREAS** the Parties agree that in accordance with and subject to the terms of this Stipulation, the Motion to Amend should be granted by the Court in the form of order attached hereto (the "Amendment Order").

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES SUBJECT TO ENTRY OF THE AMENDMENT ORDER, WHICH SHALL NOT BE STAYED OR APPEALED**:

1. The Parties consent to entry of the Amendment Order.

2. Upon entry of the Amendment Order, the following counts asserted in the Second Amended Complaint in the Civil Action are deemed dismissed with prejudice as to all Defendants (excluding Swain Landing, which was previously dismissed without prejudice) (the "Dismissed Claims"):

    a. **Count III**: Fraud;

    b. **Count IV**: Fraud;

    c. **Count V**: Fraud;

    d. **Count X**: Constructive Trust;

    e. **Count XII**: Aiding and Abetting Breaches of Fiduciary Duty;

3

      f.      **Count XIII**: Petition for Dissolution & Liquidation – Statutory Under Corps. & Assoc. 4A-903, *et seq*.;

      g.      **Count XIV**: Petition Seeking Liquidation and Dissolution of Defendant Swain Landing and Appointment of Receiver or Special Fiscal Agent (or for the Court to Fashion Alternative Equitable Remedies) at Common Law;

      h.      **Count XVII**: Fraudulent Conveyance;

      i.      **Count XVIII**: Fraud;

      j.      **Count XIX**: Unjust Enrichment.

3.    Included within the Dismissed Claims are the portions of Count VII (Breach of Fiduciary Duty), relating to the transfer of $4,655,765 for Science Park's debt, transferring $350,000 to Darnestown Road, and transferring $585,000 to Swain Landing. The remainder of Count VII relating to the drafting of documents for, solicitation of, and the transfer of $10,000,000 to JAREB is not dismissed and shall continue as amended by and in the Third Amended Complaint.

4.    The Engelhorn Parties agree they shall not seek leave to amend their Complaint to assert any of the Dismissed Claims in this Action or, if remanded, in the Maryland Circuit Court. Additionally, the Engelhorn Parties agree not to assert any of the Dismissed Claims against any of the Defendants (or WTP's current or former partners, associates, employees, or agents) in any other action or proceeding.

5.    Notwithstanding the foregoing, and for the avoidance of doubt, dismissal with prejudice of the Dismissed Claims shall not preclude the Engelhorn Parties from (a) asserting any defense to claims asserted against the Engelhorn Parties in this or any other action arising from and/or relating to the Dismissed Claims, (b) taking discovery regarding any matter that is relevant to their claims and defenses, (c) pursuing any claim against Swain Landing under the Engelhorn Proofs of Claim (including any amendment thereof) in the Swain Landing Bankruptcy Case, which Proofs of Claim are unaffected by this Stipulation and Order, (d) asserting the Dismissed Claims

against any individual or entity that is not one of the Defendants or one of WTP's current or former partners, associates, employees, or agents, or (e) seeking abstention or remand of this Action to the Circuit Court for Baltimore City.

6. This Stipulation is not an admission or a finding that the Dismissed Claims lacked merit. All Parties reserve the right to argue that the Dismissed Claims were, or were not, meritorious.

Dated: December 9, 2025

| | |
|---|---|
| **CADWALADER, WICKERSHAM & TAFT LLP**<br><br>By: _/s/ Douglas Gansler_<br><br>Douglas F. Gansler (Bar Number 425465)<br>1919 Pennsylvania Ave NW<br>Washington, DC 20006<br>202 862 2300<br>Douglas.Gansler@cwt.com<br><br>Matthew M. Karlan*<br>200 Liberty Street<br>New York, New York 10281<br>Matthew.Karlan@cwt.com<br><br>*_pro hac vice_ pending<br><br>_Attorneys for Defendants Erik D. Bolog, individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC_ | **ZUCKERMAN SPAEDER LLP**<br><br>By: _/s/ John J. Connolly_<br><br>William J. Murphy (#350371)<br>John J. Connolly (#495388)<br>Kirk E. MacKinnon Morrow (#MD0235)<br>100 E. Pratt Street, Suite 2440<br>Baltimore, Maryland 21202<br>410 332 0444<br>410 659 0436 (fax)<br>wmurphy@zuckerman.com<br>jconnolly@zuckerman.com<br>kmackinnonmorrow@zuckerman.com<br><br>_Attorneys for Defendant Whiteford, Taylor & Preston, LLP_ |

**HENDERSON LAW LLC**

By: _/s/ PDG_

Wes P. Henderson (#502935)
Patrick Gardiner (#1630864)
2127 Espey Court, Suite 204
Crofton, MD 21114
410 721 1979
410 721 2258 (fax)
wph@hendersonlawllc.com
patrick@hendersonlawllc.com

_Attorneys for Plaintiffs_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of December, 2025, a copy of the foregoing was served on counsel of record electronically via CM/ECF, and remaining parties by first class mail.

**Counsel of Record Served via CM/ECF:**
Sam J. Alberts (sam.alberts@dentons.com)
**Dentons US LLP**
1900 K St NW
Washington, DC 20006

Wes P. Henderson (wph@hendersonlawllc.com)
Patrick Gardiner (patrick.hendersonlawllc.com)
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly (jconnolly@zuckerman.com)
William J. Murphy (wmurphy@zuckerman.com)
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice Belmont VerStandig (mac@mbvesq.com)
**The VerStandig Law Firm, LLC**
9812 Falls Road #114-160
Potomac, MD 20854
*Counsel for Swain Landing LaPlata JC, LLC*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

Respectfully,

[signature]

Douglas F. Gansler (Bar Number: 425465)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021; Darnestown Road, Inc.; and Science Park Associates, LLC*

7

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>Swain Landing LaPlata JC, LLC<br><br>Debtor. | Case No. 25-184-ELG<br>(Chapter 11) |
| Claudia Engelhorn, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>Erik D. Bolog, *et al*.<br><br>Defendants. | Adv. Proc. No. 25-10044-ELG |

### [PROPOSED] ORDER

Upon consideration of the Plaintiffs' Motion for Leave to Amend Complaint [ECF No.: 79] and the Parties' Stipulation regarding the same dated December ___, 2025 (the "Stipulation") it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:

1. The Motion is **GRANTED** subject to the terms and conditions set forth in the Stipulation, including with respect to the dismissal of certain claims with prejudice, which terms and conditions are incorporated in this order as if fully set forth herein;

2. The Plaintiffs may date and file the proposed Third Amended Complaint;

[Signed and dated above.]

Copies to: recipients of electronic notice.