## **EXHIBIT 2**

Case 25-10044-ELG    Doc 103-2    Filed 12/31/25    Entered 12/31/25 15:20:20    Desc
Exhibit 2 - Bolog Parties Opposition to Motion    Page 2 of 54

E-FILED: Baltimore City Circuit Court
Docket: 6/9/2025 3:21 PM; Submission: 6/9/2025 3:21 PM
Envelope: 21556563

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **CLAUDIA ENGELHORN, *et al.*,** | ) |
| | ) |
| | ) |
| ***Plaintiffs*** | ) |
| | ) |
| v. | )      **Case No.: C-24-CV-24-002631** |
| | ) |
| | ) |
| **WHITEFORD, TAYLOR & PRESTON,** | ) |
| **LLP et al.,** | ) |
| | ) |
| | ) |
| ***Defendants***. | ) |
| | ) |

## BOLOG DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS (HEARING REQUESTED)

Erik D. Bolog ("Mr. Bolog"), Erik D. Bolog as trustee of the JAREB Irrevocable Trust dated October 11, 2021 ("Trustee"), Science Park Associates, LLC, and Darnestown Road, Inc. (collectively, the "Bolog Defendants") hereby oppose Plaintiff Claudia Engelhorn's Motion for Sanctions (The "Motion for Sanctions")[1] and argue as follows:

1.      Plaintiff—who has herself produced only a relative handful of documents in this case to date, and a fraction of the thousands produced by Defendants—seeks potentially case-terminating sanctions against the Bolog Defendants despite their good faith compliance with the Court's orders and the applicable rules. The Motion for Sanctions should be denied.

2.      Here is the state of play: At the time Plaintiff filed the Motion for Sanctions, *Plaintiff* had not yet produced *any* documents in this case. For their part, the Bolog Defendants expect to have very few, if any, relevant documents in their possession because, as Plaintiff well

---

[1] The Motion for Sanctions was filed at 4:57 pm on the Friday before Memorial Day weekend without attempting to meet and confer on the Bolog Defendants' discovery responses served on April 24, 2025, or compliance with the Court's Order prior to filing.

knows, Mr. Bolog used his email address at Whiteford, Taylor and Preston, LLP ("WTP") during the relevant time period, but he no longer has access to that account following his separation from the firm. As a result, and as is common for former employees, his documents and communication must be produced by WTP, which maintains those files. To date, WTP has produced over 6,400 documents of which *at least 3,400 contain Mr. Bolog's WTP email address*. Meanwhile, Plaintiff has produced only about 116 documents—less than 2% of the volume produced by Defendants collectively—all of which were belatedly produced *after* Plaintiff filed her Motion for Sanctions.

3.    Indeed, Plaintiff's Motion for Sanctions is particularly improper given that Plaintiff previously approached Defendants to ask for—and receive—more time for discovery (90 additional days), largely due to what Plaintiff's counsel described as the  "the *extreme volume* of WTP's discovery materials," much of which consist of Mr. Bolog's documents and communications from the relevant time period. Ex. A (emphasis added).

4.    And Plaintiff has not shown, or even tried to show, any prejudice purportedly suffered from the Bolog Defendants' discovery responses.

5.    The Bolog Defendants have acted in good faith in seeking to comply with this Honorable Court's April 8, 2025, Order Compelling Discovery (the "Order").[2]

6.    In its Order, the Court ordered that:

> Defendants Darnestown Road, Inc. and Science Park Associates, Inc. produce full and complete responses to Plaintiff's Interrogatories in compliance with Maryland Rule 2-421(b) within fifteen (15) days of the docketing of this order, [and]

> Defendants Erik D. Bolog, Individually and as Trustee for the JAREB Irrevocable Trust, Darnestown Road Inc., and Science Park Associates Inc. produce full and complete responses to Plaintiff's Requests for Production of

---

[2] The Order was docketed on April 9, 2025.

Documents within fifteen (15) days of the docketing of this
order.

(Order at 1.)

7.      Following the Court's Order, the Bolog Defendants filed their Petition for

an Order Compelling Arbitration and Staying Proceedings (the "Petition for Arbitration") on April

18, 2025,[3] which sought to compel arbitration of the following claims—including *all* claims

against Darnestown Road and Science Park—concerning transactions made by the Whitewater

Revocable Trust, dated September 30, 2021 (the "Whitewater Trust"):

- Counts X and XI (constructive trust over Darnestown Road, and Swain
  Landing, respectively);

- Counts XIII and XIV (dissolution and liquidation of Swain Landing); and

- Counts XVII, XVIII, and XIX (fraudulent conveyance, fraud, and unjust
  enrichment related to Science Park).[4]

8.      Following submission of the Petition for Arbitration, this action was

automatically stayed as to the Whitewater Investment Claims. *See* Md. Code Ann., Cts. & Jud.

Proc. § 3-209(a) ("A court shall stay any action or proceeding involving an issue subject to

arbitration if: (1) *A petition for order to arbitrate has been filed*; or (2) An order for arbitration has

been made.") (emphasis added); *see also Questar Homes of Avalon, LLC v. Pillar Constr., Inc.*,

388 Md. 675, 685 (2005) (The courts must then "stay any action or proceeding involving an issue

subject to arbitration," *where a petition to arbitrate has been filed* or an order to arbitrate has been

made.") (emphasis added).

9.      On April 24, 2025, in accordance with the Court's Order, the Bolog

Defendants submitted full and complete responses and objections to all document requests and

---

[3] The Bolog Defendants did not file a Petition for Arbitration earlier because they only received a copy of
the Whitewater Trust Agreement on or around February 20, 2025.

[4]  Collectively, these are the "Whitewater Investment Claims."

interrogatories served by Plaintiff (the "Responses and Objections"), except for those document

requests and interrogatories concerning the stayed Whitewater Investment Claims.

10.    To any of Plaintiff's interrogatories concerning the Whitewater Investment

Claims, the Bolog Defendants responded with the following objection:

> In addition to the General Objections set forth above, the
> Defendant specifically objects to this Interrogatory on the
> grounds set forth in General Objection No. 1 that this
> Interrogatory seeks information related to claims subject to
> mandatory arbitration under the Whitewater Trust
> Agreement, which have now been stayed pending resolution
> of the Petition and any subsequent arbitration. (*See e.g.*, Ex.
> B at 7.)

11.    To any of Plaintiff's document requests concerning the Whitewater

Investment Claims, the Bolog Defendants responded with the following objection:

> In addition to the General Objections set forth above, the
> Defendant specifically objects to this Request on the grounds
> set forth in General Objection No. 1 that this Request seeks
> documents related to claims subject to mandatory arbitration
> under the Whitewater Trust Agreement, which have now
> been stayed pending resolution of the Petition and any
> subsequent arbitration. (*See, e.g.*, Ex. C at 8.)

