**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **CLAUDIA ENGELHORN**<br>1727 Kingsbury Drive,<br>Nashville, Tennessee 37215<br><br>    *Plaintiff*<br><br>v.<br><br>**ERIK D. BOLOG**<br>9312 Chesley Road<br>Potomac, Maryland 20854<br><br>    and<br><br>**ERIK D. BOLOG, AS TRUSTEE OF THE<br>JAREB IRREVOCABLE TRUST<br>AGREEMENT DATED OCTOBER 11, 2021**<br>The Bolog Law Group<br>1763 Columbia Road, NW, Suite 450N<br>Washington, DC 20018<br><br>    and<br><br>**WHITEFORD, TAYLOR & PRESTON, LLP**<br>Seven St. Paul Street<br>Suite 1900<br>Baltimore, Maryland 21202<br>        Serve On:<br>        Resagent, Inc.<br>        Seven St. Paul Street<br>        Suite 1900<br>        Baltimore, Maryland 21202<br><br>    *Defendants*. | **Chapter 11 Case No.: 24-184-ELG**<br>**Adv. Proc. No. 25-10044-ELG**<br>United States Bankruptcy Court for<br>the District of Columbia<br><br><br><br><br><br>**Case No.:**    **C-24-CV-24-002631**<br>Circuit Court for Baltimore City,<br>Maryland |

**THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Claudia Engelhorn, files this Third Amended Complaint and Demand for Jury

Trial against Erik D. Bolog, Individually and as Trustee of the JAREB Irrevocable Trust

Agreement Dated October 11, 2021, and Whiteford, Taylor & Preston, LLP, and respectfully states

as follows:

## PARTIES

1.     That Plaintiff, Claudia Engelhorn ("Plaintiff"), is a citizen of the State of Tennessee.

2.     That Plaintiff, Claudia Engelhorn, is the Trustee for the Whitewater Revocable Trust dated September 30, 2021, as amended ("Whitewater").

3.     That Plaintiff and Whitewater are the former clients of attorney Erik D. Bolog, Esquire, and the law firm of Whiteford, Taylor & Preston, LLP.

4.     That Defendant, Erik D. Bolog ("Defendant Bolog"), is, and at all times relevant hereto, an attorney licensed to practice law in Maryland, Virginia, and the District of Columbia. Defendant Bolog served as a Trustee of Whitewater until Plaintiff amended and restated Whitewater on November 3, 2022, thereby removing Defendant Bolog as a Trustee of Whitewater. Upon information and belief, Defendant Bolog resides at 9312 Chesley Road, Potomac, Maryland 20854.  Defendant Bolog is, and at all times relevant hereto was, the Trustee for the JAREB Irrevocable Trust Agreement Dated October 11, 2021.

5.     That Defendant, Whiteford, Taylor & Preston, LLP (hereinafter "Defendant WTP"), is, and at all times relevant hereto, was a limited liability partnership formed under the laws of the State of Maryland.  Defendant, Whiteford, Taylor & Preston, LLP, operates as a law firm, with its principal place of business in Baltimore City, Maryland.  At all relevant times, Defendant WTP was the employer and/or the actual and/or apparent principal of Defendant Bolog and the other attorneys identified herein.  At all relevant times, Defendant Bolog and the other attorneys identified herein were the actual and/or apparent agents of WTP, and WTP made representations to this effect to the public, including Plaintiff, who reasonably relied upon them.

6.     That, at all times relevant hereto, Defendant Bolog was a Senior Counsel and/or Partner with Defendant WTP.

## JURISDICTION AND VENUE[1]

7.      That jurisdiction is proper in the Circuit Court of Maryland pursuant to Md.  Code Ann., Cts. & Jud. Proc. § 1-501, § 6-102(a), and § 6-103(b)(1)-(5).

8.      That jurisdiction is also proper in the Circuit Court of Maryland under Md. Code Ann., Est. & Trusts § 14.5-202.

9.      That venue is proper in Baltimore City, Maryland, under Md.  Code Ann., Cts. & Jud. Proc. § 6-201(a), §6-201(b), and §6-202(8).  To the extent that any of the Defendants are found to be nonresidents, then venue would also be proper under Md.  Code Ann., Cts. & Jud. Proc. § 6-202(11).

10.      That the Circuit Courts in Maryland have jurisdiction to declare the parties' "rights, status, and other legal relations whether or not further relief is or could be claimed."  Md.  Code Ann., Cts. & Jud. Proc. § 3-403.

## FACTUAL BACKGROUND

11.      That, at all times relevant hereto, Defendant Bolog was an attorney licensed in Maryland, the District of Columbia, and Virginia, practicing law with Defendant WTP, and was a Senior Counsel and/or Partner at WTP.

12.      That Defendant WTP has a long-standing relationship with Defendant Bolog, which has taken various forms, as Defendant Bolog has been one of the Senior Counsel and/or Partners at Defendant WTP, one of its clients, and one of its co-counsel.