12.    The Bolog Defendants also informed Plaintiff that they would supplement

their Responses and Objections "following the resolution of Defendant's Petition and any

subsequent arbitration of the claims asserted by Plaintiff." (*See, e.g.*, Ex. B and C,  General

Objection No. 1.)

13.    On April 30, 2025, following submission of the Petition for Arbitration,

counsel for Plaintiff emailed counsel for the Bolog Defendants inquiring about an extension of the

operative schedule in this action, due, in part, to "the ongoing dispute between your camp and our

camp regarding the arbitrability of Whitewater's claims," "and the extreme volume of WTP's

discovery materials." Ex. A. The Bolog Defendants agreed to an extension of the discovery and

trial schedule by approximately 90 days. Thus, the revised trial and discovery schedule extended
the earliest discovery deadline, for Plaintiffs to disclose expert witnesses, by approximately three
months to August 11, 2025.

14.    On May 14, 2025, the Court issued an order amending the discovery and
trial schedule.

15.    Under the revised schedule, discovery is not scheduled to close until
January 7, 2026 and trial is not scheduled to begin until June 15, 2026.

16.    On June 4, 2025, this Honorable Court issued an order denying the Petition
for Arbitration.

17.    On June 9, 2025, the Bolog Defendants filed a motion seeking the Court's
reconsideration of its denial of the Petition for Arbitration (the "Motion for Reconsideration"). By
virtue of the court's reconsideration of the Petition for Arbitration, the Bolog Defendants submit
that the stay as to the Whitewater Investment Claims should remain in effect.

18.    Nonetheless, the Bolog Defendants recognize that the Petition for
Arbitration served as one of the bases for the Bolog Defendants' objections to Plaintiff's document
requests and interrogatories concerning the Whitewater Investment Claims. Accordingly, the
Bolog Defendants sought to amicably resolve the Motion for Sanctions with Plaintiff by agreeing
to produce amended responses and objections to Plaintiff by Friday June 13, 2025, notwithstanding
the still-pending Motion for Reconsideration. Unfortunately, Plaintiff declined this proposal.

19.    In any event, Plaintiff's requested relief is inappropriate here. Plaintiff has
articulated no argument in support of its Motion for Sanctions nor has it provided any case law
demonstrating that its requested relief is appropriate to the circumstances, which are as follows:
The Bolog Defendants have complied with the Court's Order by submitting full and complete
responses and objections to all of Plaintiff's document requests and interrogatories, except for

those concerning the stayed Whitewater Investment Claims. And, as soon as the Court denied the petition for arbitration, the Bolog Defendants indicated to Plaintiff that they would serve amended responses in approximately one week. Meanwhile, Plaintiff has produced a tiny fraction of the relevant discovery in this case, and Plaintiff's motion does not so much as address the admittedly substantial volume of Mr. Bolog's documents and communications that she has received from WTP, his prior firm.

20. Instead, Plaintiff summarily requests that the Court enter an extreme order striking Science Park and Darnestown Road's Counterclaims, deeming Plaintiff's allegations regarding Science Park and Darnestown Road in the Second Amended Complaint as established, prohibiting Mr. Bolog and the Trustee from supporting any defense to Plaintiff's claims, prohibiting Mr. Bolog from supporting any of his Counterclaims, and prohibiting Mr. Bolog and Trustee from relying on documents or submitting documents into evidence documents that would be responsive to Plaintiff's document requests. (Motion for Sanctions at 4-5.)

21. This requested relief is "among the gravest of sanctions, and as such, is warranted only in cases of egregious misconduct." *Butler v. S & S P'ship*, 435 Md. 635, 653 (2013). Nothing of the sort has occurred here.

22. Plaintiff's argument that Science Park and Darnestown Road have not submitted executed and sworn responses to interrogatories is misplaced. The Maryland Rules only require that a "*response* . . . be signed by the party making it." Md. Rules 2-421(b) (emphasis added). Because Science Park and Darnestown Road *objected* to the document requests and interrogatories served on them on grounds they were stayed pending resolution of the Petition for Arbitration, they have not served any "responses." (*See e.g.*, Ex. B.) When Science Park and

Darnestown Road submit responses to Plaintiff's interrogatories, they will, of course, produce executed and sworn copies in accordance with Md. Rules 2-421.[5]

23.    Regardless, before a court will issue sanctions for not submitting executed and sworn interrogatories (or produce documents), it will issue a further warning to the party before it will order that the party is "precluded from introducing evidence regarding matters which were specifically requested in [the] discovery request and not provided." *See Tucker v. Lee*, 2020 WL 556214, at *1 (Md. Ct. Spec. App. Feb. 4, 2020).

24.    Plaintiff also contends that the Bolog Defendants have not yet produced documents in this action. But Mr. Bolog and the Trustee served objections to Plaintiff's document requests, including on the grounds that they were not clear and readily understandable. And in the 29 days from service of the Responses and Objections on April 24, 2025, to filing of the Motion for Sanctions on May 23, 2025, Plaintiff did not seek to meet and confer on any of the objections submitted by the Bolog Defendants to Plaintiff's document requests, did not seek to clarify any of the documents requests, and did not propose any search terms to the Bolog Defendants.

25.    Plaintiff's requested relief would not only unfairly hamstring the Bolog Defendants from defending this action or prosecute their Counterclaims, it would potentially seal the case in favor of Plaintiff. The "draconian sanctions, of dismissing a claim or precluding the evidence necessary to support a claim, are normally reserved for persistent and deliberate violations that actually cause some prejudice, either to a party or to the court." *Watson v. Timberlake*, 253 A.3d 1094, 1104 (Md. Ct. Spec. App. 2021) (internal quotations omitted). Where, as here, "there is no 'egregious violation' or 'opprobrious behavior'" and "no real prejudice to the

---

[5] Mr. Bolog and the Trustee have already produced executed and sworn responses to Plaintiff's interrogatories.

[Plaintiff] or the court," a court will not issue "the 'draconian sanction' of 'precluding the evidence necessary to support [Petitioner's] claim.'" *Butler*, 435 Md. at 653 (internal citations omitted).

26.    Such enormous relief cannot be appropriate in these circumstances, where the Bolog Defendants have already complied with the Court's Order by submitting responses and objections to Plaintiff's document requests and interrogatories except for those concerning the stayed Whitewater Investment Claims. That is particularly so given that Plaintiff has already received *thousands* of Mr. Bolog's documents from WTP, the custodian of most, if not all, of Mr. Bolog's relevant records related to this matter. Plaintiff has suffered no prejudice, nor will she. Indeed, the elongated discovery schedule that Plaintiff herself requested ensures there will be adequate time to work out any discovery issues once the Bolog Defendants submit updated responses and objections to outstanding discovery requests concerning the Whitewater Investment Claims and the parties complete the required meet-and-confer process.