13.      That Defendant WTP knew or should have known that Defendant Bolog had a financial history significant for failing to timely pay his debts, not being able to pay casino debts,

---

[1] This action is currently pending before the United States Bankruptcy Court for the District of Columbia. Plaintiff does not believe jurisdiction and venue are proper in the United States Bankruptcy Court for the District of Columbia, and that remand or abstention to the Circuit Court for Baltimore City are proper.

failing to timely pay his taxes, and converting monies for which he was not entitled, as evidenced by the following matters:

      a.     The Harbor School Corporation sued Defendant Bolog in the District Court of Maryland for Montgomery County, arising from his failure to pay an $80.00 debt, which resulted in a judgment for $90.00 after the inclusion of a filing fee. *See* Case No.: 0602-0006927-2002.

      b.     The State of Maryland filed a Certification of Assessment and Tax Lien under the Maryland Unemployment Law in the amount of $397.88 on January 26, 2006. *See* Case No.: 268674-V.

      c.     The Law Offices of William Johnson sued My New Hampshire, LLC, Defendant Bolog, and his long-time friend and business partner, Michael Postal, on November 23, 2009, in the United States Bankruptcy Court for the District of Columbia ("USDC Action"). That it was alleged in the USDC Action that Defendant Bolog and Mr. Postal had acquired shares of the Metropolitan Cooperative Association and became shareholders therein. It was further alleged that Defendant Bolog and Mr. Postal had become guarantors on a retainer agreement entered into by Metropolitan Cooperative Association, but that they failed to pay the sums allegedly due as guarantors. Defendant Bolog and Mr. Postal were represented by several attorneys from Defendant WTP in the USDC Action. The USDC Action appears to have resulted in a settlement.

      d.     The United States of America filed a Federal tax lien against Defendant Bolog in the Circuit Court for Montgomery County on March 15, 2010, in the amount of $7,218.00. *See* 87230F.

e.      On or about March 21, 2013, James Westenhoefer, the Chapter 7 Trustee in

*In Re Brenda Kay Brown* filed a Complaint sounding in fraud and other allegations against

Defendant Bolog and The Bolog Firm in the United States Bankruptcy Court for the

Eastern District of Kentucky, Pikesville Division ("EDK Action").   *See* Case No.: 13-

07009.  In that Complaint, Defendant Bolog was sued because he "wrongfully converted

and transferred property of the [bankruptcy] Estate" to himself and others.   Defendant

Bolog and The Bolog Firm settled the claims against them.  The Bolog Firm is a law firm

that Defendant Bolog owned and operated before joining Defendant WTP.[2]

f.      The Takoma Overlook Condominium Association, Inc., sued Defendant

Bolog and Michael Postal, among others, in the Circuit Court for Montgomery County,

Maryland, on March 25, 2015.   *See* 402700-V.   Julianne E. Dymowski, Esquire of

Defendant WTP, represented Messrs. Postal and Bolog in that matter.

g.      Congressional Bank sued Erik and Debra Bolog in the matter of

*Congressional Bank v. Debra Bolog, et al*., on May 8, 2018, in the Circuit Court for

Montgomery County.  *See* Case No.: 447498.

h.      Harrah's Philadelphia Casino & Racetrack sued Defendant Bolog on or

about September 23, 2019, for $34,007.81, in the matter of *Chester Downs & Marina, LLC*

*d/b/a Harrah's Philadelphia Casino & Racetrack v. Erik Bolog*, Case No.: CV-2019-

007910, in the Court of Common Pleas for Delaware County, Pennsylvania.   The

---

[2] That, on or about January 13, 2014, Mr. Westenhoefer filed a separate Complaint, this time against Whiteford, Taylor & Preston, LLP.  *See* Case No.: 14-07006-acs in the United States Bankruptcy Court for the Eastern District of Kentucky, Pikesville Division (EDK Action #2).   In that Complaint, Mr. Westenhoefer alleged that Defendant Whiteford, Taylor & Preston, LLP had failed to disclose a known, ongoing relationship with Defendant Bolog.  In that case, it was alleged that the Whiteford, Taylor & Preston, LLP had converted the Debtor's property and had engaged in other fraudulent activity.  Mr. Westenhoefer sought for the Court to order Defendant WTP "to turn over immediately to the Trustee the $50,000.00 paid to Defendant WTP by the Debtor…"  Ultimately, the Court entered an Order and Judgment Approving Settlement Agreement pursuant to Bankruptcy Rule 9019 wherein Whiteford, Taylor & Preston, LLP had a judgment entered against it for $50,000.00.

Complaint alleged that Mr. Bolog failed to repay the casino. The parties submitted the matter to arbitration.

i.     On January 18, 2021, Ceasars Riverboat Casino, LLC sued Defendant Bolog in the matter of *Caesars Riverboat Casino, LLC v. Erik Bolog,* Case No.: 45D03-2101-CC-000544, in the Superior Court for Lake County, Indiana for failing to pay his debt to the casino.

j.     American Express National Bank filed a lawsuit against Defendant Bolog for an unpaid debt in the amount of $16,081.54 on September 23, 2019, in the Superior Court of the District of Columbia, Case No.: 2019 CA 006319 C.  American Express National Bank identified Defendant Bolog's address as being Defendant WTP's D.C. office, 1800 M Street, NW, #450N, Washington, DC 20036.

k.     American Express National Bank filed a second separate lawsuit against Defendant Bolog seeking $74,491.64 on September 25, 2019, in the Superior Court of the District of Columbia, Case No.: 2019 CA 006316 C.  American Express National Bank identified Defendant Bolog's address as being Defendant WTP's D.C. office, 1800 M Street, NW, #450N, Washington, DC 20036.

l.     That American Express National Bank served Defendant Bolog in person at WTP's D.C. office.

14.    That, after both Defendants Erik D. Bolog and Whiteford, Taylor & Preston, LLP settled the claims asserted against them in the EDK Action and EDK Action #2 for conversion and fraudulent activity, Defendant WTP brought Defendant Bolog on as an attorney at its firm, despite having express knowledge as to his financial issues and conversion of monies that did not belong to him and other fraudulent behavior.