27.    Accordingly, the Court should deny the Motion for Sanctions in full and instead grant the Bolog Defendants until Friday, June 13, 2025, to submit responses and objections to any outstanding discovery requests concerning the Whitewater Investment Claims. The Court should thereafter direct the parties to engage in meet-and-confers to address any remaining discovery disputes.

Dated:      June 9, 2025

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

Respectfully,


Douglas F. Gansler (Bar Number: 8912180208)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog, Individually
and as Trustee of the JAREB Irrevocable Trust
Agreement dated October 11, 2021; Darnestown
Road, Inc.; and Science Park Associates, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this June 9th, 2025, a copy of the foregoing was served electronically via MDEC upon counsel of record, and remaining parties served via first class mail.

**Counsel of Record Served via MDEC:**
Wes P. Henderson
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly
William J. Murphy
Kirk E. MacKinnon Morrow
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue, Unit 103
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**Swain Landing LaPlata JC, LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court, Apt. 606
Clinton, MD 2073

Respectfully,

Douglas F. Gansler (8912180208)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300

*Counsel for Defendants Erik D. Bolog,
Individually and as Trustee of the JAREB
Irrevocable Trust Agreement dated
October 11, 2021; Darnestown Road,
Inc.; and Science Park Associates, LLC*

E-FILED; Baltimore City Circuit Court
Docket: 6/9/2025 3:21 PM; Submission: 6/9/2025 3:21 PM
Envelope: 21556563

# EXHIBIT A

## Schrieber, Zack

| | |
|---|---|
| **From:** | Patrick Gardiner <patrick@hendersonlawllc.com> |
| **Sent:** | Wednesday, April 30, 2025 8:19 AM |
| **To:** | Schrieber, Zack; Gansler, Douglas; Howard, J.B. |
| **Cc:** | Karlan, Matthew; Wes Henderson |
| **Subject:** | Engelhorn, et al., v. Bolog, et al. - Scheduling Order |

[ WARNING: External Email ]

Doug, Zach, and J.B.,

I previously contacted WTP's counsel and discussed whether they would be willing to consent to a modification of the scheduling order by 90 days. They agreed.

Would the Bolog Defendants consent to a 90 modification of the scheduling order? The basis for the continuance would be, the extreme volume of WTP's discovery materials, the ongoing dispute between your camp and our camp regarding the arbitrability of Whitewater's claims, the discovery disputes between us, and the fact that we will not be deposing the Notary until June.

Please let me know if you consent to the 90-day extension. If so, I will draft a motion for all defendants' review and comment.

Best regards,
-Patrick



### Patrick D. Gardiner, Esquire

Henderson Law, LLC

2127 Espey Court, Suite 204
Crofton, MD 21114
Phone: (410) 721-1979
Fax: (410) 721-2258
Email: patrick@hendersonlawllc.com
Web: www.HendersonLawLLC.com



**CONFIDENTIALITY NOTICE AND DISCLAIMER**

This communication and any accompanying documents are confidential information that is legally privileged and intended only for the use of the person to whom it is addressed. If the reader of this message is not the named recipient or an employee or agent responsible for delivering this message to the named recipient, please notify me immediately that you have received this message in error. Then delete this message and any accompanying documents without copying or reading them. You are hereby notified that any review, disclosure, copying, distribution, or the taking of any action in reliance on the contents of this information is strictly prohibited.

**TAX INFORMATION**

Any tax information or written tax advice contained herein (including any attachments) is not intended to be and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer.

# EXHIBIT B

## IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

| | |
|---|---|
| **CLAUDIA ENGELHORN**, *et al.*, | ) |
| | ) |
| | ) |
| *Plaintiffs* | ) |
| | ) |
| v. | )    **Case No.: C-24-CV-24-002631** |
| | ) |
| | ) |
| | ) |
| **WHITEFORD, TAYLOR & PRESTON,** | ) |
| **LLP et al.,** | ) |
| | ) |
| | ) |
| *Defendants*. | ) |

## DEFENDANT DARNESTOWN ROAD, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

In accordance with Rule 2-421 of the Maryland Rules, Defendant Darnestown Road, Inc ("Darnestown Road" or "Defendant"), by and through his undersigned counsel, hereby responds and objects to Plaintiff Claudia Engelhorn's ("Plaintiff" or "Ms. Engelhorn") First Set of Interrogatories to Defendant Darnestown Road, Inc., (collectively, the "Interrogatories" and each individual interrogatory, an "Interrogatory") including the "Interrogatories," "Definitions," and "Instructions" contained therein, as follows:[1]

## GENERAL OBJECTIONS

The following general objections (the "General Objections") are incorporated into each

---

[1] Following the Court's decision on the Petition to Compel Arbitration and related Motion to Stay Proceedings, and the filing of Defendant's Petition, these Responses and Objections supplement Defendant's Responses and Objections served on or around December 17, 2024, and April 1, 2025, respectively. (*See* General Objection No. 1 to R&Os.)

specific Response and Objection below (the "Specific Responses and Objections") as if they were

fully repeated therein. Although certain General Objections are reiterated in Specific Responses

and Objections for clarity or emphasis, any failure to reiterate a General Objection in response to

any specific Interrogatory does not constitute a waiver of such objection as to such Interrogatory.

1.      The Defendant objects to the Interrogatories on the grounds that all claims brought

against it are subject to mandatory arbitration as required under Section 9 of the Whitewater

Revocable Trust Agreement dated September 11, 2021 (the "Whitewater Trust Agreement").

Defendant's counsel submitted a letter to counsel for Plaintiff on or around March 27, 2025,

requesting that all claims against Defendant be voluntarily dismissed and moved to arbitration

consistent with Section 9 of the Whitewater Trust. Plaintiff refused to take such requested action.

Subsequently, on April 18, 2025, Defendant filed a Petition for an Order Compelling Arbitration

and Staying Proceedings (the "Petition"), which under the plain language of Maryland's Uniform

Arbitration Act, requires that this action be stayed by the filing of the Petition. *See* Md. Code Ann.,

Cts. & Jud. Proc. § 3-209(a) ("A court shall stay any action or proceeding involving an issue

subject to arbitration if: (1) A petition for order to arbitrate has been filed; or (2) An order for

arbitration has been made."); *see also Questar Homes of Avalon, LLC* v. *Pillar Constr., Inc.*, 388

Md. 675, 685 (2005). At this time it would be speculative to assume that this action will proceed

against the Defendant in this Court. If appropriate and necessary, the Defendant will supplement

this Response following the resolution of Defendant's Petition and any subsequent arbitration of

the claims asserted by Plaintiff.