15.     That beginning as early as September 2020, Defendant Bolog began billing the Plaintiff and Whitewater, through WTP, for extravagant and unusual expenditures. For example, in January 2021 and June of 2021, Defendant Bolog submitted expenses for $11,154.52 and $29,491.89 for stays at the Ritz-Carlton Kapal, in Hawaii, which WTP initially billed to Ms. Engelhorn. Defendant Bolog also presented an extensive series of travel, dining, and other expenses occurring in June through September 2021 with no associated attorney time, for which he provided WTP no explanation.

16.     That, based on its representation of Defendant Bolog and publicly available information regarding Defendant Bolog's repeat failure to timely pay his debts and conversion of monies, Defendant WTP knew or should have known that Defendant Bolog would be at risk to misuse client funds and taking other nefarious actions to raise monies to cover his fraudulent actions and address his financial distress.   Defendant Bolog's failure to live within his means, satisfy his debts, and meet financial obligations were examples of his poor self-control, lack of judgment, and/or unwillingness to abide by rules and regulations, all of which should have alerted Defendant WTP as to the patent issues concerning Defendant Bolog's reliability, trustworthiness, and ability to competently oversee the monies of clients and third parties.   Defendant Bolog, as an individual who was financially overextended, was at greater risk of engaging in illegal or fraudulent acts to generate money.

17.     That Defendant WTP not only knew or should have known of the risks associated with having Defendant Bolog oversee client monies, but it actually placed him in a position to misuse such monies and facilitated his doing so by drafting documents that made him a trustee for the two separate trusts identified herein.

**Fraudulent $10 Million "Gift"**

18.    That Plaintiff retained Defendant WTP on an hourly fee basis to represent her with respect to a legal dispute.

19.    That Defendant WTP assigned Defendant Bolog to work on Plaintiff's legal dispute and/or Defendant Bolog offered to do so, and Defendant WTP permitted him to do so.

20.    That the legal dispute resulted in Plaintiff receiving a monetary settlement.

21.    That Plaintiff paid Defendant WTP all of the undisputed fees and expenses due and owing with respect to its representation of her.  There is no balance due and owing to Defendant WTP.

22.    That the proceeds of the settlement arising from the legal dispute were wired to Defendant WTP's escrow account and/or Interest on Lawyers' Trust Account ("IOLTA").

23.    That all three jurisdictions in which Defendant Bolog is licensed to practice law have certain prohibitions and restrictions against soliciting and/or receiving gifts from clients, as set forth below:

<u>Maryland</u>

An attorney shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the attorney or a person related to the attorney any substantial gift unless the attorney or other recipient of the gift is related to the client.  For purposes of this section, related persons include a spouse, child, grandchild, parent, grandparent or other relative or individual with whom the attorney or the client maintains a close, familial relationship.

Md. Rule 19-301.8(c).

<u>District of Columbia</u>

A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer any substantial gift from a client, including a testamentary gift, except where the client is related to the donee.  For purposes of this paragraph, related persons include a spouse, child, grandchild, parent, grandparent or other relative or

individual with whom the lawyer or the client maintains a close familial relationship.

D.C. Bar Appx. A, Rule 1.8(b).

Commonwealth of Virginia

A lawyer shall not solicit, for himself or a person related to the lawyer, any substantial gift from a client including a testamentary gift. A lawyer shall not accept any such gift if solicited at his request by a third party. A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer any substantial gift from a client, including a testamentary gift, unless the lawyer or other recipient of the gift is related to the client. For purposes of this paragraph, a person related to a lawyer includes a spouse, child, grandchild, parent, or other relative or individual with whom the lawyer or the client maintains a close, familial relationship.

Va. Sup. Ct. R. pt. 6, sec. II, 1.8(c).

24.    That, on September 9, 2021, MaryEllen Willman, Esquire of Defendant WTP, recorded a time entry that was billed by Defendant WTP to Plaintiff for drafting a "revocable trust." It is believed that Ms. Willman was billing for the drafting of the Whitewater Revocable Trust dated September 30, 2021.

25.    That, at or near this same time, Defendant Bolog and/or other attorneys at Defendant WTP coordinated the establishment of a bank account ending in 4855 in the name of Whitewater, and used Defendant WTP's office located at 1800 M Street, NW, Suite 450N, Washington, DC 20036-5869 to receive account statements.

26.    That Defendant Bolog, individually and as an agent or employee of Defendant WTP, coordinated the delivery of the settlement proceeds via wire to Defendant WTP's escrow and/or IOLTA. On or about September 27, 2021, the settlement proceeds were wired to Defendant WTP's escrow and/or IOLTA.

27.    That, on or about September 30, 2021, Plaintiff , with the assistance of Defendant WTP, and its attorneys, established the Whitewater Revocable Trust dated September 30, 2021,

and named Defendant Bolog as one of the Trustees.  Attorneys at Defendant WTP had drafted the Whitewater Revocable Trust dated September 30, 2021.

28.     That, on or about October 7, 2021, Defendant WTP wired approximately $11 million of the settlement proceeds to Plaintiff's personal Bank of America account and the remainder to the Plaintiff's Trust's savings account.

29.     That, on or about October 11, 2021, Defendant Bolog, with the assistance of other lawyers at Defendant WTP, established the JAREB Irrevocable Trust, with Plaintiff as the Grantor and Defendant Bolog as the Trustee, and to be governed by the laws of the State of Maryland. That WTP charged Plaintiff for their time drafting documents to establish the JAREB Irrevocable Trust or, at a minimum, recorded time entries for such services.  The JAREB Irrevocable Trust authorized Defendant Bolog, in his sole and absolute discretion as trustee, to distribute the net income and principal of this Trust to himself.  According to the terms of this Trust, at Defendant Bolog's death, the remaining trust property would be equally distributed to his children.  The JAREB Irrevocable Trust claimed that Plaintiff, as grantor, transferred and delivered $10 million to the JAREB Irrevocable Trust.  That said funds were transferred from a bank account owned by Plaintiff.