2.      The Defendant has not completed its investigation into the facts pertaining to

Plaintiff's Complaint (the "Complaint"), has not completed discovery, and has not completed

preparation for trial.  Answers contained herein are based only on such information and documents

as are presently available and known to the Defendant.  Anticipated further investigation, discovery, legal research, and analysis may supply additional facts and establish information that may vary from that set forth herein.  The answers set forth herein are given without prejudice to the Defendant's right to introduce evidence of any subsequently discovered facts or circumstances. The Defendant expressly reserves his right to change or modify any answer as additional facts or circumstances are ascertained, analyses are made, and legal research is conducted.

3.    The Defendant objects to providing responses to the Interrogatories unless and until the Court enters a protective order governing the exchange of confidential discovery material.

4.    The Defendant objects to the Interrogatories to the extent they seek the Defendant to identify "all" or "any" persons or things as overbroad, unduly burdensome, and not proportional to the needs of the case. The Defendant will construe such Interrogatories to seek information known to the Defendant and in accordance with the Maryland Rules of Civil Procedure for the Circuit Court and any applicable Rules or Order of this Court (collectively, the "Rules")

5.    The Defendant objects to the Interrogatories to the extent that they seek to impose requirements or obligations in addition to, or different from, those imposed by the Maryland Rules of Civil Procedure for the Circuit Court and any applicable Rules or Orders of this Court (collectively, the "Rules"). In responding to each Interrogatory, the Defendant will construe and respond by providing only such information as may be required and proper under the Rules.

6.    The Defendant objects to the Interrogatories to the extent that they seek information that is protected from discovery by the attorney-client privilege, the work-product doctrine, settlement and/or mediation privilege, or any other applicable privilege or doctrine.  Nothing contained in these responses is intended to be, or in any way shall be deemed to be, a waiver of any such available privilege or doctrine. In responding to each Interrogatory, the Defendant will

3

not provide privileged or otherwise protected information. To the extent that any privileged or protected information is produced or otherwise disclosed, the production or disclosure will have been inadvertent and should not be deemed a waiver of any privilege or protection from production.

7.      The Defendant objects to the Interrogatories to the extent they seek information that (i) is already within the possession, custody, or control of Plaintiff, (ii) is available from a public source, or (iii) can be obtained through other means that are more convenient, less burdensome, or less expensive.

8.      The Defendant objects to the Interrogatories to the extent they seek information that is confidential, proprietary in nature, or personal in nature.

9.      The Defendant objects to the Interrogatories to the extent that they are compound and exceed the maximum number of interrogatories permitted by Maryland Rule 2-421.

10.      The Defendant objects to the Interrogatories to the extent that the Interrogatories seek information beyond his knowledge.

11.      The Defendant objects to the Interrogatories to the extent they contain any factual assertion or allegations, or purport to describe or characterize any factual assertion or allegation. Any response provided to an Interrogatory and any failure to specifically object to any factual assertion, allegation, description, or characterization, is not an adoption or admission or such factual assertion, allegation, description, or characterization.

12.      The Defendant objects to the Interrogatories to the extent that the Interrogatories purport to require the Defendant to set forth conclusions of law with respect to any issue in this proceeding and/or apply the law to any fact presently known.

13.     The Defendant objects to the Interrogatories to the extent they seek information that can be derived or ascertained from documents in the Defendant's document productions—should any relevant documents be discovered and produced by the Defendant—or the document productions of another party in this case, and the burden of deriving or obtaining the answer is substantially the same for Plaintiff and the Defendant.

14.     The Defendant objects to the Interrogatories to the extent they seek documents and/or information that constitutes post-judgment discovery in accordance with Rule 2-633 and is therefore, and otherwise, not reasonably calculated to lead to the discovery of admissible evidence, and is a procedurally improper, premature attempt to conduct post-judgment discovery in the absence of any judgment in this proceeding.. *See* Md. Rules 2-633. Under the Rules, "a valid judgment is a precondition to a party's right to take *any* discovery in aid of enforcement under Rule 2-633." *Johnson v. Francis*, 239 Md. App. 530, 537(2018) ("this rule authorizes discovery in aid only of an actual, existing money judgment, not a hypothetical or potential money judgment") *see also Farkas v. Rich Coast Corp.*, 2017 U.S. Dist. LEXIS 212246, *6 (M.D. Pa. Dec. 28, 2017) ("[V]iewed as a request for discovery in aid of executing upon a judgment, the request is both premature and presumptuous. Farkas does not have a judgment against these defendants, and time will tell whether she can obtain one. If she does secure a judgment, then—but only then—would post—judgment discovery into the financial ability of the defendants to pay any judgment be appropriate."); *SierraPine v. Refiner Prods. Mfg.*, 275 F.R.D. 604, 612 (E.D. Cal. 2011) ("At bottom, plaintiff's discovery requests … seek information about defendant's assets and ability to satisfy a potential judgment in the context of a breach of contract and breach of warranty action. This discovery does not seek information and materials that are relevant to any of the claims or defenses at issue in the litigation, nor is it reasonably calculated to lead to the discovery of

admissible evidence. *See* Fed. R. Civ. P. 26(b)(1) . . .  Plaintiff's interrogatories and document requests amount to premature, post-judgment discovery of a judgment debtor, which should be sought consistent with Federal Rule of Civil Procedure 69(a)(2)."); *3600 Mich. Co. v. Infra-Metals Co.*, 2009 U.S. Dist. LEXIS 88181, **7-8 (N.D. Ind. Sep. 24, 2009) ("To the extent that 3600 Michigan requests the information in order to determine whether Infra-Metals is judgment-proof, Rule 26(b)(2) requires disclosure of a defendant's liability insurance coverage, but a defendant's financial condition generally is not a permissible ground for inquiry during the discovery phase. *See generally* 23 Am. Jur. 2d Depositions and Discovery § 38 (May 2009) (discussing that the general practice is 'not [to] permit the discovery of facts concerning a defendant's financial status or ability to satisfy a judgment, since such matters are not relevant . . .'). The Advisory Committee Note to Rule 26(b)(2) states that the required disclosure of insurance information was not intended to extend discovery to 'a defendant's financial status or ability to satisfy a judgment.' *Oppenheimer Fund, Inc.*, 437 U.S. at 351 n.16, 98 S.Ct. at 2389 (referring to the comments made in the Advisory Committee's Notes on 1970 Amendment to Fed. R. Civ. P. 26, 28 U.S.C. App. p. 7777 and observations recorded in 4 J. Moore, Federal Practice P 26.62[1] (2d ed. 1976)). Thus, the court cannot compel Infra-Metals to disclose information for the purpose of ascertaining whether it is judgment-proof. Instead, 3600 Michigan may pursue such information through a post-judgment special proceeding under Federal Rule of Civil Procedure 69(a) if necessary.").The Defendant will not answer any Interrogatory seeking post-judgment discovery.