30.     That, on or about October 11, 2021, Plaintiff was vacationing in Hyannis, Massachusetts, when Defendant Bolog arrived and advised her that he needed something signed and notarized.  Defendant Bolog travelled to and from Hyannis and billed Plaintiff for his travel expenses through WTP.  Defendant Bolog then stayed overnight at Ms. Engelhorn's two-story vacation residence with Ms. Engelhorn. Defendant Bolog directed Plaintiff to sign numerous documents on October 11, 2021.

31.     According to the testimony of the Notary, Sarah Mayo, the dining room table of Ms. Engelhorn's residence was covered with documents for the Plaintiff to sign on October 11, 2021.  Three of these documents form the basis of this suit.  When the documents were presented to Ms. Engelhorn by Defendant Bolog, they were flipped to the execution page(s) with the remainder of any multi-page document folded underneath the signature page.  Unbeknownst to Plaintiff, Defendant Bolog tricked Plaintiff into signing the JAREB Irrevocable Trust Agreement dated October 11, 2021, a Notice of Gift for an irrevocable trust for Defendant Bolog's benefit, and wire instructions to transfer money from Plaintiff's personal account to Defendant Bolog's irrevocable trust, *i.e.*, the JAREB Irrevocable Trust Agreement dated October 11, 2021.  Defendant Bolog did not explain the documents to Plaintiff, did not offer her the opportunity to first read them, and lulled her into believing the documents concerned routine matters requiring her signature.  Plaintiff trusted and relied on Defendant Bolog and, as a result, signed the documents. At the time Plaintiff signed these documents, she neither intended to give a gift to Defendant Bolog nor transfer any money to him or the JAREB Irrevocable Trust; she did not read the documents and was unaware that she was gifting or transferring $10 million to Defendant Bolog or the JAREB Irrevocable Trust at the time she signed the aforementioned documents.

32.     That Notice of Gift, prepared by Defendant Bolog, falsely represents that Defendant Bolog "begged" Plaintiff to retain independent counsel to provide her with independent legal advice with respect to the $10 million gift.  The Notice of Gift is dated and signed on the same date, such that there would not have been an opportunity for Plaintiff, Claudia Engelhorn, while on vacation, to consult with independent counsel had she even realized what she was signing on October 11, 2021.

33.     That Maryland Rule 19-301.8(c) provides that: "An attorney shall not solicit any substantial gift from a client, including a testamentary gift, or prepare on behalf of a client an instrument giving the attorney or a person related to the attorney any substantial gift unless the attorney or other recipient of the gift is related to the client.  For purposes of this section, related persons include a spouse, child, grandchild, parent, grandparent, or other relative or individual with whom the attorney or the client maintains a close, familial relationship."  That Maryland Rule 19-301.8(c) is conceptually the same as Rule 1.8 of the D.C. Rules of Professional Conduct. Defendant Bolog is not related to Plaintiff.

34.     That Plaintiff did not intend to give Defendant Bolog, his family, or the JAREB Irrevocable Trust a $10 million gift.  Further, Defendant Bolog did not advise Plaintiff to obtain independent counsel, and Plaintiff did not retain independent counsel before signing the Notice of Gift, nor could they have.

35.     That had Defendant Bolog explained to Plaintiff what she was actually signing, that it was an irrevocable transfer of $10M to Mr. Bolog, and that she needed independent counsel, Plaintiff would have obtained such counsel.  She would not have signed the documents, would have retained independent counsel, and would not have made a $10 million gift.  After Plaintiff realized that Defendant Bolog had defrauded her into making a gift of $10M, Plaintiff sent an email on July 6, 2022, demanding a return of the money.  Defendant Bolog has refused to return the $10M to Plaintiff.

36.     That Defendant Bolog knew the Notice of Gift, JAREB Irrevocable Trust, and wire instructions contained false statements, namely that Plaintiff intended to make a $10 million gift and transfer said funds to the JAREB Irrevocable Trust, or, at a minimum, he was recklessly

indifferent to the truth, and Defendant Bolog made and used these false statements and documents for the purpose of defrauding Plaintiff.

37. That, as a result of the $10M transfer to the JAREB Irrevocable Trust, which Defendant Bolog falsely characterized as a gift, Plaintiff could be subjected to significant federal estate and gift taxes. Defendant Bolog failed to advise Plaintiff concerning these tax implications.

38. That, as a direct and proximate result of Defendant Bolog's material misrepresentations and omissions, as described above, Defendant Bolog and/or the JAREB Irrevocable Trust Agreement Dated October 11, 2021, fraudulently obtained $10 million from Plaintiff, thus causing Plaintiff to suffer $10 million in damages, not to mention the loss of use of these funds.

39. That, despite Plaintiff's written demand for a return of the $10 million, Defendant Bolog has refused to return the $10M.

40. That it was not until after JAREB received the $10M that Defendant Bolog paid off his various casino and credit card debts. For example, he appears to have settled his debt with Caesars Riverboat Casino, LLC, resulting in a voluntary dismissal of the action on or about April 27, 2022.[3] On September 12, 2022, Counsel for American Express Bank N.A. informed the Court that it had reached a settlement with Defendant Bolog and was awaiting his execution of a settlement agreement. Shortly thereafter, American Express Bank, N.A., dismissed both its actions.