15.    The Defendant objects to the Interrogatories to the extent they seek documents and/or information in connection with expert discovery. Such Interrogatories are premature and will be addressed in connection with a scheduling order of this Court establishing expert discovery.

16.     The Defendant reserves the right to supplement these Responses and Objections following any meet and confers that clarify the types of documents sought after by these incomprehensible Interrogatories.

17.     The Defendant reserves the right to seek recovery for the cost and expenses associated with deciphering these incomprehensible Interrogatories.

## SPECIFIC RESPONSES AND OBJECTIONS TO THE
## INDIVIDUAL INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this action, including any claim for damages, and state the subject matter of the information possessed by that person. (Standard General Interrogatory No. 1.)

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 2:**

Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion, and, with respect to an expert whose findings and opinions were acquired in anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of the expert's compensation, and attach to your answers any available list of publications written by the expert and any written report made by the expert concerning the expert's findings and opinions. (Standard General Interrogatory No. 2.)

**RESPONSE TO INTERROGATORY NO. 2:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 3:**

If you intend to rely upon any documents, electronically stored information, or tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and identify all persons having possession, custody, or control of them. (Standard General Interrogatory No. 3.)

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 4:**

If any person carrying on an insurance business might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, identify that person, state the applicable policy limits of any insurance agreement under which the person might be liable, and describe any question or challenge raised by the person relating to coverage for this action. (Standard General Interrogatory No. 5.)

**RESPONSE TO INTERROGATORY NO. 4:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust

Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 5:**

Identify the individual answering these Interrogatories on your behalf.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 6:**

Identify all persons who have given you "statements," as that term is defined in Rule 2-402 (f), concerning the action or its subject matter. For each statement, state the date on which it was given and identify the custodian.

**RESPONSE TO INTERROGATORY NO. 6:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 7:**

State the substance of all discussions concerning the occurrence that you or others in your presence had with any party to this case. State when and where each discussion took place and identify all persons who were present.

**RESPONSE TO INTERROGATORY NO. 7:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 8:**

Identify all persons who are likely to have personal knowledge of any fact alleged in the pleadings, and state the subject matter of the personal knowledge possessed by each such person.

**RESPONSE TO INTERROGATORY NO. 8:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 9:**

If you contend that you are improperly identified, state your correct identification.

**RESPONSE TO INTERROGATORY NO. 9:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 10:**

Please describe in detail any and all monetary gifts, payments, or transfers of funds you received from any of the Plaintiffs. Include the amount, date(s), and method of each transaction.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 11:**

Explain the purpose of the monetary gift, payment, or transfer of funds from any of the Plaintiffs to you. Was this gift intended for a specific use or investment?

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 12:**

What, if anything, did any of the Plaintiffs receive in value for having $350,000 transferred to you?

**RESPONSE TO INTERROGATORY NO. 12:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent

arbitration.

**INTERROGATORY NO. 13:**

Please explain in detail why you required $350,000 from the Plaintiff.

**RESPONSE TO INTERROGATORY NO. 13:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 14:**

Provide a list of all documents, including financial records and bank statements, that evidence the receipt of the monetary gift from any of the Plaintiffs and the subsequent investment of these funds in the business.

**RESPONSE TO INTERROGATORY NO. 14:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 15:**

Please describe your relationship with any other Defendant to this action.

**RESPONSE TO INTERROGATORY NO. 15:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust

Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 16:**

Do you contend that any person who is not a party to this action caused or contributed to the Plaintiffs' alleged injuries and damages? If so, identify each such person, state how you contend each such person caused or contributed to the alleged injuries, and state all facts upon which you based your contention.

**RESPONSE TO INTERROGATORY NO. 16:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 17:**

If you contend that the Plaintiffs have failed to mitigate their damages, please identify all facts, proof, or evidence on which you base this contention.

**RESPONSE TO INTERROGATORY NO. 17:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**INTERROGATORY NO. 18:**

Do you dispute any of the factual allegation in the Plaintiff's complaint? If so explain.

**<u>RESPONSE TO INTERROGATORY NO. 18</u>:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**<u>INTERROGATORY NO. 19</u>:**

Identify the person or persons answering these Interrogatories or who contributed information used in answering these Interrogatories. If more than one person provided the answers or information, please identify the specific Interrogatories answered by each person.

**<u>RESPONSE TO INTERROGATORY NO. 19</u>:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**<u>INTERROGATORY NO. 20</u>:**

If you contend that Plaintiffs and/or any of their representatives have made any admission against interest, state the substance of the admission, identify the communication concerning the admission, identify all documents that refer or relate to the admission, and identify all persons who have personal knowledge of the admission.

**<u>RESPONSE TO INTERROGATORY NO. 20</u>:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Interrogatory on the grounds set forth in General Objection No. 1 that this Interrogatory seeks information related to claims subject to mandatory arbitration under the Whitewater Trust

Agreement, which have now been stayed pending resolution of the Petition and any subsequent

arbitration.

Dated:  April 24, 2025

As to objections:

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

Respectfully,

Douglas F. Gansler (Bar Number: 8912180208)
J.B. Howard (Bar Number: 9106200125)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300
j.b.howard@cwt.com

*Counsel for Defendant Darnestown Road, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2025, a copy of the foregoing was

served electronically via Electronic Mail upon counsel of record, and remaining parties served

via first class mail.

**Counsel of Record Served via Electronic Mail:**
Wes P. Henderson
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly
William J. Murphy
Kirk E. MacKinnon Morrow
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

**Parties Served Via First Class Mail:**
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue, Unit 103
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**Swain Landing LaPlata JC, LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court, Apt. 606
Clinton, MD 2073

Respectfully,

*[signature]*

Douglas F. Gansler (8912180208)
J.B. Howard (9106200125)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300
j.b.howard@cwt.com

*Counsel for Defendant Darnestown Road, Inc.*

E-FILED; Baltimore City Circuit Court
Docket: 6/9/2025 3:21 PM; Submission: 6/9/2025 3:21 PM
Envelope: 21556563

# EXHIBIT C

**IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND**

| | | |
|---|---|---|
| **CLAUDIA ENGELHORN,** *et al.,* | ) | |
| | ) | |
| | ) | |
| *Plaintiffs* | ) | |
| | ) | |
| v. | ) | **Case No.: C-24-CV-24-002631** |
| | ) | |
| | ) | |
| | ) | |
| **WHITEFORD, TAYLOR & PRESTON,** | ) | |
| **LLP et al.,** | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |

**DEFENDANT DARNESTOWN ROAD, INC.'S SECOND SUPPLEMENTAL
RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DOCUMENT
REQUESTS**

In accordance with Rule 2-422 of the Maryland Rules, Defendant Darnestown Road, Inc. (the "Defendant" or "Darnestown Road"), by and through his undersigned counsel, hereby responds and objects to Plaintiff Claudia Engelhorn's ("Plaintiff" or "Ms. Engelhorn") First Set of Document Requests to Defendant Darnestown Road, Inc., (collectively, the "Requests" and each individual request, an "Request") including the "Requests," "Definitions," and "Instructions" contained therein, as follows:[1]

**RESERVATION OF RIGHTS**

The Defendant's responses and objections (the "Responses and Objections") to the

---

[1] Following the Court's decision on the Petition to Compel Arbitration and related Motion to Stay Proceedings, and the filing of Defendant's Petition, these Responses and Objections supplement Defendant's Responses and Objections served on or around December 17, 2024, and April 1, 2025, respectively. (*See* General Objection No. 1 to R&Os.)