41. That after the transactions complained of hereinabove, Defendant Bolog continued to charge Ms. Engelhorn exorbitant costs for meals and stays at the Ritz-Carlton in Hawaii and New York City. Defendant Bolog also continued charging a series of travel, meal, and lodging

---

[3] It is unclear when or how the Harrah's Philadelphia Casino & Racetrack resolved after the parties agreed to arbitrate said matter.

expenses for which he provided WTP with no explanation and for which he did not have any associated attorney time entries.

## CAUSES OF ACTION

### COUNT I – FRAUD
(Plaintiff v. Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, and Defendant WTP)

42.     That Plaintiff adopts and incorporates by reference all paragraphs above as if fully set forth herein.

43.     That, beginning in or about early October 2021, Defendant Bolog intentionally defrauded Plaintiff by embezzling and misappropriating $10 million belonging to Plaintiff by making and using false statements, documents, and misrepresentations.

44.     That Defendant Bolog tricked and deceived Plaintiff by lulling her into believing that she was signing routine legal documents, whereas she was signing a Notice of Gift, the JAREB Irrevocable Trust Agreement Dated October 11, 2021, and wire instructions, which documents affected a transfer of $10 million to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, by misrepresenting they were routine matters requiring her signature.

45.     That, unbeknownst to Plaintiff, at the time, these documents falsely represented that Plaintiff desired to make a $10 million gift to Defendant Bolog and directed the transfer of said funds to the JAREB Irrevocable Trust Agreement Dated October 11, 2021.  At the time Defendant Bolog made, presented to Plaintiff, and used these documents to transfer the $10 million from Plaintiff's bank account to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, he was her attorney, not related to her, and knew these documents contained these false statements and misrepresentations, or he made them with reckless indifference to the truth.

46.    That Defendant Bolog made these misrepresentations for the purpose of defrauding Plaintiff.

47.    That Plaintiff justifiably and reasonably relied on Defendant Bolog's misrepresentations and had the right to rely upon them with full belief of their truth.  Plaintiff would not have transferred $10 million to Defendant Bolog or the JAREB Irrevocable Trust Agreement Dated October 11, 2021, if Defendant Bolog had not made these misrepresentations.

48.    That, as a direct and proximate consequence of Defendant Bolog's misrepresentations, as set forth above, $10 million was wired from Plaintiff's personal bank account to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, causing Plaintiff to suffer at least $10 million in damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants Bolog and WTP, jointly and severally, for compensatory damages in the amount of Ten Million Dollars ($10,000,000), punitive damages in the amount of $20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT II – NEGLIGENT HIRING AND RETENTION
(Plaintiff v. Defendant WTP)

49.    That Plaintiff adopts and incorporates by reference all paragraphs above as if fully set forth herein.

50.    That Defendant WTP had a duty to use reasonable care to select attorneys to work with it who were competent and fit to perform the duties of an attorney.  That Defendant WTP had a duty to ensure that it retained counsel that were fit for their duties and that there were measures in place to give reasonable assurance that attorneys, such as Defendant Bolog, were conforming to the applicable Rules of Professional Conduct and not otherwise scheming to defraud their clients.  Defendant WTP had actual knowledge as to Defendant Bolog's financial issues, casino

debts, credit card debts, and conversion of monies (for which WTP was forced to pay $50,000). A reasonable and prudent employer would not have ignored such indications of Defendant Bolog's unfitness for such duties as acting as a Trustee on a client's trust and representing a client wherein the attorney would have oversight of client funds. Defendant WTP knew or should have known that Defendant Bolog would be likely to interact with and represent clients of the firm. Plaintiff was a member of the public who would foreseeably come into contact with Defendant Bolog based on his employment or agency with Defendant WTP. Therefore, Defendant WTP owed such duties to Plaintiff and Whitewater, and such duties were breached.

51.    That Defendant WTP knew or should have known that Defendant Bolog was routinely in financial distress and had a propensity to misuse and/or convert the funds of clients' funds for his own benefit, particularly since Defendant Bolog and Defendant WTP had previously engaged in such nefarious behavior together. Because of Defendant Bolog's financial woes and conversion of monies belonging to another, the likelihood of the risk of his stealing from a client, such as Plaintiff, was foreseeable. Defendant WTP knew, or should have known, that Defendant Bolog was not competent or fit for the duties of an attorney, trustee, or other representative of its firm interacting with clients. Defendant WTP breached its duty to use reasonable care to select an employee that was competent and fit for the position.

52.    That, as a direct and proximate result of Defendant WTP's negligence in hiring and retaining Defendant Bolog, Plaintiff was injured and damaged as alleged.

53.    That Defendant WTP made no attempt to oversee Defendant Bolog's handling of Plaintiff and Whitewater's monies, to alert Plaintiff as to Defendant Bolog's history of converting client funds, or to otherwise mitigate the damage that Defendant Bolog's conversion of Plaintiff's funds could have on Plaintiff.

54.     That Defendant WTP's negligence was the proximate cause of the Plaintiff's injuries and damages.  But for Defendant WTP's negligence and breach of the standard of care, the Plaintiff would not have worked with or continued to work with Defendant Bolog, or allowed Defendant Bolog to have access to her or Whitewater's monies, such that he would not have been placed in the position of executing a fraudulent Notice of Gift and other documents.