Requests are made without prejudice to the Defendant's right to amend or supplement the Responses and Objections at a later date. Further, the Defendant expressly reserves his right to assert additional responses and objections and none of the Responses and Objections below should be interpreted to waive any such right.

## **GENERAL OBJECTIONS**

The following general objections (the "General Objections") are incorporated into each specific Response and Objection below (the "Specific Responses and Objections") as if they were fully repeated therein. Although certain General Objections are reiterated in Specific Responses and Objections for clarity or emphasis, any failure to reiterate a General Objection in response to any specific Request does not constitute a waiver of such objection as to such Request.

1.      The Defendant objects to the Requests on the grounds that all claims brought against it are subject to mandatory arbitration as required under Section 9 of the Whitewater Revocable Trust Agreement dated September 11, 2021 (the "Whitewater Trust Agreement"). Defendant's counsel submitted a letter to counsel for Plaintiff on or around March 27, 2025, requesting that all claims against Defendant be voluntarily dismissed and moved to arbitration consistent with Section 9 of the Whitewater Trust. Plaintiff refused to take such requested action. Subsequently, on April 18, 2025, Defendant filed a Petition for an Order Compelling Arbitration and Staying Proceedings (the "Petition"), which under the plain language of Maryland's Uniform Arbitration Act, requires that this action be stayed by the filing of the Petition. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-209(a) ("A court shall stay any action or proceeding involving an issue subject to arbitration if: (1) A petition for order to arbitrate has been filed; or (2) An order for arbitration has been made."); *see also Questar Homes of Avalon, LLC* v. *Pillar Constr., Inc.*, 388 Md. 675, 685 (2005). At this time it would be speculative to assume that this action will proceed

against the Defendant in this Court. If appropriate and necessary, the Defendant will supplement this Response following the resolution of Defendant's Petition and any subsequent arbitration of the claims asserted by Plaintiff.

2.      The Defendant objects to the Requests on the grounds that no discovery and ESI protocol and protective order governing the use and retention of produced documents or data has been negotiated between Plaintiff and the Defendant and ordered by the Court.  The Defendant will not produce any documents or data to any party until such appropriate and agreed-to discovery and ESI protocol and protective order are ordered by the Court.

3.      The Defendant objects to the Requests as overbroad, unduly burdensome, and not proportional to the needs of the case.

4.      The Defendant objects to the Requests to the extent that they purport to impose obligations on the Defendant greater than those required, outside the scope of, or inconsistent with the Maryland Rules and the rules of this Court (the "Rules").  The Defendant will construe and respond to the Requests, and, if appropriate, search for and produce responsive documents, in accordance with the requirements of the Rules.

5.      The Defendant objects to the Requests to the extent that they call for the production of documents protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege, or which are otherwise privileged or confidential and protected from discovery pursuant to any other applicable privilege, immunity or protection (collectively, "Privileged Information").  Any inadvertent production of any Privileged Information shall not be deemed or construed to constitute a waiver of the attorney-client privilege, work product doctrine, the common interest privilege, the joint defense privilege, and/or any other applicable privilege, immunity or protection. The Defendant expressly reserves the right to demand the return of any inadvertently produced privileged information or document.

3

6.      The Defendant objects to the Interrogatories to the extent they seek information that is confidential, proprietary in nature, or personal in nature.

7.      The Defendant objects to the Requests to the extent they seek the production of documents that (i) are already within the possession, custody or control of Plaintiff, (ii) are available from a public source, or (iii) can be obtained through other means that are more convenient, less burdensome, or less expensive.

8.      The Defendant will conduct a reasonable search for documents responsive to the Requests but will not search for "all," "any," or "each" document(s), as that would be unduly burdensome, inconsistent with the Rules, and not proportional to the needs of this case.

9.      The Defendant objects to the Requests to the extent that they call for the production of documents that are not material and/or necessary to any issue or claim relating to the above-captioned proceeding.  Any production by the Defendant of any document shall not be deemed an admission by the Defendant that any such document is material and/or necessary to any issue or claim relating to the above-captioned proceeding.

10.     The Defendant objects to the Requests to the extent they contain any factual assertion or allegation, or purport to describe or characterize any factual assertion or allegations. Any agreement to produce documents, and any failure to specifically object to any such factual assertion, allegation, description or characterization, is not an adoption or admission of such factual assertion, allegation, description, or characterization.

11.     The Defendant objects to the Requests to the extent that they call for the production of irrelevant or non-responsive material merely because some portion of a particular document or documents may be relevant and responsive and subject to production.  The Defendant reserves the right to redact irrelevant and non-responsive material.

12.     The Defendant objects to the Requests to the extent that they call for the production of documents within the possession, custody or control of other sources or parties, or that they call for the production of documents that are equally within other parties' possession, custody, or control.

13.     The Defendant objects to the Requests to the extent that they call for the production of multiple copies of the same document.

14.     The Defendant objects to paragraph 4 of the Instructions requiring the production of a privilege or redaction log on the grounds that it is unduly burdensome.

15.     The Defendant objects to paragraph 5 of the Instructions concerning redactions on the grounds that such requirements are unduly burdensome.

16.     The Defendant objects to the Requests to the extent that they are predicated upon erroneous assumptions, state incorrect facts, or state legal conclusions.  By responding to the Requests, the Defendant does not agree to any assumptions, factual predicates, or legal conclusions contained in the Requests.