55.     That Plaintiff did not cause or contribute to the injuries complained of herein.

WHEREFORE, Plaintiff demands judgment against Defendant WTP, for compensatory damages in an amount in excess of Ten Million Dollars ($10,000,000), plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT III – LEGAL MALPRACTICE/NEGLIGENCE[4]
(Plaintiff v. Defendants Bolog and WTP)

56.     That Plaintiff adopts and incorporates by reference all paragraphs above as if fully set forth herein.

57.     That, at all times relevant to this Complaint, Plaintiff and Whitewater Trust maintained an attorney-client relationship with Defendants Bolog, Defendant WTP, and other lawyers at Defendant WTP.  That attorneys at Defendant WTP entered time entries for working on the following matters ostensibly on behalf of Plaintiff, but which were really for the purpose of creating and establishing Defendant Bolog's JAREB Irrevocable Trust:

      a.     On October 5, 2021, Shane D. Smith, Esquire of Defendant WTP, recorded a time entry for "draft[ing] of irrevocable trust agreement," *i.e.*, the JAREB Irrevocable Trust Agreement Dated October 11, 2021;

---

[4] Formerly Count VI of the Second Amended Complaint.

b. On October 5, 2021, MaryEllen Willman, Esquire of Defendant WTP, recorded a time entry for: "Drafted springing power of attorney and transmitted to E. Bolog; Responded to emailed questions regarding estate planning documents."

c. On October 6, 2021, David J. Baker, Esquire of Defendant WTP, entered a time entry for: "Prepare Form SS-4 and 3rd Party Authorization Forms to obtain EIN for Irrevocable Trust."

d. On October 6, 2021, Mr. Smith entered time for: "Finalize Draft of Irrevocable Trust; Forward Same to Ms. Willman."

e. On October 6, 2021, Ms. Willman entered time for: "Reviewed Irrevocable Trust Prepared by Shane Smith; Emailed Trust to E. Bolog; Drafting Springing General Durable Power of Attorney."

f. On October 7, 2021, Mr. Bolog entered time for: "Send Trust Agreement to Bank of America to Confirm Form is Acceptable to BOA."

58. That, as a result of the attorney-client relationship between Plaintiff and Trust, Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman, owed duties to them to exercise care and skill to comply with the accepted and reasonable standards of care for performing such services. Further, Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman owed Plaintiff and Whitewater the following duties, among others, to Plaintiff and Whitewater Trust: (a) the duty of competent representation; (b) the duty of conflict-free representation, including the prohibition against soliciting any substantial gift from a client; (c) the duty to refrain from entering into a business transaction with a client; (d) the duty to meaningfully communicate by explaining matters

to Plaintiff insofar as reasonably necessary to permit Plaintiff to make informed decisions regarding the representation; and (e) to otherwise act in accordance with the standard of care.

59.     That Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman failed to comply with the standards of care and failed to competently represent Plaintiff and Trust.

60.     That Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman failed to exercise a reasonable degree of care and skill in the performance of their duties.

61.     That Defendant Bolog, Mr. Smith, Mr. Baker, and/or Ms. Willman negligently breached their legal duties to Plaintiff by, among other ways:

    a.     Failing to advise Plaintiff that she could owe gift taxes on the alleged $10M gift;

    b.     Failing to advise Plaintiff that, in lieu of paying the gift taxes, she would have to use most of her lifetime exemption up if the $10M transfer was a gift, which would mean anything in her estate over the lifetime exemption amount is subject to a 40% tax;

    c.     Drafting the JAREB Irrevocable Trust Agreement Dated October 11, 2021, and/or the document(s) that lead to the formation of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, and the transfer of the $10M to the JAREB Irrevocable Trust Agreement Dated October 11, 2021;

    d.     Failing to ensure that Plaintiff intended to transfer $10M to the JAREB Irrevocable Trust Agreement Dated October 11, 2021;

    e.     Causing the transfer of $10M to the JAREB Irrevocable Trust Agreement Dated October 11, 2021;

     f.      Engaging in transactions on behalf of Plaintiff in matters for which Defendant Bolog maintained a financial interest or stood to benefit and in which Defendant Bolog knew or reasonably should have known that his personal financial and business interests were adverse to the object of representation, yet failing to disclose his personal interests or obtaining Plaintiff's consent; and

     g.      Undertaking and maintaining representation of Plaintiff and failing to competently conduct any due diligence related to Defendant Bolog's handling of Plaintiff's funds.

62.     That Plaintiff has collectively suffered damages of at least $10M as a direct and proximate result of the breach of the legal duties by Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman.

63.     That, at all times relevant hereto, Defendant Bolog, Mr. Smith, Mr. Baker, and Ms. Willman were acting on behalf of Defendant WTP and/or in furtherance of Defendant WTP's business interests.

WHEREFORE, Plaintiff demands judgment against Defendants Bolog and WTP for compensatory damages in an amount in excess of Ten Million Dollars ($10,000,000), plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT IV – BREACH OF FIDUCIARY DUTY[5]
(Plaintiff v. Defendant Bolog and Defendant WTP)

64.     That Plaintiff adopts and incorporates by reference all paragraphs above as if fully set forth herein.

---

[5] Formerly Count VII of the Second Amended Complaint.

65.    That, as Plaintiff's lawyer and as trustee to her Trust, Defendant Bolog stood in a fiduciary relationship to Plaintiff by way of the attorney-client relationship and the trustee relationship.

66.    That Defendant Bolog breached his fiduciary duties by, among other ways, by soliciting and preparing a Notice of Gift for $10,000,000.00; (b) engaging in self-dealing; (c) facilitating the transfer of $10,000,000.00 from Claudia Engelhorn's personal bank account to an account in the name of the JAREB Irrevocable Trust.