17.     The Defendant objects to the Requests on the grounds that they contain no relevant time period.

18.     The Defendant objects to the Requests to the extent that they are ambiguous, unintelligible, or indefinite.

19.     The Defendant objects to the Requests to the extent they seek documents and/or information that constitutes post-judgment discovery in accordance with Rule 2-633 and is therefore, and otherwise, not reasonably calculated to lead to the discovery of admissible evidence, and is a procedurally improper, premature attempt to conduct post-judgment discovery in the absence of any judgment in this proceeding.. *See* Md. Rules 2-633. Under the Rules, "a valid judgment is a precondition to a party's right to take *any* discovery in aid of enforcement under Rule

2-633." *Johnson v. Francis*, 239 Md. App. 530, 537(2018) ("this rule authorizes discovery in aid only of an actual, existing money judgment, not a hypothetical or potential money judgment") *see also Farkas v. Rich Coast Corp.*, 2017 U.S. Dist. LEXIS 212246, *6 (M.D. Pa. Dec. 28, 2017) ("[V]iewed as a request for discovery in aid of executing upon a judgment, the request is both premature and presumptuous. Farkas does not have a judgment against these defendants, and time will tell whether she can obtain one. If she does secure a judgment, then—but only then—would post—judgment discovery into the financial ability of the defendants to pay any judgment be appropriate."); *SierraPine v. Refiner Prods. Mfg.*, 275 F.R.D. 604, 612 (E.D. Cal. 2011) ("At bottom, plaintiff's discovery requests … seek information about defendant's assets and ability to satisfy a potential judgment in the context of a breach of contract and breach of warranty action. This discovery does not seek information and materials that are relevant to any of the claims or defenses at issue in the litigation, nor is it reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1) . . .  Plaintiff's interrogatories and document requests amount to premature, post-judgment discovery of a judgment debtor, which should be sought consistent with Federal Rule of Civil Procedure 69(a)(2)."); *3600 Mich. Co. v. Infra-Metals Co.*, 2009 U.S. Dist. LEXIS 88181, **7-8 (N.D. Ind. Sep. 24, 2009) ("To the extent that 3600 Michigan requests the information in order to determine whether Infra-Metals is judgment-proof, Rule 26(b)(2) requires disclosure of a defendant's liability insurance coverage, but a defendant's financial condition generally is not a permissible ground for inquiry during the discovery phase. *See generally* 23 Am. Jur. 2d Depositions and Discovery § 38 (May 2009) (discussing that the general practice is 'not [to] permit the discovery of facts concerning a defendant's financial status or ability to satisfy a judgment, since such matters are not relevant . . .'). The Advisory Committee Note to Rule 26(b)(2) states that the required disclosure of insurance information was not intended to extend discovery to 'a defendant's financial status or ability to

satisfy a judgment.' *Oppenheimer Fund, Inc.*, 437 U.S. at 351 n.16, 98 S.Ct. at 2389 (referring to the comments made in the Advisory Committee's Notes on 1970 Amendment to Fed. R. Civ. P. 26, 28 U.S.C. App. p. 7777 and observations recorded in 4 J. Moore, Federal Practice P 26.62[1] (2d ed. 1976)). Thus, the court cannot compel Infra-Metals to disclose information for the purpose of ascertaining whether it is judgment-proof. Instead, 3600 Michigan may pursue such information through a post-judgment special proceeding under Federal Rule of Civil Procedure 69(a) if necessary.").The Defendant will not search for or produce any documents in response to a Request seeking post-judgment discovery.

20.    The Defendant objects to the Requests to the extent they seek documents and/or information in connection with expert discovery. Such Requests are premature and will be addressed in connection with a scheduling order of this Court establishing expert discovery.

21.    The Defendant objects to the definition of the term "occurrence/transaction" on the grounds that it is vague, ambiguous, and overly broad.

22.    The Defendant objects to the definition of the term "You" on the grounds that it is vague, ambiguous, and overly broad. The Defendant will construe the term "You" to mean the Defendant.

23.    The Defendant reserves the right to supplement these Responses and Objections following any meet and confers that clarify the types of documents sought after by these incomprehensible Requests.

24.    The Defendant reserves the right to seek recovery for the cost and expenses associated with deciphering these incomprehensible Requests.

25.    Any response indicating that the Defendant will search for or produce documents means that after entry of a protective order, and subject to the Responses and Objections herein, the Defendant will search for or produce responsive, nonprivileged documents within its

possession, custody or control to the extent such documents exist and are identified pursuant to a

good faith search conducted in accordance with reasonable search parameters. A response

indicating that the Defendant will produce or search for documents shall not be interpreted as an

affirmation that such documents exist; are within the Defendant's possession, custody or control;

are admissible; or are relevant to the case.

### SPECIFIC RESPONSES AND OBJECTIONS TO THE
### INDIVIDUAL REQUESTS FOR PRODUCTION

**<u>REQUEST NO. 1</u>:**

All documents referred to in your Answers to Interrogatories.

**<u>RESPONSES AND OBJECTIONS TO REQUEST NO. 1</u>:**

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

**<u>REQUEST NO. 2</u>:**

All statements which were previously made by this party and any of her present or former directors,
officers, or employees, concerning the action or its subject matter.

**<u>RESPONSES AND OBJECTIONS TO REQUEST NO. 2</u>:**

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

**<u>REQUEST NO. 3</u>:**

All documents (including, but not limited to, correspondence, notes, memoranda, and journal
entries) which relate to, describe, summarize, or memorialize any communication between you

and Claudia Engelhorn, or anyone known or believed by you to have been acting under the authority of Claudia Engelhorn, concerning the occurrence

**RESPONSES AND OBJECTIONS TO REQUEST NO. 3:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 4:**

All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Maryland Rule 2-504(b)(1)(B) or in connection with any witness identified in your Answers to Interrogatories.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 4:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 5:**

All contracts or agreements entered into between you and any of the Plaintiffs regarding an investment in your entity, including, but not limited to, an investment in the amount of $350,000.00.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 5:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 6:**

All documents concerning any release, settlement, or other agreement, formal or informal, pursuant to which the liability of any person or any entity for damage arising out of the occurrence which is the subject matter of this lawsuit has been limited, reduced, or released in any manner. This request includes all agreements by one party or person to indemnify another party or person for claims asserted in this litigation.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 6**:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 7:**

All insurance policies under which a person carrying on an insurance business might be liable to pay to you or on your behalf all or part of the damages sought in this action.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 7**:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 8:**

All documents received from or provided to any other party to this action or received from any third-party since the filing of the Complaint, whether provided informally or in response to a formal request.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 8**:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

## REQUEST NO. 9:

All documents referred to in the Complaint and other pleadings, as the word "pleadings" is defined
in Fed. R. Civ. P. 7(a).

## RESPONSES AND OBJECTIONS TO REQUEST NO. 9:

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

## REQUEST NO. 10:

For each interrogatory set forth in Plaintiff Claudia Engelhorn's Interrogatories to you, produce all
documents which you relied upon, consulted or used in any way in answering such interrogatories.