67.    That Plaintiff has suffered damages in excess of $10M due to Defendant Bolog's breach of his fiduciary duties.

WHEREFORE, Plaintiff demands judgment against Defendant Bolog and Defendant WTP, jointly and severally, for compensatory damages in an amount in excess of Ten Million Dollars ($10,000,000), punitive damages in the amount of $20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

## COUNT V – RESCISSION OF GIFT[6]
(Plaintiff v. Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust
Agreement Dated October 11, 2021)

68.    That Plaintiff adopts and incorporates by reference all paragraphs above as if fully set forth herein.

69.    That Defendant Bolog, as Plaintiff's attorney, owed a duty to Plaintiff to provide accurate and truthful information to Plaintiff and to explain the legal effect of Plaintiff signing the documents that caused the $10 million transfer from Plaintiff's account to the JAREB Irrevocable Trust—namely, the Notice of Gift, wire instructions, and JAREB Irrevocable Trust Agreement.

---

[6] Formerly Count VIII of the Second Amended Complaint.

70.    That Defendant Bolog caused Plaintiff to transfer $10 million to the JAREB Irrevocable Trust through fraud and intentional misrepresentations.

71.    That, as a direct and proximate result of Defendant Bolog's fraud and intentional misrepresentations, at the time Plaintiff signed the documents that caused the transfer of $10 million to the JAREB Irrevocable Trust, Plaintiff believed she was signing routine legal documents.  As a result of Defendant Bolog's words and deeds, Plaintiff was misled concerning the nature of the said documents and their legal effect.

72.    That Plaintiff has demanded that Defendant Bolog return the $10 million, which demand Defendant Bolog has refused to fulfill.

73.    That it would be unconscionable for Defendant Bolog to be permitted to retain the funds at issue, *i.e.*, $10 million.

74.    That, as a direct and proximate result of Defendant Bolog's fraud and misrepresentations, Plaintiff is entitled to rescind the $10 million "gift" that Defendant Bolog engineered for his benefit and the benefit of his children and to recover all monies paid to Defendant Bolog.

WHEREFORE, Plaintiff demands that the Notice of Gift be rescinded and to award her the return of all monies paid by Plaintiff to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, Ten Million Dollars ($10,000,000) with interest and costs.

## COUNT VI – CONSTRUCTIVE TRUST[7]
(Plaintiff v. JAREB Irrevocable Trust Agreement dated October 11, 2021)

75.    That Plaintiff adopts and incorporates by reference all paragraphs above as if fully set forth herein.

---

[7] Formerly Count IX of the Second Amended Complaint.

76.     That Defendant Bolog fraudulently caused $10 million of Plaintiff's money to be transferred to the JAREB Irrevocable Trust Agreement dated October 11, 2021.

77.     That Defendant Bolog represented Plaintiff and owed her a fiduciary duty as counsel.  Defendant Bolog breached his fiduciary duties by causing, permitting, facilitating, or otherwise allowing Plaintiff's money to be transferred to the JAREB Irrevocable Trust Agreement Dated October 11, 2021, for Defendant Bolog and his children's own personal benefit.

78.     That, under the principles of equity and good conscience, Defendant JAREB Irrevocable Trust Agreement Dated October 11, 2021, should not be permitted to retain any of Plaintiff's funds transferred by Defendant Bolog to JAREB Irrevocable Trust Agreement Dated October 11, 2021.

79.     That the JAREB Irrevocable Trust Agreement Dated October 11, 2021, has been unjustly enriched by obtaining said monies, which property rightfully belongs to Plaintiff.

80.     That Plaintiff seeks an accounting for all funds in the possession of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, since October 1, 2021, and the imposition of a constructive trust on all money transferred from Plaintiff's account to Defendant JAREB Irrevocable Trust Agreement Dated October 11, 2021.  In the alternative, Plaintiff requests that all such sums should be disgorged.

WHEREFORE, Plaintiff demands that this Honorable Court: (a) Charge upon Defendant JAREB Irrevocable Trust Agreement Dated October 11, 2021, a constructive trust for the benefit of Plaintiff; (b) Order Defendant JAREB Irrevocable Trust Agreement Dated October 11, 2021 to convey all of its right, title, and interest in said monies to Plaintiff, free of all liens, mortgages, or other encumbrances; and (c) Grant such other and further relief as the Court may claim to be necessary and proper.

## COUNT VII – DECLARATORY JUDGMENT[8]
(Plaintiff v. Defendants Bolog, Individually and as Trustee of the JAREB Irrevocable Trust
Agreement Dated October 11, 2021)

81.     That Plaintiff adopts and incorporates by reference all paragraphs above as if fully set forth herein.

82.     That, at all times relevant hereto, Defendant Bolog was an attorney licensed to practice law in Maryland, the District of Columbia, and Virginia.

83.     That, at all times relevant hereto, Defendant Bolog represented Plaintiff.

84.     That Plaintiff seeks a declaration by this Honorable Court that the alleged gift in the amount of $10M from her to Defendant Bolog, individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, was invalid as a matter of law and that Plaintiff is entitled to a return of the monies.

WHEREFORE, Plaintiff prays for entry of the declaratory judgment that the alleged gift of $10M to the JAREB Irrevocable Trust Agreement dated October 11, 2021, was invalid as a matter of law and that monies should be returned to her by Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement dated October 11, 2021, for her costs, and for such other and further relief as may be appropriate under the circumstances.

## COUNT VIII – UNJUST ENRICHMENT[9]
(Plaintiff v. Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust
Agreement Dated October 11, 2021)

85.     That Plaintiff adopts and incorporates by reference all paragraphs above as if fully set forth herein.

---

[8] Formerly Count XV of the Second Amended Complaint.
[9] Formerly Count XVI of the Second Amended Complaint.

86.     That Defendant Bolog, as Plaintiff's attorney, owed a duty to Plaintiff to provide accurate and truthful information to Plaintiff and to explain the legal effect of Plaintiff signing the documents that caused the $10 million transfer from Plaintiff's account to the JAREB Irrevocable Trust—namely, the Notice of Gift, wire instructions, and JAREB Irrevocable Trust Agreement.