## RESPONSES AND OBJECTIONS TO REQUEST NO. 10:

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

## REQUEST NO. 11:

All documents that contain or otherwise relate to the facts or information that you contend refute,
in any way, the allegations contained in the Complaint in this action.

## RESPONSES AND OBJECTIONS TO REQUEST NO. 11:

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 12:**

Please produce the current resume of every expert witness you may call to testify at trial through live or deposition testimony.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 12:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 13:**

Please produce the current resume of every expert used for consultation who is not expected to testify at trial (through either live or deposition testimony) if the expert's work product forms a basis, either in whole or in part, of any opinions of an expert who you may have testify at trial through live or deposition testimony.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 13:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 14:**

Please produce all documents and tangible things, including all tangible reports, physical models, maps, compilations of data and other material sent to, reviewed by or prepared by every expert you may call to testify at trial or by live or deposition testimony that concerns any aspect of this lawsuit.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 14:**

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 15:**

Please produce material provided to, reviewed by, generated by, or prepared by every expert used
for consultation even if it was generated or prepared in anticipation of litigation or for trial if it
forms a basis either in whole or in part of the opinion of an expert who you may call to testify at
trial through live or deposition testimony. This request includes all invoices or bills generated by
said expert(s).

**RESPONSES AND OBJECTIONS TO REQUEST NO. 15:**

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 16:**

Please produce all correspondence or communication between you and any party to this lawsuit
that were generated or created prior to the date this lawsuit was filed.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 16**:

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 17:**

If you have entered into a settlement agreement with any party to this lawsuit, please produce that
settlement agreement.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 17:**

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 18:**

Please produce any and all insurance policies that you may call upon to respond to any potential
judgment against you in this lawsuit.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 18**:

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 19:**

Please produce any and all contractual indemnity agreements you may call upon to respond to any
potential judgment against you in this lawsuit.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 19:**

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 20:**

Please produce any emails with Erik Bolog.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 20**:

In addition to the General Objections set forth above, the Defendant specifically objects to

this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents

related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which

have now been stayed pending resolution of the Petition and any subsequent arbitration.

## REQUEST NO. 21:

Please produce any emails with any attorney ever affiliated with Whiteford, Taylor & Preston, LLP.

## RESPONSES AND OBJECTIONS TO REQUEST NO. 21:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

## REQUEST NO. 22:

Please produce any bank statements showing your receipt of $350,000 from any of the Plaintiffs and its current whereabouts.

## RESPONSES AND OBJECTIONS TO REQUEST NO. 22:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

## REQUEST NO. 23:

Please produce all bank statements for every bank account maintained by you from October 1, 2021 to present date.

## RESPONSES AND OBJECTIONS TO REQUEST NO. 23:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 24:**

Please produce all bank statements evidencing the present whereabouts of the $350,00.00 transmitted to you by Plaintiff(s).

**RESPONSES AND OBJECTIONS TO REQUEST NO. 24**:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 25:**

All documents, including, but not limited to, emails, letters, memoranda, statements, and communications, related to the handling, disbursement, or transfer of any monies that came into your possession from any of the Plaintiffs.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 25:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 26:**

All documents evidencing any of the Plaintiffs receiving something of value in exchange for the $350,000.00 transfer to Darnestown Road, Inc.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 26**:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 27:**

Any joint defense agreement entered into between the Defendants in this action.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 27**:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 28:**

Any documents evidencing Erik Bolog's receipt of monies from Darnestown Road, Inc.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 28**:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 29:**

All documents evidencing any monetary gift, payment, or transfer of funds received by you from any of the Plaintiffs, including but not limited to bank statements, receipts, and written acknowledgments.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 29**:

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 30:**

Bank statements, wire transfer records, and other financial documents showing the transfer of funds from any of the Plaintiffs to you, and subsequently from you to any individual, business or trust.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 30:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 31:**

All written and electronic communications, including emails, letters, and text messages, between you and any third parties (including but not limited to business partners and financial institutions) regarding the use of any of the Plaintiffs' monies for investment in your business.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 31:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 32:**

Any documents which evidence, refer or relate to the incorporation of your entity being handled by Whiteford, Taylor & Preston, LLP.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 32:**

In addition to the General Objections set forth above, the Defendant specifically objects to this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which have now been stayed pending resolution of the Petition and any subsequent arbitration.

**REQUEST NO. 33:**

Any documents which evidence, refer or relate to you being represented by Whiteford, Taylor &
Preston, LLP.

**RESPONSES AND OBJECTIONS TO REQUEST NO. 33**:

In addition to the General Objections set forth above, the Defendant specifically objects to
this Request on the grounds set forth in General Objection No. 1 that this Request seeks documents
related to claims subject to mandatory arbitration under the Whitewater Trust Agreement, which
have now been stayed pending resolution of the Petition and any subsequent arbitration.

Dated:  April 24, 2025

As to objections:

Respectfully submitted,

CADWALADER, WICKERSHAM & TAFT LLP

Respectfully,

Douglas F. Gansler (Bar Number: 8912180208)
J.B. Howard (Bar Number: 9106200125)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300
j.b.howard@cwt.com

*Counsel for Defendant Darnestown Road, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of April, 2025, a copy of the foregoing was

served electronically via Electronic Mail upon counsel of record, and remaining parties served

via first class mail.

<u>**Counsel of Record Served via Electronic Mail:**</u>
Wes P. Henderson
**Henderson Law, LLC**
2127 Espey Court
Suite 204
Crofton, MD 21114
*Counsel for Plaintiffs Claudia Engelhorn; Claudia Engelhorn, Trustee; and White Pearl, LLC*

John J. Connolly
William J. Murphy
Kirk E. MacKinnon Morrow
**Zuckerman Spaeder LLP**
100 East Pratt Street
Suite 2440
Baltimore, MD 21202
*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

<u>**Parties Served Via First Class Mail:**</u>
**Tenacity Investments, LLC**
S/O: Mike Postal
7333 New Hampshire Avenue, Unit 103
Takoma Park, MD 20912

**Michael Postal**
4302 Broken Arrow Court
Apt. 606
Clinton, MD 20735

**Swain Landing LaPlata JC, LLC**
S/O: Anjon Jones
4302 Broken Arrow Court
Clinton, MD 20735

**POJO LaPlata LLC**
S/O: Anjon Jones
4302 Broken Arrow Court, Apt. 606
Clinton, MD 2073

Respectfully,

Douglas F. Gansler (8912180208)
J.B. Howard (9106200125)
Cadwalader, Wickersham & Taft LLP
1919 Pennsylvania Ave N.W.
Washington D.C. 20006
Douglas.Gansler@cwt.com
Telephone: (202) 862-2300
j.b.howard@cwt.com

*Counsel for Defendant Darnestown
Road, Inc.*