87.     That Defendant Bolog caused Plaintiff to transfer $10 million to the JAREB Irrevocable Trust through fraud and intentional misrepresentations.

88.     That, as a direct and proximate result of Defendant Bolog's fraud and intentional misrepresentations, at the time Plaintiff signed the documents that caused the transfer of $10 million to the JAREB Irrevocable Trust, Plaintiff believed she was signing routine legal documents.  As a result of Defendant Bolog's words and deeds, Plaintiff was misled concerning the nature of the said documents and their legal effect.

89.     That Plaintiff has conferred a benefit on Defendants Bolog and JAREB in the amount of $10 million.

90.     That Defendant Bolog, individually, and the Trustee for JAREB, was aware of and had knowledge of, the $10 million benefit conferred by Plaintiff, as well as the dishonest means by which the funds were obtained from Engelhorn.

91.     That Plaintiff has demanded the return of the $10 million, and Defendant Bolog, individually and on behalf of JAREB, has refused to do so.

92.     That Defendant Bolog's, individually and as Trustee for JAREB, acceptance and retention of the $10 million under the circumstances described herein make it inequitable and unconscionable for Defendant Bolog and JAREB to retain the $10 million.

93.     That, at all times relevant hereto, Defendant Bolog represented Plaintiff.

94.     That client's "gifts" to attorneys are presumptively fraudulent.  Md. Rule 19-301.8 cmt.  6.

WHEREFORE, Plaintiff demands judgment against Defendant Bolog, Individually and as Trustee of the JAREB Irrevocable Trust Agreement Dated October 11, 2021, for compensatory damages in an amount in excess of Ten Million Dollars ($10,000,000), plus interest, costs of this action, and such further relief as this Court deems appropriate.

### COUNT IX – AIDING AND ABETTING BREACHES OF FIDUCIARY DUTY[10]
(Plaintiff v. Defendant WTP)

95.     That Plaintiff adopts and incorporates by reference all paragraphs above as if fully set forth herein.

96.     That Defendant WTP aided and abetted Defendant Bolog in breaching his fiduciary duties owed to the Plaintiff.

97.     That Defendant Bolog owed to Plaintiff certain fiduciary duties as set forth above.

98.     That, by committing the acts alleged herein, Defendant Bolog breached his fiduciary duties to Plaintiff.

99.     That Defendant WTP colluded in or aided and abetted Defendant Bolog's breach of his fiduciary duties and was an active and knowing participant in Defendant Bolog's breach of fiduciary duties owed to Plaintiff.

100.    That Defendant WTP participated in the breach of the fiduciary duties by Defendant Bolog for the purpose of advancing its own interests.  Defendant WTP obtained and will obtain both direct and indirect benefits from colluding or aiding and abetting the breaches by Defendant Bolog.

---

[10] Formerly Count XX of the Second Amended Complaint.

101.    Plaintiff has been irreparably injured as a direct and proximate result of the aforementioned acts.

WHEREFORE, Plaintiff demands judgment against Defendant WTP for compensatory damages in an amount in excess of Ten Million Dollars ($10,000,000), punitive damages in the amount of $20,000,000.00, plus interest, costs of this action, and such further relief as this Court deems appropriate.

Dated: January 2, 2026                              Respectfully submitted:

                                                    /s/
                                                    Wes P. Henderson, Esq. (Fed. Bar #502935)
                                                    Patrick D. Gardiner, Esq. (Fed. Bar #1630864)
                                                    HENDERSON LAW, LLC
                                                    2127 Espey Court, Suite 204
                                                    Crofton, Maryland 21114
                                                    T: (410) 721-1979
                                                    F: (410) 721-2258
                                                    wph@hendersonlawllc.com
                                                    patrick@hendersonlawllc.com

                                                    *Attorneys for Plaintiffs and Counter-Defendants*

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues and claims triable by a jury.

/s/_____
Wes P. Henderson, Esq. (Fed. Bar #502935)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January, 2026, a copy of the foregoing was

sent via CM-ECF on the following:

William J. Murphy, Esq.
John J. Connolly, Esq.
Kirk E. MacKinnon Morrow
Zuckerman Spaeder, LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202
wmurphy@zuckerman.com
jconnolly@zuckerman.com
kmackinnonmorrow@zuckerman.com

*Counsel for Defendant Whiteford, Taylor & Preston, LLP*

Maurice B. VerStandig, Esq.
9812 Falls Road, #114-160
Potomac, Maryland 20854

*Counsel for Swain Landing LaPlata JC, LLC, Debtor-in-Possession*

Douglas F. Gansler, Esq.
Matthew Karlan, Esq.
Zack Schrieber, Esq.
Cadwalader, Wickersham & Taft, LLP
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

*Counsel for Defendants Erik D. Bolog, Individually,*
*and as Trustee of The JAREB Irrevocable Trust*
*Agreement dated October 11, 2021,*
*Science Park Associates, LLC, and Darnestown Road, Inc*

AND via first-class mail, postage prepaid on the following:

Michael Postal
1801 16th Street NW, Apt 608
Washington, DC 20009

*Defendant pro se*

POJO LaPlata, LLC
4302 Broken Arrow Court, Apt 606
Clinton, MD 20735

*Defendant pro se*

Tenacity Investment, LLC
7333 New Hampshire Ave., Unit 103
Takoma Park, MD 20912

*Defendant pro se*

/s/
Wes P. Henderson, Esq. (Fed. Bar #502935)